**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHAD HATTEN,

    Plaintiff,

v.                                                                                  Case No: 8:19-cv-889-T-36TGW

TARONIS TECHNOLOGIES INC,
ROBERT L DINGESS, SCOTT
MAHONEY, ERMANNO P SANTILLI,
KEVIN POLLACK and WILLIAM W
STAUNTON,

    Defendants.

---

## <u>O R D E R</u>

This matter comes before the Court upon the parties' Joint Motion for Transfer of Case to the District of Arizona and Extension of Pending Deadlines (Doc. 19). Plaintiff filed the Complaint in this Court on April 15, 2019, alleging that venue lies in this District. Doc. 1 at ¶ 5. Nonetheless, the parties all agree that this case should be maintained in the District of Arizona because Defendant Taronis is headquartered in Arizona and Defendant Mahoney, the CEO of Taronis, is a resident of Arizona. Doc. 19 at p. 2.

A district court may transfer any civil action to any other district court where it might have been originally filed, in view of the convenience of the parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a). A court must consider two issues to determine whether transferring venue is appropriate: 1) whether the action might have been brought in the venue to which transfer is sought; and 2) whether various factors are satisfied to determine if transfer to a more convenient forum is justified. *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003).

Factors the court considers in determining the propriety of transfer include:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Here, the parties agree that the case should be transferred to the District of Arizona, Phoenix Division. Doc. 19 at p. 2. Moreover, based on the parties' allegations in the Motion, it appears that the District of Arizona is a venue in which this action could have been brought and that the convenience of the witnesses, location of relevant documents, convenience of the parties, and locus of operative facts all weigh in favor of transfer. Accordingly, the case will be transferred to the Phoenix Division of the District of Arizona.

Accordingly, it is now **ORDERED:**

1. The Joint Motion for Transfer of Case to the District of Arizona and Extension of Pending Deadlines (Doc. 19) is **GRANTED.**

2. This case is hereby **TRANSFERRED** to the Phoenix Division of the District of Arizona for all further proceedings. The Clerk is hereby directed to immediately **transfer** this case to the Phoenix Division of the District of Arizona.

3. All deadlines in this case are stayed. Defendants are not required to respond to the Complaint.

4. Responses to the Lead Plaintiff motions, to the extent not already filed, shall be filed in the District of Arizona by June 28, 2019, or within five (5) business days after the case is opened in the District of Arizona, whichever is later.

5.    Within five (5) business days after Lead Plaintiff is appointed by the presiding court in the District of Arizona, the appointed Lead Plaintiff and Defendants shall submit a schedule for the filing of an amended complaint and a briefing schedule on Defendants' response to that complaint.

**DONE AND ORDERED** in Tampa, Florida on June 21, 2019.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

3