**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
Matthew M. Guiney (*pro hac vice*)
Kevin G. Cooper (*pro hac vice*)
270 Madison Ave.
New York, NY 10016
Tel.:  212/545-4600
Guiney@whafh.com
KCooper@whafh.com

*Attorneys for Movant Kui Zhu*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Chad Hatten, on behalf of himself and all others similarly situated,

            Plaintiff,

      v.

Taronis Technologies, Inc., et al.,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.:  CV-19-4529-PHX- GMS

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF KUI ZHU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Proposed Lead Plaintiff Kui Zhu ("Movant"), submits this memorandum of law in further support of his motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (ii) approval of Movant's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel; and (iii) any other relief the Court may deem required. *See* ECF No. 15.[1]

## I.    PRELIMINARY STATEMENT

This is a federal securities class action governed by the PSLRA. The PSLRA requires that the Court appoint the movants with the greatest financial interest in the outcome of the litigation and who satisfy the requirements of Federal Rule of Civil Procedure 23 as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of approximately $63,844.84 in connection with Movant's transactions in Taronis Technologies, Inc. ("Taronis") securities during the Class Period, Movant has the greatest financial interest in the litigation under the PSLRA. Further, each other competing movant has withdrawn their motion. *See* ECF No. 20 and Exhibit A[2]; *see also Allstate Life Ins. Co. v. Robert W. Baird, & Co.*, CV-09-8162-PHX-GMS, 2010 U.S. Dist. LEXIS 21824, at *9 (D. Ariz. Feb. 16, 2010) ("Where no other parties seek to be appointed Lead Plaintiff, the moving parties are deemed to have the largest financial interest.") (citation omitted)

Moreover, Movant satisfies the adequacy and typicality requirements of Rule 23 because, like all members of the Class, Movant purchased Taronis securities at prices artificially inflated by defendants' misrepresentations or omissions, and was damaged

---

[1] Movant previously requested the appointment of Tomchin & Odom P.A. as local counsel, but as the litigation is no longer pending in the United States District Court for the Middle District of Florida, this request is withdrawn.

[2] Attached hereto as Exhibit A is the Notice of Withdrawal of Motion filed by Vardan Petrosyan filed in the Middle District of Florida on June 26 (8:19-cv-00889-CEH-TGW, Dkt. No. 23).

upon the disclosure of the material misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. Additionally, Movant has demonstrated his adequacy through: (1) his PSLRA certification reflecting the understanding of the responsibilities of serving as Lead Plaintiff and his willingness to diligently prosecute this action on behalf of the Class; (2) his shareholdings and losses during the Class Period; and (3) his retention of experienced, qualified counsel to represent the Class.

For the reasons set forth herein, Movant respectfully submits that his motion should be granted in its entirety.

## ARGUMENT

### I.    Movant Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the Class" and otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The movant with the largest financial interest must only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See In re AudioEye, Inc.*, CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348, at *8 (D. Ariz. July 31, 2015) ("At the lead plaintiff selection stage, all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate.") (internal citations omitted). Once the presumption is triggered, competing movants can only rebut that the presumptive Lead Plaintiff will not fairly represent the interests of the Class based upon "proof." *Allstate Life Ins. Co.*, 2010 U.S. Dist. LEXIS 21824 at *9 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). Whether another movant may somehow better protect the Class's interests is irrelevant. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, Movant is presumptively the most adequate plaintiff.

//

//

- 2 -

### A.      Movant Has The Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).  Although the PSLRA does not provide guidance on the actual method of determining which plaintiff has the "largest financial interest," courts in this Circuit and around the nation have recognized that the amount of financial loss is the most significant factor to be considered.  *See, e.g., Lomingkit v. Apollo Educ. Grp.*, CV-16-00689-PHX-DLR, 2016 U.S. Dist. LEXIS 78591, at *6 (D. Ariz. June 16, 2016)(looking at financial losses to determine presumptive lead plaintiff); *United Union of Roofers, Waterproofers & Allied Workers Local Union 8 v. Ocwen Fin. Corp.,* Nos. 14-cv-81507, 14-81064-cv, 81076-cv,2014 U.S. Dist. LEXIS 177467, at *5 (S.D. Fla. Nov. 7, 2014) (determining largest financial loss is entitled to most adequate plaintiff presumption).

Accordingly, Movant's loss of $63,844.84 represents the largest financial interest of the movants, making him the presumptive lead plaintiff.

### B.      Movant Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Movant also satisfies the typicality and adequacy requirements of Rule 23.  To overcome the strong, yet rebuttable presumption that Movant is the most adequate Lead Plaintiff, the PSLRA requires "proof" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  However, no such proof exists in this case and any arguments to the contrary should be flatly rejected.

Indeed, like all members of the Class, Movant purchased Taronis securities at prices artificially inflated by defendants' material misrepresentations and omissions and was damaged upon the corrective disclosure.  These shared claims, which are based on the same legal theory, arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23.  *See, e.g., In re Crocs, Inc. Sec. Litig.*, No

07-cv-2351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at *7 (D. Colo. Sept. 17, 2008) ("Typicality is present so long as the claim of the class representative and class members are based upon the same legal or remedial theory.") (internal citations omitted).

Additionally, Movant has demonstrated its adequacy through: (1) his complete PSLRA certifications reflecting the understanding of the responsibilities of serving as Lead Plaintiff and his willingness to diligently prosecute this action on behalf of the Class; (2) his shareholdings and losses during the Class Period; and (3) his retention of experienced, qualified counsel to represent the Class. *See, e.g., Lomingkit,* 2016 U.S. Dist. LEXIS 78591 at *7 ("The test for adequacy is whether: (1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced, and generally able to conduct the litigation.") (internal quotations omitted).   There has been no indication that Movant has any interests antagonistic to those of the Class in the pursuit of this litigation.

Accordingly, because Movant has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint him as Lead Plaintiff.

**II.     Movant's Selection of Counsel Should Be Approved**

Pursuant to the PSLRA, the Lead Plaintiff is vested with the authority to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Lomingkit*, 2016 U.S. Dist. LEXIS 78591 at *8.

Here, Movant has selected Wolf Haldenstein as Lead Counsel for the Class.  As the firm's resume reflects, Wolf Haldenstein is highly experienced in the areas of securities litigation and complex class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* ECF No. 15-4 (Wolf Haldenstein Firm Resume).  Thus, the Court may be assured

that by approving the selection of counsel by Movant, the members of the class will receive high quality legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grants his motion for appointment as lead plaintiff.

Dated: June 26, 2019                              Respectfully Submitted,


                                                  /s/ Matthew M. Guiney
                                                  Matthew M. Guiney (*pro hac vice*)
                                                  Kevin G. Cooper (*pro hac vice*)
                                                  WOLF HALDENSTEIN ADLER
                                                    FREEMAN & HERZ LLP
                                                  270 Madison Avenue
                                                  New York, NY 10016
                                                  Tel: (212) 545-4600
                                                  Fax: (212) 686-0114
                                                  Guiney@whafh.com
                                                  KCooper@whafh.com


                                                  *Proposed Lead Counsel and Attorneys for Movant Kui Zhu*

- 5 -