Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101
dlaphx@us.dlapiper.com

B. Warren Pope (*pro hac vice* forthcoming)
wpope@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Lisa Bugni (*pro hac vice* forthcoming)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Hatten, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Taronis Technologies, Inc., Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton,<br><br>Defendants. | Case No. 2:19-cv-04529-GMS<br><br><br>**DEFENDANTS' CONSOLIDATED RESPONSE TO LEAD PLAINTIFF MOTIONS** |

///

///

///

///

Defendants Taronis Technologies, Inc., Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton (collectively, "Defendants"), hereby submit this consolidated response to the motions for appointment as lead plaintiff and approval of choice of counsel (Dkt. Nos. 15, 16, 17) and state as follows:

**I.        The PSLRA Imposes A Statutory Deadline Of July 15, 2019 For The Court To Appoint A Lead Plaintiff.**

Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the "court shall consider" motions made by purported class members for lead plaintiff appointment, and "shall appoint" the lead plaintiff no later than 90 days after publication of notice of the suit.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Because publication of notice of this suit occurred on April 15, 2019 (*see, e.g.*, Dkt. No. 15-1), the statutory deadline for appointing Lead Plaintiff in this action is therefore July 15, 2019.

**II.       Defendants Take No Position On Lead Plaintiff Appointment But Reserve All Defenses To Class Certification Under Federal Rule Of Civil Procedure 23.**

As an initial matter, Defendants strongly dispute the allegations of wrongdoing in the Complaint (*see* Dkt. No. 1), many of which are parroted in the various memoranda filed in support of the lead plaintiff motions.  Defendants intend to seek dismissal of all claims at the appropriate time.

Defendants typically do not play a role in the process for appointment of lead plaintiff and approval of counsel.  *See* 15 U.S.C. § 78u-4(a)(3)(B).[1]  By taking no position on the selection of a lead plaintiff/counsel, however, Defendants do not waive—but expressly reserve—their rights under Federal Rule of Civil Procedure 23 to develop a record and oppose any future motion for class certification on any and all grounds, including, without limitation, that the claims of the appointed lead plaintiff and defenses to

---

[1] The PSLRA employs a rebuttable presumption that the lead plaintiff will be the applicant with the largest financial loss.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Based on the claimed losses in the recently-filed lead plaintiff motions, the presumed lead plaintiff is, therefore, Kui Zhu.  *See* Dkt. No. 15 (alleging losses by Mr. Zhu greater than the other lead plaintiff applicants).

which it may be subject are not typical of the class, and that the appointed lead plaintiff and/or its chosen counsel will not fairly and adequately protect the interests of the class. *See*, *e.g.*, *Hall v. Medicis Pharm. Corp.*, No. CV08-1821PHX-GMS, 2009 WL 648626, at *2 (D. Ariz. Mar. 11, 2009) (Snow, J.) ("This inquiry need not be as 'searching as the one triggered by a motion for class certification,' because the inquiry focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified.") (citation omitted); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) ("Evidence regarding the requirements of Rule 23 will, of course, be heard in full at the class certification hearing.  There is no need to require anything more than a preliminary showing at [the lead plaintiff] stage.").

Dated: June 28, 2019.

*s/ Laura Sixkiller*
Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
DLA PIPER LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101

B. Warren Pope (*pro hac vice* forthcoming)
wpope@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Lisa Bugni (*pro hac vice* forthcoming)
lbugni@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

*s/ Laura Sixkiller*
Laura Sixkiller