Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101
dlaphx@us.dlapiper.com

B. Warren Pope (admitted *pro hac vice*)
wpope@kslaw.com
Brian Barnes (admitted *pro hac vice*)
bbarnes@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Lisa Bugni (admitted *pro hac vice*)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Falcone, derivatively on behalf of Taronis Technologies, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Robert L. Dingess, Scott Mahoney, Kevin Pollack, William W. Staunton, and Ermanno P. Santilli, <br><br> Defendants, <br><br> and <br><br> Taronis Technologies, Inc., <br><br> Nominal Defendants. | Case No. 2:19-cv-04547-DJH <br><br> FILED IN: Case No. CV-19-04529-PHX-GMS <br><br> **JOINT MOTION TO TRANSFER CASE PURSUANT TO LOCAL RULE 42.1** |

Defendants Taronis Technologies, Inc., Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton (collectively, "Defendants"), and Plaintiff Chris Falcone (collectively with Defendants, the "Parties"), pursuant to Local

Rule 42.1, respectfully request that this Court transfer and reassign the above-captioned case, *Falcone v. Dingess, et al.*, No. 2:19-cv-04547-PHX-DJH (D. Ariz.) to Chief Judge G. Murray Snow. This Joint Motion is being filed on the docket in *Zhu, et al. v. Taronis Technologies, Incorporated, et al.*, No. CV-19-04529-PHX-GMS (D. Ariz.) according to Local Rule 42.1(b), which provides that "[i]f the movant is a party in more than one of the affected cases, the movant must file the motion in the case with the lowest case number in which the movant is a party."

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of this Joint Motion, the Parties state as follows:

1. On April 15, 2019, Plaintiff Chad Hatten filed a putative class action complaint in the United States District Court for the Middle District of Florida, Judge Honeywell presiding, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Defendants Taronis Technologies, Inc., Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton. On June 21, 2019, Judge Honeywell transferred the case to this Court. On July 10, 2019, this Court appointed Kui Zhu as Lead Plaintiff, and approved Lead Plaintiff's selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel. The case is currently pending before the Honorable G. Murray Snow, and is captioned *Zhu, et al. v. Taronis Technologies, Incorporated, et al.*, No. CV-19-04529-PHX-GMS (D. Ariz.) (the "Securities Litigation").

2. Separately, on June 25, 2019, Plaintiff Chris Falcone filed an action in the District of Arizona captioned *Falcone v. Dingess, et al.*, No. 2:19-cv-04547-PHX-DJH (D. Ariz.) (the "Derivative Litigation"). Plaintiff filed the Derivative Litigation in the right, and for the benefit, of Taronis against Defendants Robert Dingess, Scott Mahoney, Kevin Pollack, William W. Staunton, and Ermanno P. Santilli, and with Taronis Technologies, Inc., Nominal Defendant. Plaintiff Falcone alleges breaches of fiduciary duties, waste of corporate assets, gross mismanagement, and violations of Section 10(b) of the Exchange

Act.  The Derivative Litigation was not identified as related to any other case when it was filed, and it was assigned to the Honorable Diane J. Humetewa.

3.      The Parties agree that the Derivative Litigation and Securities Litigation are, in fact, related cases, given the substantial overlap between the facts and circumstances alleged in the respective cases.  *Compare* Securities Litigation Complaint, No. CV-19-04529-PHX-GMS, Dkt. 1 *with* Derivative Litigation Complaint (attached hereto as Exhibit A).  For example, both the Securities Litigation Complaint and the Derivative Litigation Complaint allege Defendants made false and misleading statements, including in a specified January 28, 2019 press release, in violation of the Exchange Act.  *See* Securities Litigation Complaint (Dkt. 1) at ¶ 19; Ex. A at ¶ 18.  Moreover, Taronis and Messrs. Dingess, Mahoney, Pollack, Staunton, and Santilli are named as defendants in both the Derivative Litigation and the Securities Litigation.

4.      On July 25, 2019, Defendants and Plaintiff Falcone filed a Joint Stipulation and [Proposed] Order to Stay Derivative Action in the Derivative Litigation.  In that filing, the parties stipulated to the similarity of the facts and circumstances in the Derivative Litigation and the Securities Litigation.  The parties also observed that discovery in the Securities Litigation will be stayed until the Court decides the anticipated motion to dismiss to be filed by Defendants in the Securities Litigation pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Therefore, the parties requested that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings in the Securities Litigation, the Derivative Litigation should be voluntarily stayed (subject to certain terms set forth in the filing) unless and until thirty (30) days following either (1) the Securities Litigation is dismissed, with prejudice, by the Court, and all appeals related thereto have been exhausted; or (2) all motions to dismiss the Securities Litigation are denied, and the PSLRA stay dissolves as a matter of law; or (3) either of the parties to the stipulation gives written notice that they no longer consent to the voluntary stay of the Derivative Litigation.

5.      On August 8, 2019, Judge Humetewa denied the Joint Stipulation to Stay Derivative Action. *See* Aug. 8, 2019 Order (attached hereto as Exhibit B).  As Judge Humetewa observed in her Order, the Derivative Litigation "apparently relates to a case currently pending in this District before Chief Judge Snow.  2:19-cv-4529-GMS," *i.e.* the Securities Litigation.  Ex. B. at 1.  Judge Humetewa advised that "the parties may also consider filing a motion to consolidate these matters in the appropriate court and according to applicable Local and Federal Rules."  Ex. B at 2.

