Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101
dlaphx@us.dlapiper.com

*Attorney for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Chase Manley, derivatively and on behalf of Taronis Technologies, Inc., f/k/a MagneGas Applied Technology Solutions, Inc., | Case No. CV-19-05233-PHX-DLR |
| Plaintiff, | FILED IN: Case No. CV-19-04529-PHX-GMS |
| v. | **JOINT MOTION TO TRANSFER CASE PURSUANT TO LOCAL RULE 42.1** |
| Scott Mahoney, Robert L. Dingess, Kevin Pollack, Ermanno P. Santilli, and William W. Staunton, | |
| Defendants, | |
| and | |
| Taronis Technologies, Inc., f/k/a MagneGas Applied Technology Solutions, Inc., | |
| Nominal Defendant. | |

///

///

///

///

///

1

Nominal Defendant Taronis Technologies, Inc. ("Taronis") and Defendants Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton (collectively and together with Taronis, "Defendants"), and Plaintiff Chase Manley (collectively with Defendants, the "Parties"), pursuant to Local Rule 42.1, respectfully request that this Court transfer and reassign the above-captioned case, *Manley v. Dingess, et al.*, No. CV-19-05233-PHX-DLR (D. Ariz.) to Chief Judge G. Murray Snow. This Joint Motion is being filed on the docket in *Zhu, et al. v. Taronis Technologies, Incorporated, et al.*, No. CV-19-04529-PHX-GMS (D. Ariz.) according to Local Rule 42.1(b), which provides that "[i]f the movant is a party in more than one of the affected cases, the movant must file the motion in the case with the lowest case number in which the movant is a party."

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of this Joint Motion, the Parties state as follows:

1. On April 15, 2019, Plaintiff Chad Hatten filed a putative class action complaint in the United States District Court for the Middle District of Florida, Judge Honeywell presiding, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Defendants Taronis Technologies, Inc., Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton. On June 21, 2019, Judge Honeywell transferred the case to this Court. On July 10, 2019, this Court appointed Kui Zhu as Lead Plaintiff, and approved Lead Plaintiff's selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel. The case is currently pending before the Honorable G. Murray Snow, and is captioned *Zhu, et al. v. Taronis Technologies, Incorporated, et al.*, No. CV-19-04529-PHX-GMS (D. Ariz.) (the "Securities Litigation").

2. Separately, on June 25, 2019, Plaintiff Chris Falcone filed a 15 page complaint in an action (the "Falcone Derivative Litigation") in the District of Arizona in the right, and for the benefit, of Taronis against Defendants Robert Dingess, Scott Mahoney, Kevin Pollack, William W. Staunton, and Ermanno P. Santilli, and with

2

Taronis Technologies, Inc., Nominal Defendant.  Plaintiff Falcone alleges breaches of fiduciary duties, waste of corporate assets, gross mismanagement, and violations of Section 10(b) of the Exchange Act.  The Falcone Derivative Litigation alleges that a federal question is the basis of subject matter jurisdiction based on Plaintiff Falcone's Exchange Act claim. The Falcone Derivative Litigation was not identified as related to any other case when it was filed, and it was assigned to the Honorable Diane J. Humetewa.

3.    On August 21, 2019, the parties in the Securities Litigation and the Falcone Derivative Litigation filed the Joint Motion to Transfer Case Pursuant to Local Rule 42.1. In that Joint Motion, the Parties agreed that the Securities Litigation and Falcone Derivative Litigation are related cases given the facts and circumstances alleged in the respective cases.  The parties to that Joint Motion further requested that, pursuant to Local Rule 42.1(a) and (d), the Falcone Derivative Action should be transferred and reassigned to Chief Judge Snow, before whom the Securities Litigation was then and is now pending. On September 5, 2019, this Court granted the Joint Motion, assigning the Falcone Derivative Litigation to this Court.  As a result, the Securities Litigation and the Falcone Derivative Litigation, which is now captioned *Falcone v. Dingess, et al.*, No. CV-19-04547-PHX-GMS (D. Ariz.), are currently pending before this Court.

4.    On September 20, 2019, Plaintiff Chase Manley filed a 41 page complaint in the above-captioned action (the "Manley Derivative Litigation") in the District of Arizona in the right, and for the benefit, of Taronis against Defendants Robert Dingess, Scott Mahoney, Kevin Pollack, William W. Staunton, and Ermanno P. Santilli, and with Taronis Technologies, Inc., Nominal Defendant.  Plaintiff Chase Manley alleges breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets.  The Manley Derivative Litigation alleges that diversity is the basis of subject matter jurisdiction and also that a federal question is raised based on the claims made in the Securities Litigation.  Plaintiff Manley identified itself as related to the Securities Litigation when it was filed, and it was assigned to the Honorable Douglas L. Rayes.

3

5.    The Securities Litigation, Falcone Derivative Litigation, and the Manley Derivative Litigation are related cases given the substantial overlap between the facts and circumstances alleged in the respective cases. *Compare* Securities Litigation Complaint, No. CV-19-04529-PHX-GMS, Dkt. 36 *with* Falcone Derivative Litigation Complaint, No. CV-19-04547-PHX-GMS, Dkt. 1 *with* Manley Derivative Litigation Complaint, No. CV-19-05233-PHX-DLR, Dkt. 1. For example, all complaints allege Defendants made false and misleading statements, including in a specified January 28, 2019 press release. *See* Securities Litigation Complaint, No. CV-19-04529-PHX-GMS, Dkt. 36 at ¶ 41; Falcone Derivative Litigation Complaint, No. CV-19-04547, Dkt. 1 at ¶ 18; Manley Derivative Litigation Complaint, No. CV-19-05233-PHX-DLR, Dkt. 1 at ¶¶ 7, 79. Moreover, Taronis and Messrs. Dingess, Mahoney, Pollack, Staunton, and Santilli are named as defendants in all three cases.

