Matthew M. Guiney (admitted *pro hac vice*)
guiney@whafh.com
Malcolm T. Brown (admitted *pro hac vice*)
brown@whafh.com
Kevin G. Cooper (admitted *pro hac vice*)
kcooper@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

*Lead Counsel for Lead Plaintiff Kui Zhu
and the Proposed Class*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

KUI ZHU, on behalf himself and all others
similarly situated,

                Plaintiff,

    v.

TARONIS TECHNOLOGIES, INC., et al.,

                Defendants.

No. CV-19-04529-PHX-GMS

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE AND
INCORPORATION BY
REFERENCE OF DOCUMENTS**

In connection with their Motion to Dismiss the First Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 45) ("Motion" or "Mot."), the Defendants request that the Court: (i) take judicial notice of the Historical NASDAQ Official Closing Price ("NCOP") chart from January 2, 2019 through February 28, 2019 of Taronis Technologies, Inc. (f/k/a/ MagneGas Applied Technology Solutions, Inc.) ("Taronis" or the "Company"); and (ii) incorporate by reference certain of Taronis's SEC filings.[1] While judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine do have roles at the pleading stage, their overuse and misapplication can lead unintended and harmful results – particularly in the context of securities fraud litigation. *See Khoja v. Orexigen Therapeutics*, 899 F. 3d 988, 998 (9th Cir. 2018) (noting "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage"). *Cf. Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 1275, 1281 (C.D. Cal. 2016) ("This practical reality has led to inappropriate efforts by defendants to expand the two doctrines."). For the reasons set forth below, Plaintiff objects to the Defendants' request.

## I.    DEFENDANTS' REQUEST TO APPLY THE INCORPORATION-BY-REFERENCE DOCTRINE IS IMPROPER

The incorporation-by-reference doctrine "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  [It] prevents plaintiffs from selecting only portions of the documents that supports their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja*, 899 F.3d at 1002 (citations omitted). A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

---

[1] Unless otherwise indicated, all capitalized terms herein are defined in the First Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 36) ("Amended Complaint"). "¶__" citations are to the Amended Complaint.

"But the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Khoja, supra* (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

The doctrine is not intended to allow defendants to recast facts and end-run resolution of an adequately alleged claim. If the document "merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. *Khoja, supra*. "Submitting documents *not* mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint: but with a perverse added benefit … the plaintiff receives no opportunity to respond to the defendant's *new* version of the facts." *Id*. at 1003 (emphasis added).

Because the incorporation-by-reference doctrine has been exploited to defeat otherwise adequately pled claims, the Ninth Circuit has made clear that "what inferences a court may draw from an incorporated document should also be approached with caution," and that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a [well-pled] complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Id*.[2]

A.    **Exhibits 1 & 2**

- Exhibit 1- MagneGas Corporation's Form 8-K filed with the SEC on May 11, 2018.
- Exhibit 2 - MagneGas Applied Technology Solutions, Inc.'s Form 8-K filed with the SEC on November 7, 2018.

Defendants' assertion that the Amended Complaint incorporates by reference Exhibits 1 and 2, *see* Declaration of Lisa Bugni in Support of Motion (ECF No. 46-1)

_____
[2] *See Khoja*, 899 F.3d at 1013 (citation omitted) (emphasis added) ("The incorporation by reference doctrine does *not* override the fundamental rule that courts *must* interpret that allegations and factual disputes in favor of the plaintiff at the pleading stage").

("Bugni Declaration" or "Bugni Decl.") at ¶ 3, is false. ¶¶27-29. There are no citations in the referenced paragraphs of the Amended Complaint to any SEC filing. While there may be information from the Defendants' Exhibits and these paragraphs in the Amended Complaint that overlap, there is no indication that Plaintiff relied on the Exhibits for his factual allegations, or to form the basis of his claims. Plaintiff's claims center on the Defendants' alleged misconduct during the Class Period (from January 28, 2019 to February 12, 2019), and not the corporate actions of 2018. ¶9.

Therefore, the application of the incorporation-by-reference doctrine here is inappropriate.

**B.    Exhibit 3**

- Exhibit 3 - MagneGas Applied Technology Solutions, Inc.'s Schedule 14C filed with the SEC on November 13, 2018.

Plaintiff takes no position on the Defendants' request to incorporate by reference the Schedule 14C cited in the Amended Complaint. ¶¶30-34. It is entirely appropriate for the Court to note that the statements contained in the Amended Complaint concerning the Schedule 14C were actually made at the time and in the manner described. As stated above, however, the inferences that the Court may draw should be approached with caution. *See Khoja,* 899 F.3d at 1003 (internal quotations and citations omitted) (While a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss … it is improper to assume the truth of an incorporated document if such assumptions serve only to dispute facts stated in a [well-pled] complaint."). The truth that the Defendants ask the Court to infer from the Schedule 14C, *see* Mot. at 3 (risk that reverse stock split might not have desired effect of compliance with NASDAQ listing rules), may not be used to contradict the reasonable inferences drawn from the Amended Complaint. ¶34 (principal effect of reverse stock split would be that market price of common stock immediately after transaction will increase substantially above market price of common stock immediately prior to transaction).

