Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101
dlaphx@us.dlapiper.com

B. Warren Pope (admitted *pro hac vice*)
wpope@kslaw.com
Brian Barnes (admitted *pro hac vice*)
bbarnes@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Lisa Bugni (admitted *pro hac vice*)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kui Zhu, et al., | Case No. CV-19-04529-PHX-GMS |
| Plaintiffs,<br>v. | **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| Taronis Technologies Incorporated, et al., | |
| Defendants. | |

///

///

///

Defendants' Request for Judicial Notice (Dkt. 46) (the "Request") made a simple request:  That this Court take judicial notice of Defendants' Exhibit 6 (Taronis's NASDAQ Official Closing Price chart from January 2, 2019 through February 28, 2019) because it is the only one of the Exhibits filed in support of Defendants' Motion to Dismiss (Dkt. 45) that is not incorporated by reference in the Amended Complaint and because it is appropriate for the Court to take judicial notice of Taronis's reported stock price history. Dkt. 46 at 2.  Plaintiff filed a Response (Dkt. 48) (the "Response") to Defendants' Request even though Plaintiff does not oppose Defendants' request regarding Exhibit 6.  Dkt. 48 at 6.  In fact, Plaintiff's Response "takes no position" with respect to the Court's consideration of all Defendants' Exhibits, except for three of Taronis's Form 8-Ks, which are cited for limited points in the "Background" section of Defendants' Motion to Dismiss.  In short, Defendant's Request for Judicial Notice should be granted, and Plaintiff's Response, a thinly-veiled attempt to address the Motion to Dismiss, should be disregarded.

## I.    Plaintiff Does Not Dispute That The Court May Consider Defendants' Exhibits 3–7.

Plaintiff "takes no position" with respect to the Court's consideration of Exhibits 3–7, tacitly admitting that the Court's consideration of those Exhibits is entirely appropriate. *See* Dkt. 48 at 3–6.  Plaintiff's position is not surprising.  It is clear that Exhibits 3, 4, 5, and 7 are incorporated by reference in the Amended Complaint, *see* Dkt. 48 at 3–6, and it is undoubtedly proper for the Court to take judicial notice of Exhibit 6, a chart of Taronis's reported stock price history, *see Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (the court may judicially notice the company's reported stock price).

Although Plaintiff does not dispute that the Court may consider Exhibits 3–7, it uses its Response as an improper opportunity to assert additional argument that should be included in Plaintiff's Response to the Motion to Dismiss.  Each of Plaintiff's arguments in this Response are misguided for the following reasons.

With respect to Exhibit 3, the Company's Schedule 14C dated November 13, 2018, Plaintiff asserts that "the truth that the Defendants ask the Court to infer from the Schedule 14C . . . may not be used to contradict the reasonable inferences drawn from the Amended Complaint." Dkt. 48 at 3. Plaintiff's argument is unclear. It is entirely appropriate for the Court to recognize that Defendants disclosed to investors that the reverse stock split could result in "devaluation of [the Company's] market capitalization and trading price of the common stock," MTD at 3 (quoting Nov. 13, 2018 Sched. 14C), while at the same time crediting Plaintiff's contention that the "principal effect of the reverse stock split would be that 'the market price of the common stock immediately after the reverse stock split will increase substantially above the market price of the common stock immediately prior to the reverse stock split,'" AC ¶ 34 (quoting Nov. 13, 2018 Sched. 14C). Defendants' citation to Exhibit 3 for this point does not "dispute facts stated in [the] complaint." Dkt. 48 at 3 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018)).

With respect to Exhibit 4, a transcript of the Company's January 31, 2019 investor call, Plaintiff argues Defendants "seek . . . to distract from the factual allegations in the Amended Complaint and the reasonable inferences therefrom." Dkt. 48 at 4. But it is entirely appropriate for the Court to consider Plaintiff's allegations in their full context. Plaintiff cannot simply pick portions of the January 31 conference call that support its narrative and ask the Court to disregard the remainder. *See, e.g.*, *Welgus v. TriNet Grp., Inc.*, No. 15-CV-03625-BLF, 2017 WL 6466264, at *9 (N.D. Cal. Dec. 18, 2017) (considering full context of challenged statements made at investor conference, including portions not cited in complaint), *aff'd*, 765 F. App'x 239 (9th Cir. 2019).

