Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101
dlaphx@us.dlapiper.com

B. Warren Pope (admitted *pro hac vice*)
wpope@kslaw.com
Brian Barnes (admitted *pro hac vice*)
bbarnes@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Lisa Bugni (admitted *pro hac vice*)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kui Zhu, on behalf himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>Taronis Technologies, Inc., Robert Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton,<br><br>          Defendants. | No. CV-19-04529-PHX-GMS<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

///

///

Defendant Taronis Technologies, Inc. ("Taronis" or the "Company") and Defendants Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton (collectively, the "Individual Defendants" and, together with Taronis, "Defendants"), by their undersigned counsel, hereby answer Plaintiff's First Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") as follows:

Unless otherwise indicated, the answers and defenses contained herein are on behalf of all Defendants. However, to the extent that certain allegations are specifically directed toward one or more of the Individual Defendants, those other Individual Defendants to whom the allegations are not directed, unless otherwise stated in this Answer, lack knowledge or information sufficient to form a belief as to the truth of the allegations. Moreover, to the extent that any Defendant admits any allegations, as set forth below, such admission is made subject to the following qualification: Except where the allegation specifically refers to the Defendant by name, any admission by the Defendant to any allegation is made based on information and belief.

The Amended Complaint contains allegations purporting to characterize or partially quote statements from Taronis's press releases, investor conference calls, and public filings with the United States Securities and Exchange Commission ("SEC"), as well as statements by third parties who are not parties to this suit. Defendants refer to the Taronis press releases, transcripts of Taronis investor conference calls, and Taronis's public filings with the SEC for their complete contents and deny any allegations to the extent that they mischaracterize, misquote, or are contradicted by the cited document. In accordance with Rule 8(b)(5), Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff has completely and accurately alleged the contents of the various statements by third parties to which the allegations refer. Defendants therefore refer to each such document for a statement of its complete contents and deny such allegations to the extent that they mischaracterize, misquote, or are contradicted by the cited or quoted document.

The Amended Complaint contains unnumbered paragraphs and/or statements that Defendants are not required to admit or deny. To the extent a response is required, Defendants deny all such unnumbered paragraphs and/or statements. Pursuant to Rule 8(b)(3), unless expressly admitted or otherwise addressed below, all contents of the Amended Complaint, including the allegations in the numbered paragraphs, headings, titles, charts, graphs, footnotes, preamble, the table of contents, prayer for relief, and jury demand are expressly denied.

Finally, on April 8, 2020, the Court dismissed Count II of the Amended Complaint. Defendants answer the dismissed claims and allegations only out of an abundance of caution and without prejudice to their position that those claims and allegations are no longer at issue in the action.  To the extent Defendants answer any such allegations, Defendants do not admit that those allegations or claims remain in the case, are otherwise actionable or constitute proper subjects of or bases for discovery. Nor do Defendants concede that any of Plaintiff's allegations are proper bases of liability or subjects of or bases for discovery.

Defendants answer the Amended Complaint's separately numbered paragraphs as follows:

1. Defendants admit that this is a putative class action alleging violations of federal securities laws.  Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning a "fraudulent scheme" are legally deficient and Plaintiff may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations concerning a "fraudulent scheme."  To the extent that a response to these allegations is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 1.

2. Defendants admit that Taronis issued a press release on January 28, 2019. Defendants admit that the press release announced that "the City of San Diego has elected to use MagneGas2 as its metal cutting fuel of choice."  Defendants refer to the publicly

available January 28, 2019 press release for its complete contents.  Defendants deny the remaining allegations in Paragraph 2.

3.    Defendants deny the allegations in Paragraph 3 except for the following: Defendants admit that Taronis issued a press release on January 28, 2019.  Defendants admit that the press release stated "that the City of San Diego has elected to use MagneGas2 as its metal cutting fuel of choice, marking the first major city contract for the adoption of our metal cutting fuels."  Defendants admit that the January 28, 2019 press release contains quoted statements attributable to Defendant Mahoney, deny the allegations in the second sentence of Paragraph 3 to the extent that they mischaracterize, misquote, or are contradicted by Defendant Mahoney's statements, and refer to the publicly available press release for its complete contents.