6.      The parties to the Derivative Action conferred and agree that, pursuant to Local Rule 42.1(a) and (d), the Derivative Action should be transferred and reassigned to Chief Judge Snow, before whom the Securities Litigation is currently pending.

7.      First, Rule 42.1(a) of the District of Arizona Local Rules provides:

> **(a) Transfer of Cases.** When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

8.      The Court's discretion to reassign cases under Rule 42.1(a) is broad.  *See Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *4 (D. Ariz. Sept. 6, 2018).  Indeed, transfer and reassignment is proper if it would satisfy any one of the several Rule 42.1(a) factors.  *See Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *1 (D. Ariz. Sept. 14, 2011).  "When considering a motion under Local Rule 42.1(a), the principal factor is whether party economy or judicial economy is substantially served by transfer to another judge."  *Dishon*, 2018 WL 4257936, at *4 (quotation marks and citation omitted).

9.      The Parties agree that the Derivative Litigation and the Securities Litigation should be transferred to the same Judge according to Rule 42.1(a).  Each one of the Rule 42.1(a) factors favors transfer, except for the inapposite factor (3) which pertains to

intellectual property.  First, the Securities Litigation and the Derivative Litigation "arise from substantially the same transaction or event," namely, Defendants' alleged false and misleading statements concerning Defendants' business and business prospects.  Second, the Securities Litigation and the Derivative Litigation "involve substantially the same parties," because both cases involve the same Defendants.  Third, the cases "call for determination of substantially the same questions of law" because both Complaints allege violations of the Exchange Act based upon the same challenged statements.  Finally, and most importantly, these cases "would entail substantial duplication of labor if heard by different Judges," as two different Judges would be required to evaluate overlapping facts and legal claims pertaining to the same Defendants.

10.    For each of these independently sufficient reasons, the parties respectfully submit that transfer is appropriate pursuant to Rule 42.1(a).  *See, e.g.*, *Sperling*, 2011 WL 4101508, at *1 (transferring shareholder derivative action to district where putative securities fraud class action was pending, observing "the cases arise from substantially the same event" and "the cases involve substantially the same parties"); *Dishon*, 2018 WL 4257936, at *4 (transferring pursuant to Rule 42.1(a), observing "the claims are based on substantially the same underlying events and involve many of the same parties, meaning that, if the cases are heard by different judges, it would entail substantial duplication of labor").

11.    Second, Local Rule 42.1(d) provides:

> **(d) Assignment.** If a motion to transfer or consolidate is granted, the following factors may be considered in determining the Judge to whom the case or cases will be assigned: (1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy.

12.    The Parties respectfully submit that the Derivative Litigation should be transferred and assigned to Chief Judge Snow, before whom the Securities Litigation is currently pending, pursuant to Rule 42.1(d).  Again, each one of the Rule 42.1(d) factors

favors transfer and reassignment to Chief Judge Snow.  First, Chief Judge Snow has already considered and ruled upon Lead Plaintiff motions filed pursuant to the PSLRA in the Securities Litigation, held a status conference with the parties to the Securities Litigation, and set a scheduling order for filing an amended complaint and briefing a motion to dismiss.  In the Derivative Litigation, however, there has been no activity other than the filing of a joint stipulation to stay the case in light of the Securities Litigation.  Second, for similar reasons, Chief Judge Snow has the most familiarity with the issues involved in the cases.  Third, the Securities Litigation is reasonably viewed as the lead or principal case, not only because it was filed first, but also because the proposed stay of the Derivative Litigation is contingent upon the outcome of the Securities Litigation.  Finally, for all of these reasons, judicial economy is promoted by assigning the Derivative Litigation to Chief Judge Snow.  *See, e.g.*, *Sperling*, 2011 WL 4101508, at \*1 (transferring shareholder derivative case to Judge presiding over previously-filed securities class action).

13.    The Parties also agree that while transfer and reassignment is appropriate, the Securities Litigation and the Derivative Litigation should not be consolidated.  *See, e.g.*, *Sperling*, 2011 WL 4101508, at \*1 (transferring derivative action to Judge where securities class action was pending but maintaining separate case tracks).

14.    The Parties hereby jointly and respectfully request that the Court grant the Joint Motion and enter the [Proposed] Order Granting Joint Motion to Transfer Case Pursuant to Local Rule 42.1 attached hereto.

///

///

///

///

///

///

//////

Dated this 21st day of August, 2019.

s/ Thomas J. McKenna (with permission)
Susan Martin
smartin@martinbonnett.com
Jennifer Kroll
jkroll@martinbonnett.com
Michael M. Licata
mlicata@martinbonnett.com
**MARTIN BONNETT, PLLC**
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345

Thomas J. McKenna (*admitted pro hac vice*)
tjmckenna@gme-law.com
**GAINEY McKENNA & EGLESTON**
440 Park Avenue South, 5th Floor
New York, New York 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

*Attorneys for Plaintiff*

s/ Laura Sixkiller
Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

B. Warren Pope (admitted *pro hac vice*)
wpope@kslaw.com
Brian Barnes (admitted *pro hac vice*)
bbarnes@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Lisa Bugni (admitted *pro hac vice*)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

*s/ Laura Sixkiller*
Laura Sixkiller