6.    The Parties to the Manley Derivative Litigation conferred and agree that, pursuant to Local Rule 42.1(a) and (d), the Manley Derivative Litigation should be transferred and reassigned to Chief Judge Snow, before whom the Securities Litigation and the Falcone Derivative Litigation are currently pending.

7.    First, Rule 42.1(a) of the District of Arizona Local Rules provides:

> **(a) Transfer of Cases.** When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

8.    The Court's discretion to reassign cases under Rule 42.1(a) is broad. *See Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *4 (D. Ariz. Sept. 6, 2018). Indeed, transfer and reassignment is proper if it would satisfy any one of the several Rule 42.1(a) factors. *See Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *1 (D. Ariz. Sept. 14, 2011). "When considering a motion under Local Rule

4

42.1(a), the principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *Dishon*, 2018 WL 4257936, at *4 (quotation marks and citation omitted).

9. The Parties agree that the Manley Derivative Litigation, the Falcone Derivative Litigation, and the Securities Litigation should be assigned to the same Judge according to Rule 42.1(a). Each one of the Rule 42.1(a) factors favors transfer of the Manley Derivative Litigation, except for the inapposite factor (3), which pertains to intellectual property. First, the Manley Derivative Litigation, the Falcone Derivative Litigation, and the Securities Litigation "arise from substantially the same transaction or event," namely, Defendants' alleged false and misleading statements concerning Defendants' business and business prospects. Second, the Manley Derivative Litigation, the Falcone Derivative Litigation, and the Securities Litigation "involve substantially the same parties," because the cases involve the same Defendants. Third, the cases call for determination of some of the same questions of law because all complaints base some of their allegations on the same challenged statements. Finally, and most importantly, these cases "would entail substantial duplication of labor if heard by different Judges," as different Judges would be required to evaluate overlapping facts and legal claims pertaining to the same Defendants.

10. For each of these independently sufficient reasons, the parties respectfully submit that transfer is appropriate pursuant to Rule 42.1(a). *See, e.g.*, *Sperling*, 2011 WL 4101508, at *1 (transferring shareholder derivative action to district where putative securities fraud class action was pending, observing "the cases arise from substantially the same event" and "the cases involve substantially the same parties"); *Dishon*, 2018 WL 4257936, at *4 (transferring pursuant to Rule 42.1(a), observing "the claims are based on substantially the same underlying events and involve many of the same parties, meaning that, if the cases are heard by different judges, it would entail substantial duplication of labor").

11. Second, Local Rule 42.1(d) provides:

5

**(d) Assignment.** If a motion to transfer or consolidate is granted, the following factors may be considered in determining the Judge to whom the case or cases will be assigned: (1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy.

12.     The Parties respectfully submit that the Manley Derivative Litigation should be transferred and assigned to Chief Judge Snow, before whom the Falcone Derivative Litigation and the Securities Litigation are currently pending, pursuant to Rule 42.1(d). Again, each one of the Rule 42.1(d) factors favors transfer and reassignment to Chief Judge Snow.  First, Chief Judge Snow has already considered and ruled upon a similar Joint Motion to Transfer in the Falcone Derivative Litigation, held a status conference with the parties to the Falcone Derivative Litigation and Securities Litigation, and taken various other actions in the Securities Litigation, including ruling on Lead Plaintiff motions and ordering a briefing schedule for filing an amended complaint and briefing a motion to dismiss.  In the Manley Derivative Litigation, so far the complaint was filed and the Defendants waived service of process.  Second, for similar reasons, Chief Judge Snow has the most familiarity with the issues involved in the three cases.  Finally, for all of these reasons, judicial economy is promoted by assigning the Manley Derivative Litigation to Chief Judge Snow. *See, e.g.*, *Sperling*, 2011 WL 4101508, at \*1 (transferring shareholder derivative case to Judge presiding over previously-filed securities class action).

13.     The Parties hereby jointly and respectfully request that the Court grant this Joint Motion and enter the [Proposed] Order Granting Joint Motion to Transfer Case Pursuant to Local Rule 42.1 attached hereto.

6

Dated this 9th day of October, 2019.

s/ James S. Christian
James S. Christian
(State Bar No. 023614)
James@Christian-Goodman.com
**CHRISTIAN GOODMAN PLC**
5050 North 40th Street
Suite 320
Phoenix, Arizona 85018
Telephone: (602) 899-4711

Timothy Brown (*pro hac vice forthcoming*)
tbrown@thebrownlawfirm.net
**THE BROWN LAW FIRM, P.C.**
240 Townsend Square
Oyster Bay, New York 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

*Attorneys for Plaintiff*

s/ Laura Sixkiller
Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone: (480) 606-5100
Facsimile: (480) 606-5101

B. Warren Pope (admitted *pro hac vice*)
wpope@kslaw.com
Brian Barnes (admitted *pro hac vice*)
bbarnes@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Lisa Bugni (admitted *pro hac vice*)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendants*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 9, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

*s/ Laura Sixkiller*
Laura Sixkiller