C. **Exhibit 4**

- Exhibit 4 - Taronis Technologies, Inc.'s Business Update Conference Call dated January 31, 2019.

Plaintiff takes no position on the Defendants' request to incorporate by reference the January 31, 2019 Investor Call. ¶¶50-52. As stated above, it is entirely appropriate to note that the statements contained in the Amended Complaint concerning the January 31, 2019 Investor Call were actually made at the time and in the manner described. Here, however, the Defendants seek to incorporate the Investor Call merely to distract from the factual allegations in the Amended Complaint and the reasonable inferences therefrom. *See* Mot. at 3-4 (discussing concern over the effect of reverse stock and financing transaction on stock price). *Compare* ¶¶50-52, 89-90 (discussion of contract with City of San Diego, however, no disclosure that there was no contract). This is improper. *See Khoja,* 899 F.3d at 999 (citation omitted) ("If defendants are permitted to present their own version of the facts at the pleading stage … it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief. … Such undermining of the usual pleading burdens in not the purpose of … the incorporation-by-reference doctrine.").

D. **Exhibit 5**

- Exhibit 5 - MagneGas Applied Technology Solutions, Inc.'s Form 8-K filed with the SEC on January 28, 2019.

Plaintiff takes no position on the Defendants' request to incorporate by reference the January 28, 2019 Form 8-K and attached press release ("January 28 disclosures") which is quoted at length in the Amended Complaint. ¶41. It is, however, improper to assume the truth of the January 28 disclosures when they are directly at odds with the well-pled facts in the Amended Complaint asserting falsity.[3] *See Khoja*, 899 F.3d at 1003; *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citation and internal quotations

---

[3] *See, e.g.*, ¶¶2-8, 56-65, 88-89.

- 4 -

omitted) ("Consideration of … documents filed with the SEC is appropriate with respect to a nondisclosure or misrepresentation claim because no serious question as to their authenticity can exist, and because the court is to consider them on a Rule 12(b)(6) motion only to determine what the documents stated, and *not to prove the truth of their contents*").

### E.    Exhibit 7

- Exhibit 7 - Taronis Technologies, Inc.'s Form 8-K/A filed with the SEC on February 12, 2019.

Plaintiff takes no position on the Defendants' request to incorporate by reference the February 12, 2019 Form 8-K/A which is quoted at length in the Amended Complaint. ¶76. Plaintiff, again, takes the position that it is improper to assume the truth of the Form 8-K/A filing to the extent that it is at odds with the well-pled facts in the Amended Complaint asserting falsity.[4] *See Khoja*, *supra*; *Roth v. Jennings*, *supra*.

### F.    Exhibit 8

- Exhibit 8 - MagneGas Applied Technology Solutions, Inc.'s Form 8-K filed with SEC on January 31, 2019.

Defendants' assertion that the Amended Complaint incorporates by reference Exhibit 8, *see* Bugni Decl. at ¶ 3, is false. ¶47. There is no citation in the referenced paragraph of the Amended Complaint to any SEC filing. While there may be information from the Defendants' Exhibit 8 and these paragraphs in the Amended Complaint that overlap, there is no indication that Plaintiff relied on the Exhibit to form the basis of his claims.

Therefore, the application of the incorporation-by-reference doctrine here is inappropriate.

---

[4] *See, e.g.*, ¶¶78, 92-93.

## II.    DEFENDANTS SEEK TO IMPROPERLY ALTER THE RECORD WITH JUDICIAL NOTICE

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). "A fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201(b)(1)-(2)) (internal quotations omitted).

### A.    Exhibit 6

- Exhibit 6 - Taronis Technologies, Inc.'s NOCP Chart from January 2, 2019 through February 28, 2019

Plaintiff takes no position with respect to the Defendants' request for judicial notice of Taronis's NOCP chart. However, the Defendants attempt to use the chart to dispute the truth of Plaintiff's allegations in the Amended Complaint concerning the trading volume and closing price for Taronis common stock (adjusted for the 1:20 reverse stock split), ¶¶42-47, in the days immediately before the reverse stock split was implemented. *See* Mot. at 4. This is improper. *See Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may not take judicial notice of disputed facts contained in … public records.").

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Defendants' Request for Judicial Notice and Incorporation by Reference of Documents be: (i) denied in its entirety with respect to documents not identified in the Amended Complaint; and (ii) be denied to the extent that such Request seeks the Court to resolve factual disputes in connection with the Motion for dismissal of the Amended Complaint.

Dated: November 27, 2019

_____/s/ Matthew M. Guiney_____
Matthew M. Guiney (admitted *pro hac vice*)
guiney@whafh.com
Malcolm T. Brown (admitted *pro hac vice*)
brown@whafh.com
Kevin G. Cooper (admitted *pro hac vice*)
kcooper@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114

*Lead Counsel for Lead Plaintiff Kui Zhu and the Proposed Class*

JOHNSTON FISTEL LLP
Michael I. Fistel, Jr.
michaelf@johnsonfistel.com
40 Powder Springs Street
Marietta, GA 30064
Tel: (470) 632-6000
Fax: (770) 200-3101

*Additional Counsel for Lead Plaintiff Kui Zhu*

/807159

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECG system to all counsel of record.

                              /s/ Matthew M. Guiney
                              Matthew M. Guiney