With respect to Exhibits 5 and 7, the Company's January 28 Form 8-K and February 12 Form 8-K/A, Plaintiff simply asserts it is "improper to assume the truth" of the disclosures when "they are directly at odds with the well-pled facts in the Amended Complaint asserting falsity." Dkt. 48 at 4; *id.* at 5 (similar). Of course, these disclosures form the very basis of the Amended Complaint. It is entirely appropriate for Defendants to argue in the Motion to Dismiss that Plaintiff has failed to plead the falsity of either

statement—indeed, the PSLRA requires that Plaintiff allege falsity with "particularity," and demands that the Amended Complaint be dismissed if it does not meet that requirement. *See* 15 U.S.C. § 78u-4(b). Plaintiff's conclusory assertion on this point is unfounded and inappropriate.

Finally, with respect to Exhibit 6, a chart of Taronis's NASDAQ Official Closing Price from January 2, 2019 through February 28, 2019, Plaintiff asserts Defendants "use the chart to dispute the truth of Plaintiff's allegations in the Amended Complaint concerning the trading volume and closing price for Taronis common stock (adjusted for the 1:20 reverse stock split) . . . in the days immediately before the reverse stock split was implemented." Dkt. 48 at 6. Plaintiff is again misguided. First, Defendants' chart says nothing of Taronis's trading volume. Second, with respect to the stock price, there is no dispute about the "truth" of Taronis's stock price. Plaintiff appears to take issue with Exhibit 6 because it reports Taronis's *actual* closing price, as opposed to the reverse-split-adjusted price that Plaintiff uses in the Amended Complaint even *before* Taronis's stock actually traded on a reverse-split-adjusted basis (likely in an attempt to paint a more compelling picture of stock movement that fits Plaintiff's narrative of fraud). *Compare* Ex. 6 *with* AC ¶¶ 44–46. But there is no dispute about Taronis's stock price. The Court can consider Plaintiff's narrative using Taronis's reverse-split-adjusted stock price, which Plaintiff acknowledges is "adjusted for the subsequent 1:20 reverse stock split," AC ¶¶ 44–46, and it may also consider Taronis's actual official closing price on those dates as set forth in Defendants' Exhibit 6, *see Metzler*, 540 F.3d at 1064 n.7.

**II.     The Court May Consider Defendants' Remaining Exhibits (1, 2, and 8), But Need Not Consider Them In Order To Grant Defendants' Motion To Dismiss.**

Plaintiff argues that Exhibits 1, 2, and 8 are not incorporated by reference in the Amended Complaint, even though "there may be information from the Defendants Exhibits and [the cited] paragraphs in the Amended Complaint that overlap[.]" Dkt. 48 at 2–3; *id.* at 5 (similar). Plaintiff's argument is misguided for three reasons.

4

First, each Exhibit is incorporated by reference in the Amended Complaint. Even if the Amended Complaint does not explicitly cite the relevant SEC filing by name, it relies on each filing to form the basis of several allegations in the Amended Complaint. *See* AC ¶ 27–28 (allegations based upon May 7, 2018 notice from NASDAQ, which Taronis disclosed to investors as an attachment to its May 11, 2018 Form 8-K, Defendants' Exhibit 1); AC ¶ 29 (allegations based upon November 6, 2018 notice from NASDAQ regarding 180-day extension, which Taronis disclosed to investors in its November 7, 2018 Form 8-K, Defendants' Exhibit 2); AC ¶ 47 (allegations based upon timing of implementation of 1:20 reverse stock split, which Taronis disclosed to investors in its January 31, 2019 Form 8-K, Defendants' Exhibit 8).

Second, as documents publicly filed with the United States Securities and Exchange Commission, the documents are subject to judicial notice regardless. *See Khoja*, 899 F.3d at 999 ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (alteration and citation omitted); *Metzler*, 540 F.3d at 1064 n.7 (judicial notice of SEC filings is proper). Although the Court need not judicially notice documents that are incorporated by reference in the Amended Complaint, the documents are properly considered under either doctrine.

Third, Exhibits 1, 2, and 8 are each cited for a limited point in the Background section of Defendants' Motion to Dismiss. *See* MTD at 3 (citing Exs. 1 & 2); *id.* at 4 n.3 (citing Ex. 8). Even if the Court declines to consider Exhibits 1, 2, and/or 8, the Court may still grant Defendants' Motion to Dismiss and credit all legal arguments made in Defendants' Motion to Dismiss.

[Signature on following page]

Dated:  December 24, 2019.

*s/ Laura Sixkiller*
Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101

B. Warren Pope (admitted *pro hac vice*)
wpope@kslaw.com
Brian Barnes (admitted *pro hac vice*)
bbarnes@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Lisa Bugni (admitted *pro hac vice*)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

*Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

*s/ Laura Sixkiller*
Laura Sixkiller