4.    Defendants deny the allegations in Paragraph 4.

5.    Defendants deny the allegations in Paragraph 5.

6.    Defendants deny the allegation that "there was no contract with Taronis."  As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, which purports to describe internal communications by officials within the City of San Diego.

7.    Defendants deny the allegations in Paragraph 7.

8.    Defendants deny the allegations in Paragraph 8 except for the following: Defendants admit that the Company filed an amended Form 8-K on February 12, 2019 that provided in part that the Company had "an approval and a written authorization from the City of San Diego's Fleet Operations to move forward with the procurement of gas and other hard goods from the Company at three different locations within the City" and that the "Company does not have any formal binding contracts, agreements or long-term purchase commitments with the City of San Diego beyond the existing approval, nor any commitment that any of the Company's products will be purchased as the products of choice for their respective applications."

9.    Defendants admit that this is a putative class action alleging violations of

4

federal securities laws.  Paragraph 9 contains legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny that they have violated any laws, that the action is appropriate for class certification, or that Plaintiff is entitled to any judgment against Defendants.  Defendants deny the remaining allegations in Paragraph 9.

10.    Defendants admit that Plaintiff purports to bring this action under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and § 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder by the SEC.  Paragraph 10 contains legal conclusions as to which no response is required.  To the extent that a response is required, Defendants deny that they have violated any laws or that Plaintiff is entitled to any judgment against Defendants.  Defendants deny the remaining allegations in Paragraph 10.

11.    The allegations in Paragraph 11 contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this action and further refer to the Securities Exchange Act of 1934 (the "Exchange Act") and the rules promulgated thereunder.

12.    The allegations in Paragraph 12 contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants admit that they are subject to the jurisdiction of this Court.  Defendants also admit that they joined the Joint Motion for Transfer of Case to the District of Arizona and Extension of Pending Deadlines (ECF. No. 19) wherein Defendants requested that this case be transferred from the United States District Court for the Middle District of Florida to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).  Defendants deny the remaining allegations in Paragraph 12.

13.    The allegations in Paragraph 13 contain legal conclusions as to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this Court and that Taronis's principal executive office is located within this District.

14.    The allegations in Paragraph 14 attempt to state legal conclusions that are

incorrect and that, in any event, do not require a response and, therefore, are denied. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Defendants deny that the prices of Taronis securities were artificially inflated. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore deny them.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit that Defendants Dingess, Mahoney, Santilli, Pollack, and Staunton are referred to in the Amended Complaint as the "Individual Defendants."

23. Defendants deny the allegations in Paragraph 23, except for the following: Defendants admit that the Individual Defendants, in their capacities as executive officers and/or members of the Board of Directors of the Company during the relevant time, directed the management of the business and affairs of the Company.

24. Defendants admit that Taronis and the Individual Defendants together are referred to in the Amended Complaint as "Defendants."

25. Defendants admit that Taronis is a technology-based company that is focused on addressing the global constraints on natural resources, that one of Taronis's two core technology applications is renewable fuel gasification, and that Taronis was formerly known as MagneGas Applied Technology Solutions, Inc.

26. Defendants admit that on May 7, 2018, Taronis received a notice from NASDAQ informing the Company that the Company's common stock was subject to potential delisting from NASDAQ because for a period of thirty (30) consecutive business days, the bid price of the Company's common stock had closed below the minimum $1.00 per share requirement for continued inclusion under NASDAQ Marketplace Rule

5550(a)(2).  Defendants deny the remaining allegations in Paragraph 26.

27.    Defendants admit the allegations in Paragraph 27.

28.    Defendants admit that NASDAQ informed the Company in its May 7, 2018 notification that NASDAQ staff will provide written notification that the Company has achieved compliance with the minimum bid price listing requirement if at any time before November 5, 2018, the bid price of the Company's common stock closes at $1.00 per share or more for a minimum of ten (10) consecutive business days.

29.    Defendants admit the allegations in Paragraph 29.

30.    Defendants admit the allegations in Paragraph 30.

31.    Defendants admit the allegations in Paragraph 31.

32.    Defendants admit the allegations in Paragraph 32.

33.    Defendants admit the allegations in Paragraph 33.

34.    Defendants admit that the Schedule 14C Information Statement provided, in part, that the Company expected that one of the principal effects of the reverse stock split would be that "the market price of the common stock immediately after the reverse stock split will increase substantially above the market price of the common stock immediately prior to the reverse stock split."  Defendants deny the remaining allegations in Paragraph 34.

35.    No response is required because the daily trading price of Taronis's stock on the public market is a matter of public record. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36.    No response is required because the daily trading price and volume of Taronis's stock on the public market are matters of public record. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37.    Defendants admit that pursuant to a resolution of the Board of Directors, a Certificate of Amendment to Certificate of Incorporation was submitted to the stockholders of the Company for their approval, and was duly adopted by the stockholders in accordance with the provisions of Sections 228 and 242 of the General Corporation Law of the State

of Delaware. On January 29, 2019, the Company filed the Certificate of Amendment to Certificate of Incorporation with the Delaware Secretary of State to effect a one-for-twenty reverse split of the Company's issued and outstanding common stock, and the reverse split became effective in accordance with the terms of the Certificate of Amendment at 5:00 pm Eastern Time on January 30, 2019. Defendants admit that one of the purposes of the reverse split was to raise the Company's stock price above the NASDAQ minimum closing bid price requirement.

38. Defendants deny the allegations in Paragraph 38. Defendants also note that consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning a "fraudulent scheme" are legally deficient and Plaintiff may not pursue claims based on such allegations.

39. Defendants admit that Taronis filed a Form 8-K with the SEC on January 28, 2019, that Defendant Mahoney signed the January 28, 2019 Form 8-K, and that the Form 8-K provided, among other things, that "the City of San Diego has elected to use MagneGas2 as its metal cutting fuel of choice, marking the first major city contract for the adoption of our metal cutting fuels." Defendants deny the remaining allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants admit that the January 28, 2019 Form 8-K filing attached the January 28, 2019 press release, which was issued at 12:00 p.m. Eastern Time. Defendants deny that the quoted language appears in the January 28, 2019 press release in the same form as it is quoted in the Amended Complaint with bolded and italicized text, but admit that the quoted language appears in the January 28, 2019 press release, and refer to the publicly available January 28, 2019 press release. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants deny that the Company's stock spiked in value or volume as a result of the January 28, 2019 press release. Defendants deny the allegations in the chart set forth in Paragraph 42 to the extent they contradict the historical trading price and

volume of the Company's stock. Defendants refer to the daily trading price and volume of Taronis's stock on the public market which are matters of public record.

43. Defendants refer to the daily trading price and volume of Taronis's stock on the public market which are matters of public record. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants admit that on January 28, 2019, Taronis stock closed at $0.24 per share, and refer to publicly available data regarding the Company's stock price and trading history. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants admit that on January 29, 2019, Taronis stock closed at $0.24 per share, and refer to publicly available data regarding the Company's stock price and trading history. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants admit that on January 30, 2019, Taronis stock closed at $0.25 per share, and refer to publicly available data regarding the Company's stock price and trading history. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants admit the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants admit that Defendant Mahoney participated in a conference call starting at 11:00 a.m. Eastern Time on January 31, 2019; that Defendant Mahoney provided an update on the Company's business strategy; and that two participants in the conference call referenced the Company's business with the City of San Diego. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants admit that the allegations in Paragraph 52 purport to quote from and/or summarize a written transcript. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit that on January 31, 2019, the Company changed its name from MagneGas Applied Technology Solutions, Inc. to Taronis Technologies, Inc.

54.    Defendants deny the allegations in Paragraph 54 and further deny the allegations in the chart set forth in Paragraph 54 to the extent they contradict the historical trading price and volume of the Company's stock.  Defendants refer to publicly available data concerning the historical trading of the Company's common stock.

55.    Defendants admit the allegations in Paragraph 55.  Defendants deny that the allegations in Paragraph 55 are relevant to Plaintiff's claims.

56.    Defendants deny the allegations in Paragraph 56.

57.    Defendants deny the allegations in Paragraph 57.

58    Defendants deny the allegations in Paragraph 58

59    Defendants deny the allegations in Paragraph 59.    Defendants lack knowledge or information sufficient to form a belief as to the authenticity or completeness of the purported City of San Diego emails appended to the Amended Complaint as Exhibit A.

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, which purport to describe the understandings or beliefs held by officials with the City of San Diego.  Defendants deny the remaining allegations in Paragraph 60.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, which purport to describe the understandings or beliefs held by officials with the City of San Diego.  Defendants deny the remaining allegations in Paragraph 61.

62    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, which purport to describe the understandings or beliefs held by officials with the City of San Diego.  Defendants deny the remaining allegations in Paragraph 62.

63.    Defendants deny the allegations in Paragraph 63.

64.    Defendants deny the allegations in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65.

66.    Defendants deny the allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67, except Defendants admit that Paragraph 67 quotes from a January 29 email attached to the Amended Complaint as Exhibit B.  Defendants lack knowledge or information sufficient to form a belief as to the authenticity or completeness of the purported City of San Diego emails appended to the Amended Complaint as Exhibit B.

68.    Defendants admit that the January 28 press release was removed from Taronis's website, but deny the remaining allegations in Paragraph 68.

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70.    Defendants lack knowledge or information sufficient to form a belief as to the authenticity or completeness of the purported City of San Diego emails appended to the Amended Complaint.

71.    Defendants admit that the January 28 press release was removed from the Company's website, but not from the *Globe Newswire* website, over which Defendants have no control.  Defendants further admit that Paragraph 71 quotes from the email attached the Amended Complaint as Exhibit B.  Defendants deny the remaining allegations in Paragraph 71.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 72, which purports to allege whether the January 28, 2019 press release was available on the *Globe Newswire* website on August 27, 2019.

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore the allegations are denied.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore the allegations are denied.

75.    Defendants deny the allegations in the chart set forth in Paragraph 75 to the extent they contradict the historical trading price and volume of the Company's stock. Defendants deny the remaining allegations in Paragraph 75, except for the following: Defendants admit that the closing price of the Company's stock on February 1, 2019 was

$2.99, and that the closing price of the Company's stock on February 11, 2019 was $0.97, and refer to publicly available data regarding the Company's stock price and trading history.

76.    Defendants deny the allegations in Paragraph 76, except for the following: Defendants admit that Taronis filed a Form 8-K/A on February 12, 2019 with the SEC. Defendants deny any allegations inconsistent with the contents thereof.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

79.    Defendants admit that the closing price of Taronis stock on February 12, 2019 was $0.92 per share and that Taronis stock had a trading volume of 2,080,954 on February 12, 2019. Defendants deny the remaining allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80. Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning a "scheme" are legally deficient and Plaintiff may not pursue claims based on such allegations.

81.    Defendants deny the allegations in Paragraph 81.

82.    Defendants admit that Taronis filed its Annual Report on Form 10-K for the fiscal year ended December 31, 2018 with the SEC on April 12, 2019; that the 2018 Form 10-K is signed by Defendant Mahoney and by Timothy Hauck in his capacity as the Company's Chief Financial Officer; and that the quote appears in Form 10-K although not in the form quoted in the Amended Complaint. Defendants deny the remaining allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants admit that Paragraph 84 quotes from a transcript of an earnings call conducted by Taronis on August 19, 2019, but deny the allegations in Paragraph 84 to the extent that they misquote or mischaracterize the transcript.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

12

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90. Defendants lack knowledge or information sufficient to form a belief as to the authenticity or completeness of the purported City of San Diego emails appended to the Amended Complaint as Exhibit B.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92, except for the following: Defendants admit that the quote in Paragraph 92 is in the Form 8-K/A filed on February 12, 2019.

93. Defendants deny the allegations in Paragraph 93. Defendants lack knowledge or information sufficient to form a belief as to the authenticity or completeness of the purported City of San Diego emails appended to the Amended Complaint as Exhibit C.

94. Defendants deny the allegations in Paragraph 94, except for the following: Defendants admit that the quote in the second sentence was included in the Company's Form 10-K.

95. Defendants admit that Defendants Dingess, Pollack and Staunton, as members of the Company's Audit Committee, provide assistance to the Board of Directors in fulfilling its legal and fiduciary obligations with respect to matters involving the accounting, financial reporting, internal controls and compliance functions of the Company and provide general oversight with respect to the accounting principles employed in financial reporting and the adequacy of internal controls. Defendants also admit that the Code of Business Conduct and Ethics of Taronis Technologies, Inc. provides: "It is the Company's policy to comply fully with all applicable laws and regulations that apply to government contracting. It is also necessary to strictly adhere to all terms and conditions of any contract with local, state, federal, foreign or other applicable governments. The

CEO and legal counsel must review and approve all contracts with any government entity." Defendants deny the remaining allegations in Paragraph 95.

96.   Defendants deny the allegations in Paragraph 96.

97.   Defendants deny the allegations in Paragraph 97.

98.   Defendants deny the allegations in Paragraph 98.

99.   Defendants admit that Plaintiff provides a timeline summary of his allegations as Exhibit E to the Amended Complaint, but deny the truth of any such allegations.

100.   The allegations in Paragraph 100 attempt to state legal conclusions that are incorrect and that, in any event, do not require a response and, therefore, are denied.

101.   The allegations in Paragraph 101 attempt to state legal conclusions that are incorrect and that, in any event, do not require a response and, therefore, are denied.

102.   The allegations in Paragraph 102 attempt to state legal conclusions that are incorrect and that, in any event, do not require a response and, therefore, are denied.

103.   Defendants deny the allegations in Paragraph 103.  Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations concerning a "scheme" are legally deficient and Plaintiff may not pursue claims based on such allegations.

104.   Defendants deny the allegations in Paragraph 104.

105.   Defendants deny the allegations in Paragraph 105.

106.   Defendants admit that Plaintiff purports to bring his claim as a putative class action, but maintain that Plaintiff has failed to state a claim for relief and further deny that any class should be certified.

107.   The allegations in Paragraph 107 attempt to state legal conclusions that are incorrect and that, in any event, do not require a response and, therefore, are denied.

108.   The allegations in Paragraph 108 attempt to state legal conclusions that are incorrect and that, in any event, do not require a response and, therefore, are denied.

109.   The allegations in Paragraph 109 attempt to state legal conclusions that are

14

incorrect and that, in any event, do not require a response and, therefore, are denied.

110. The allegations in Paragraph 110 attempt to state legal conclusions that are incorrect and that, in any event, do not require a response and, therefore, are denied.

111. The allegations in Paragraph 111 attempt to state legal conclusions that are incorrect and that, in any event, do not require a response and, therefore, are denied.

112. In response to the allegations in Paragraph 112, Defendants repeat and reincorporate their responses set forth above as if fully set forth herein.

113. Defendants admit that this Count is purportedly asserted against Defendants Taronis and Mahoney pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) promulgated thereunder by the SEC, but deny that any such violations occurred. Defendants deny the remaining allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. In response to the allegations in Paragraph 123, Defendants repeat and reincorporate their responses set forth above as if fully set forth herein.

124. Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 124 are legally deficient, and Plaintiff may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 124. To the extent that a response to these allegations is required, Defendants admit that this Count is purportedly asserted against Defendants pursuant to Section 10(b) of the Exchange Act, 15

U.S.C. § 78j(b), and Rule 10b-5(a) and (c) promulgated thereunder by the SEC, but deny that any such violations occurred. Defendants deny the remaining allegations in Paragraph 124.

125. Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 125 are legally deficient, and Plaintiff may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 125. To the extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 125.

126. Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 126 are legally deficient, and Plaintiff may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 126. To the extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 126.

127. Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 127 are legally deficient, and Plaintiff may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 127. To the extent that a response to these allegations is required, Defendants admit that Defendants Pollack, Dingess, and Staunton served on the Audit Committee, but deny the remaining allegations in Paragraph 125.

128. Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 128 are legally deficient, and Plaintiff may not pursue claims based on such allegations. As such, Defendants are not required to admit or deny the allegations in Paragraph 128. To the extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 128.

129.    Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 129 are legally deficient, and Plaintiff may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 129.  To the extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 129.

130.    Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 130 are legally deficient, and Plaintiff may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 130.  To the extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 130.

131.    Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 131 are legally deficient, and Plaintiff may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 131.  To the extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 131.

132.    Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 132 are legally deficient, and Plaintiff may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 132.  To the extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 132.

133.    Consistent with the Court's April 8, 2020 Order, which granted in part and denied in part Defendants' Motion to Dismiss, the allegations in Paragraph 133 are legally deficient, and Plaintiff may not pursue claims based on such allegations.  As such, Defendants are not required to admit or deny the allegations in Paragraph 133.  To the

extent that a response to these allegations is required, Defendants deny the allegations in Paragraph 133.

134.    In response to the allegations in Paragraph 134, Defendants repeat and reincorporate their responses set forth above as if fully set forth herein.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, or any relief whatsoever, and deny any remaining allegations in these or any other portions of the Amended Complaint to the extent not expressly admitted or otherwise addressed herein.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants plead the following defenses:

### FIRST DEFENSE

Defendants maintain that the Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Pursuant to Federal Rule of Civil Procedure 8(b)(3), unless expressly admitted above, all contents of the Amended Complaint, including the allegations in the numbered paragraphs, headings, titles, and Prayer for Relief, are expressly denied.

### THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, because the Individual Defendants are not liable, and Plaintiff has not alleged and cannot prove that Taronis is liable without proving primary liability.

18

**FOURTH DEFENSE**

This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

**FIFTH DEFENSE**

Plaintiff cannot meet his burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

**SIXTH DEFENSE**

Plaintiff cannot meet his burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

**SEVENTH DEFENSE**

Plaintiff's purported claims and those of the putative class for control person liability are barred because the Individual Defendants at all times "acted in good faith and did not directly or indirectly induce" or control any acts constituting a violation of the securities laws. 15 U.S.C. § 78t(a).

**EIGHTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred due to the failure of the Amended Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the PSLRA as well as Plaintiff's inability to prove any such facts.

**NINTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred based on the

truth and sufficiency of all statements upon which the alleged claims are based.

**TENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

**ELEVENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred because the allegedly false and misleading statements identified by Plaintiff were immaterial.

**TWELFTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Defendants.

**THIRTEENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiff.

**FOURTEENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred in that Plaintiff has failed to plead its claims, or any strong inference of scienter or actual knowledge, with particularity, as required by the PSLRA, Fed. R. Civ. P. 9(b), or otherwise.

**FIFTEENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred due to Plaintiff's inability to prove facts demonstrating a strong inference of scienter, with regard to each Defendant and as to each alleged misstatement.

**SIXTEENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred because Plaintiff cannot prove reliance on any alleged statements or actions of the Defendants and Plaintiff is not entitled to the fraud on the market presumption of reliance.

**SEVENTEENTH DEFENSE**

Plaintiff's purported claims and those of the putative class are barred because Plaintiff cannot meet the burden of proving that there was an "efficient market" with respect to Taronis's stock.

### EIGHTEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the Defendants' actions or alleged omissions were not the direct or proximate cause of Plaintiff's averred damages and the requisite "loss causation" is lacking. *See* 15 U.S.C. § 78u-4(b)(4).

### NINETEENTH DEFENSE

Plaintiff's purported claims and those of the putative class are barred in whole or in part because the damages allegedly suffered (which Defendants contend there are none) are the proximate result of causes other than the acts, omissions, and occurrences alleged in the Amended Complaint, including as a result of affirmative and/or independent actions of one or more third persons or parties over whom Defendants had no control and for whom Defendants are not liable.

### TWENTIETH DEFENSE

Any decline in the value of Plaintiff's Taronis shares was caused by intervening and superseding causes.

### TWENTY-FIRST DEFENSE

Plaintiff's purported claims and those of the putative class are barred to the extent that they are founded on an aiding and abetting theory.

### TWENTY-SECOND DEFENSE

Plaintiff's purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the PSLRA, 15 U.S.C. § 78u-5(c), to the extent that they challenge forward-looking statements.

### TWENTY-THIRD DEFENSE

Plaintiff's purported claims and those of the putative class are barred because the Defendants did not employ any device, scheme, or artifice to defraud and did not engage

in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

### TWENTY-FOURTH DEFENSE

To the extent Defendants were in possession of any of the information Plaintiff claims they failed to disclose, which Defendants contend they were not, Defendants did not assimilate and comprehend the significance of that information.

### TWENTY-FIFTH DEFENSE

To the extent Defendants failed to disclose material information, which Defendants deny, the "truth-on-the-market" doctrine precludes Plaintiff's claims because the information at issue was credibly made available to the market by other sources.

### TWENTY-SIXTH DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Taronis stock.

### TWENTY-SEVENTH DEFENSE

The Amended Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any putative class members who did not trade shares between the time the alleged misrepresentations were made and the time the alleged "truth" was revealed.

### TWENTY-EIGHTH DEFENSE

Plaintiff's purported claims and those of the putative class are not actionable under the *Santa Fe* doctrine.

### TWENTY-NINTH DEFENSE

The purported claims of Plaintiff and some or all of the putative class are barred, in whole or in part, due to their failure to mitigate the damages they allegedly sustained as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law. Plaintiff and some or all of the putative class members are therefore barred from recovering any damages which might reasonably have been avoided.

**THIRTIETH DEFENSE**

Plaintiff and other putative class members lack standing to prosecute this action.

**THIRTY-FIRST DEFENSE**

Plaintiff's purported claims and those of the putative class are barred based on the doctrines of assumption of risk and estoppel because Plaintiff and the putative class had full knowledge of, and assumed and accepted, the hazards and risks associated with their investments.

**THIRTY-SECOND DEFENSE**

Plaintiff's purported claims and those of the putative class are barred to the extent the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations apply.

**THIRTY-THIRD DEFENSE**

Plaintiff's purported claims and those of the putative class are barred to the extent they have "unclean hands" and/or to the extent they engaged in acts and courses of conduct which rendered them *in pari delicto*.

**THIRTY-FOURTH DEFENSE**

Plaintiff's purported claims and those of the putative class are not actionable because Defendants acted within their reasonable business judgment.

**THIRTY-FIFTH DEFENSE**

Any recovery by Plaintiff and the putative class against Defendants would constitute unjust enrichment.

**THIRTY-SIXTH DEFENSE**

Plaintiff is not entitled to recovery of attorneys' fees, expenses, and other costs in this action.

**THIRTY-SEVENTH DEFENSE**

Plaintiff is not entitled to an award of punitive damages, pre-judgment interest, or post-judgment interest.

**THIRTY-EIGHTH DEFENSE**

23

Plaintiff's purported claims and those of the putative class are barred, in whole or in part, by Plaintiff's own actions, omissions, and/or negligence.

## THIRTY-NINTH DEFENSE

Any potential recovery by Plaintiff or the putative class members is subject to offset in the amount of any benefit received by Plaintiff or the putative class members through their investments.

## FORTIETH DEFENSE

Corrective statements during the putative class period effectively counterbalanced any misleading impression purportedly created by Defendants' alleged misstatements or omissions.

## FORTY-FIRST DEFENSE

Any potential recovery against Defendants is barred, in whole or in part, by virtue of the proportionate liability of, contribution by, and/or comparative fault of Plaintiff, putative class members and/or other persons or entities pursuant to the relevant provisions of the PSLRA, and/or principles of equitable allocation, recoupment, setoff, proportionate responsibility, comparative fault, any settlement credit and/or any other applicable law or doctrine.  Defendants are entitled to have the trier of fact apportion the percentage of fault (if any) among such persons or entities that the trier of fact finds responsible for any alleged violations of the federal securities laws.

## FORTY-SECOND DEFENSE

The claims of Plaintiff and any putative class members are barred, in whole or in part, because the alleged depreciation in the market price of Taronis's securities resulted from factors other than the misstatements or omissions alleged in the Amended Complaint.

## FORTY-THIRD DEFENSE

Defendants hereby incorporate by reference any and all other defenses asserted in the Motion to Dismiss (Doc. 45).

## Reservation of Rights to Assert Additional Defenses

Defendants reserve the right to raise any additional defenses, cross-claims, and

third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants having fully answered Plaintiff's Amended Complaint, pray:

(a)    that the Amended Complaint be dismissed with prejudice;

(b)    that judgment be entered in Defendants' favor;

(c)    that all costs of this action be taxed against Plaintiff; and

(d)    for such other and further relief as the Court deems proper.

Dated: April 22, 2020.

*s/ Laura Sixkiller*

Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:  (480) 606-5101

B. Warren Pope (admitted *pro hac vice*)
wpope@kslaw.com
Brian Barnes (admitted *pro hac vice*)
bbarnes@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Lisa Bugni (admitted *pro hac vice*)
lbugni@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

*s/Laura Sixkiller*
Laura Sixkiller
