Matthew M. Guiney (admitted *pro hac vice*)
guiney@whafh.com
Malcolm T. Brown (admitted *pro hac vice*)
brown@whafh.com
Kevin G. Cooper (admitted *pro hac vice*)
kcooper@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

*Lead Counsel for Lead Plaintiff Kui Zhu*
*and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KUI ZHU, on behalf himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARONIS TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. CV-19-04529-PHX-GMS<br><br>**PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. - 1 -

OVERVIEW OF THE LITIGATION .......................................................................................... - 2 -

OVERVIEW OF THE SETTLEMENT ....................................................................................... - 3 -

I.      THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL ................ - 4 -

II.     THE PROPOSED SETTLEMENT IS FAIR,
        REASONABLE, AND ADEQUATE ................................................................. - 6 -

        A.      Plaintiff and Plaintiff's Counsel Adequately Represented the Class ....... - 6 -

        B.      The Proposal Was Negotiated At Arm's Length ..................................... - 7 -

        C.      The Relief Provided For the Class Is Adequate ...................................... - 9 -

                1.      The Costs, Risks, and Delay of Trial and Appeal ....................... - 10 -

                2.      The Plan of Allocation is Fair and Reasonable ......................... - 12 -

                3.      The Notice Program Satisfies Rule 23,
                        the PSLRA, and Due Process ...................................................... - 13 -

III.    Certification of the Settlement Class is Appropriate ......................................... - 16 -

        A.      The Settlement Class is Sufficiently Numerous
                to Warrant Certification .......................................................................... - 18 -

        B.      There are Substantial Common Questions of Law and Fact ................... - 18 -

        C.      Plaintiff's Claims Are Typical of Other Settlement Class Members ..... - 18 -

        D.      Plaintiff and Plaintiff's' Counsel Have Adequately
                Represented the Settlement Class ........................................................... - 19 -

        E.      The Predominance and Superiority Requirement Are Satisfied ............ - 19 -

IV.     Proposed Settlement Schedule ........................................................................... - 20 -

CONCLUSION ......................................................................................................................... - 21 -

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **Page(s)**

*Acosta v. Trans Union, LLC*,
   243 F.R.D. 377 (C.D. Cal. 2007) ................................................................................ 6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................ 17, 20

*In re Am. Bank Note Holographics, Inc. Sec. Litig.*,
   127 F. Supp. 2d 418 (S.D.N.Y. 2001) ....................................................................... 13

*In re Am. Honda Motor Co., Oil Filter Prods. Liab. Litig.*,
   MDL No. 06-1737-CAS-PLAx, 2009 WL 1204495 (C.D. Cal. Apr. 17, 2009) ........... 16

*In re Banc of California Sec. Litig.*,
   2019 WL 6605884 (C.D. Cal. Dec. 4, 2019).............................................................. 7

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976) ................................. 17

*Cheng Jiangchen v. Rentech, Inc.*,
   2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ............................................................ 10

*Churchill Village, L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004)..................................................................................... 14

*Diamond Chem. Co. v. Akzo Nobel Chems. B.V.*,
   205 F.R.D. 33 (D.D.C. 2001) .................................................................................... 16

*In re Excess Value Ins. Coverage Litig.*,
   No. M-21-84RMB, MDL-1339, 2004 WL 1724980 (S.D.N.Y. July 30, 2004) ........... 7-8

*In re Extreme Networks, Inc. Sec. Litig.*,
   2019 WL 3290770 (N.D. Cal. July 22, 2019) .............................................................. 7

*Gerardo v. Quong Hop & Co.*,
   No. C 08-3953 JF (PVT), 2009 WL 1974483 (N.D. Cal. Jul. 7, 2009) ........................ 8

*Gribble v. Cool Transports Inc.*,
   No. CV 06-04863 GAF (SHx), 2008 WL 5281665 (C.D. Cal. Dec. 15, 2008).............. 8

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)......................................................................... 6, 16, 17

*Hefler v. Wells Fargo & Co.*,
   2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ....................................................... 6, 10

*Horton v. USAA Cas. Ins. Co.*,
   266 F.R.D. 360 (D. Ariz. 2009)................................................................................. 16

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019).................................................................................. 4-5

*Jaffe v. Morgan Stanley & Co.*,
  No. C 06-3903 TEH, 2008 WL 346417 (N.D. Cal. Feb. 7, 2008) .......................... 16, 17

*Louie v. Kaiser Found. Health Plan, Inc.*,
  No. 08cv0795 IEG RBB, 2008 WL 4473183 (S.D. Cal. Oct. 6, 2008) .......................... 9

*Mauss v. NuVasive, Inc.*,
  2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ................................................................. 10

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ......................................................................................... 9

*In re M.L. Stern Overtime Litig.*,
  No. 07-CV-0018-BTM (JMA), 2009 WL 995864 (S.D. Cal. Apr. 13, 2009) ............. 5, 6

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ................................................................................... 5

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ......................................................................................... 5

*In re Portal Software*,
  No. C-03-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) .......................... 14

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ......................................................................................... 5

*Schneider v. Traweek*,
  No. CV 88‑0905 RG (KX), 1990 WL 132716 (C.D. Cal. July 31, 1990) ..................... 17

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ....................................................................................... 17

*Stratton v. Glacier Ins. Adm'rs, Inc.*,
  No. 1:02-CV-06213 OWW DLB, 2007 WL 274423 (E.D. Cal. Jan. 29, 2007) ............ 14

*In re THQ, Inc., Sec. Litig.*,
  No. CV‑00-1783AHM(EX), 2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) ................ 17

*Weeks v. Kellogg Co.*,
  2013 WL 6531177 (C.D. Cal. Nov. 23, 2013)............................................................... 11

*Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983) ......................................................................................... 7

*Wilson v. Venture Financial Group, Inc.*,
  09-CV-6768-BHS, 2011 WL 219692 (W.D. Wash. Jan. 24, 2011)................................ 7

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010)................................................................................. 17, 18

*Yamner v. Boich*,
  No. C-92‑20597 RPA,1994 WL 514035 (N.D. Cal. Sept. 15, 1994)........................... 17

*Young v. LG Chem Ltd.*,
  783 Fed. Appx. 727 (9th Cir. 2019) ............................................................................... 5

*In re Zynga Securities Litigation,*
　No. 12-cv-4007-JSC, 2015 WL 6471171 (N.D. Cal. Oct. 27, 2015)........................ 10, 11


**STATUTES & RULES**

Federal Rules of Civil Procedure
　23 ............................................................................................................. 13, 14
　23(a)........................................................................................................................ 20
　23(a)(1)................................................................................................................... 18
　23(a)(4)................................................................................................................... 19
　23(b) ................................................................................................................. 19, 20
　23(b)(3).................................................................................................................... 19
　23(b)(3)(D) ............................................................................................................. 17
　23(c)(2).................................................................................................................... 13
　23(c)(2)(B)........................................................................................................... 15-16
　23(c)(3).................................................................................................................... 14
　23(e)..................................................................................................................... 5, 13
　23(e)(1)...................................................................................................................... 5
　23(e)(2)................................................................................................................... 5, 6
　23(e)(2)(A) ............................................................................................................... 6
　23(e)(2)(B) ............................................................................................................... 7
　23(e)(2)(C)(i) ......................................................................................................... 10
　23(e)(2)(C)(ii) ....................................................................................................... 12

Private Securities Litigation Reform Act ("PLSRA") ...................................................... 7, 13
　15 U.S.C. § 78u-4(a)(4).......................................................................................... 12
　15 U.S.C. § 78u-4(a)(7).......................................................................................... 14
　15 U.S.C. § 78u-4(a)(7)(A) .................................................................................... 15
　15 U.S.C. § 78u-4(a)(7)(C) .................................................................................... 15
　15 U.S.C. § 78u-4(a)(7)(D) .................................................................................... 15
　15 U.S.C. § 78u-4(a)(7)(E) ..................................................................................... 15

Securities Exchange Act of 1934 ................................................................................ 18


**OTHER AUTHORITIES**

4 Herbert Newberg & Alba Conte, *Newberg on Class Actions* (5th ed. 2014).................... 6

Laarni T. Bulan & Laura E. Simmons, Securities Class Action Settlements –
2019 Review and Analysis (Cornerstone Research 2020) ............................................... 10

MANUAL FOR COMPLEX LITIGATION ("MCL") (4th ed. 2004)........................... 5, 6, 15, 16

Lead Plaintiff Kui Zhu ("Plaintiff") hereby respectfully submits this Memorandum in support of the entry of the Preliminary Approval Order, which provides for:

1. Preliminary approval of the Proposed Settlement;

2. Provisional certification of a Settlement Class;

3. Approval of the form and method for giving notice, as provided in the Stipulation; and

4. Setting the date for a hearing (the "Settlement Hearing") to consider:

   (i) whether the Proposed Settlement provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court and implemented;

   (ii) fully certifying the Settlement Class;

   (iii) Plaintiff's Counsel's application for an award of attorneys' fees and expenses; and

   (iv) Plaintiff's application for an award of reimbursement for time and expense in litigating this action.

Defendants do not oppose the instant motion.[1]

### PRELIMINARY STATEMENT

The Parties have reached a proposed settlement of this securities class action (the "Proposed Settlement" or "Settlement") in which Defendants and/or their insurers, for the benefit of the Settlement Class, will deposit into escrow the amount of one million seven hundred thousand dollars ($1,700,000.00) within ten (10) calendar days following entry of the Order Preliminarily Approving Settlement of Class Action and Establishing Notice Procedures (the "Preliminary Approval Order"), attached as Exhibit A to the Stipulation of Settlement dated September 24, 2020 (the "Stipulation").[2]

---

[1] Because Defendants do not oppose the relief requested in this Motion, unless the Court requests further briefing, the Motion is now fully submitted for the Court's review.

[2] Unless otherwise defined, all capitalized terms have the same meaning as set forth in the Stipulation, which is filed simultaneously herewith.

The Proposed Settlement of $1,700,000 is an excellent result for this litigation. The Proposed Settlement was reached after over a year of contested litigation, which included, *inter alia*, the comprehensive investigation by Lead Plaintiff's counsel ("Plaintiff's Counsel") prior to filing the initial complaint and Amended Class Action Complaint; substantial efforts by all Parties in the full briefing and oral argument held upon Defendants' motion to dismiss; and the engagement of experts by both parties to evaluate the scope of the claims.

In an effort to resolve this Action, the Parties engaged Michelle Yoshida, Esq. as a mediator. The Parties briefed statements in anticipation of the mediation and participated in an all-day mediation session with Ms. Yoshida on August 5, 2020, virtually, with parties spanning the United States. The Parties reached an agreement in principle to settle the Action that day, ultimately pursuant to a mediator's proposal. Thereafter, the Settling Parties negotiated and executed the Stipulation.

Thus, the Proposed Settlement is the result of arm's-length negotiations conducted by experienced counsel, with the assistance of an experienced mediator, and represents a substantial recovery of the Settlement Class's estimated damages. As set forth herein, the Proposed Settlement warrants preliminary approval by this Court so that notice can be distributed to members of the Settlement Class and a Settlement Hearing can be scheduled to consider final approval of the Settlement.

## **OVERVIEW OF THE LITIGATION**

On April 15, 2019, this Action was filed in the Middle District of Florida alleging violations of the federal securities laws against Taronis Technologies, Inc. and certain of its officers and directors. (ECF No. 1). On June 21, 2019, this Action was transferred into this Court. (ECF No. 22). And on July 10, 2019 Plaintiff was appointed to lead this Action on behalf of other investors in Taronis during the Class Period. (ECF No. 29).

On August 30, 2019, Plaintiff filed an amended complaint which alleged in pertinent part, that the Company and the individual defendants violated the federal securities law by issuing materially false statements on January 28, 2019, and throughout

- 2 -

the Class Period (January 28, 2019 – February 12, 2019), concerning the Company executing a contract with the City of San Diego which did not exist. ¶¶1-2; 41; 56. The allegations included that the statements were issued as part of an effort to boost the Company's per share stock price above the Nasdaq stock exchange's requisite threshold in order to maintain listing on that exchange. ¶80. The factual allegations were bolstered by internal emails of the City of San Diego that concerned the Company and its statements that were uncovered through the investigation of Plaintiff's Counsel as well as interviews with pertinent non-parties. (ECF No. 36-1:3)

As alleged, starting on January 29, 2019, the non-existence of the contract gradually became disseminated to the market through the various actions of the City of San Diego, the defendants, as well as non-party investors following the Company. ¶¶66-74. At the end of the alleged Class Period, on February 12, 2019, the Company confirmed the information that had gradually entered the market by publicly issuing a statement that it did not have a formal binding contract, agreement, or long-term purchase commitment with the City of San Diego. ¶76.

As alleged, Company investors, including Plaintiff, were harmed through this misleading announcement and subsequent decline in the market value of the Company's securities. ¶81.

### OVERVIEW OF THE SETTLEMENT

On August 5, 2020, the Parties met with third-party mediator Michelle Yoshida, Esq. virtually for an all-day mediation session. In advance of the mediation, the Parties held separate conference calls with Ms. Yoshida and exchanged mediation briefs outlining the Parties' respective positions, expert damages analysis, and insurance policies. At the conclusion of the mediation, Ms. Yoshida made a mediator's proposal to settle the case for $1,700,000. Pursuant to the mediator's proposal, the Parties reached an agreement-in-principle to settle the case. Since that time, the Parties have negotiated and drafted the relevant settlement documentation attached hereto.

Plaintiff believes that the claims asserted in the Action are strong and that through discovery, additional evidence would be discovered to further support the claims. Nevertheless, Plaintiff recognizes and acknowledges the inherent problems of proof under, and possible defenses to, the securities law violations asserted in this Action, especially with respect to proof of falsity, loss causation, the maximum amount of recoverable damages available to the Settlement Class if Plaintiff prevails at trial, as well as the potential inability to enforce any judgment against a Company recently de-listed from the Nasdaq exchange and the expense and length of continued proceedings necessary to prosecute the Action against Taronis through trial and appeals.

Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this litigation, as well as the difficulties and delays inherent in such litigation. Thus, Plaintiff believes that the Proposed Settlement – which recovers approximately 17% of the Settlement Class' estimated maximum damages under Plaintiff's damages model and more than 100% of the estimated damages under the Defendants' damages model – is excellent and is in the best interests of the Settlement Class.

As set forth in the Stipulation, Defendants deny all charges of wrongdoing or liability against them arising out of any of the claims alleged in the Complaint. Nonetheless, Defendants have concluded that further litigation of the Action would be uncertain, protracted, and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the risks inherent in any litigation, especially in complex cases like this litigation.

## I.   THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Courts recognize that public policy strongly favors settlements to resolve disputes, "'particularly where complex class action litigation is concerned.'" *In re Hyundai & Kia*

*Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019)[3]; *see also Young v. LG Chem Ltd.*, 783 Fed. Appx. 727, 737 (9th Cir. 2019) (same). Moreover, courts should defer to "the private consensual decision of the parties" to settle and advance the "'overriding public interest in settling and quieting litigation.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("voluntary conciliation and settlement are the preferred means of dispute resolution").

As part of the settlement process, Fed. R. Civ. P. 23(e) requires judicial approval for any settlement of a class action. Such approval involves a two-step process by which the Court first determines whether a proposed settlement deserves preliminary approval which directs notice to all class members who would be bound by the proposal, and then, after notice is given to class members, whether final approval is warranted. *In re M.L. Stern Overtime Litig.*, No. 07-CV-0018-BTM (JMA), 2009 WL 995864, at \*3 (S.D. Cal. Apr. 13, 2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004); MANUAL FOR COMPLEX LITIGATION ("MCL") §13.14, at 173 (4th ed. 2004). By this motion, Plaintiff requests that the Court take the first step in the approval process – preliminary approval of the Proposed Settlement.

Pursuant to Rule 23(e)(1), as recently amended, the issue at preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."

Rule 23(e)(2) provides:

(2) Approval of the Proposal. If the proposal would bind class members, the court may approve it only if after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

_____

[3] All internal citations and quotations omitted unless otherwise noted.

- 5 -

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

In determining that these factors are likely met, the Court provides for notice of the Proposed Settlement to be given to Settlement Class Members, and schedules a hearing to consider final Settlement approval. *See* MCL §21.632, at 321 (4th ed. 2004); 4 Herbert Newberg & Alba Conte, *Newberg on Class Actions* §13:12 (5th ed. 2014); *In re M.L. Stern*, 2009 WL 995864, at *3. In granting preliminary approval of a settlement and ordering notice, the Court need only determine that the settlement is "*potentially* fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval, after such time as any party has had a chance to object and/or opt out." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (emphasis in original). Indeed, courts have consistently held that the function of the court in preliminarily reviewing a settlement is to determine whether the proposed settlement taken as a whole is fundamentally fair, adequate, and reasonable, and not to "delete, modify or substitute" provisions within a settlement agreement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

As set forth below, the Settlement meets the criteria for preliminary approval as set forth in Rule 23(e)(2) and is well within the range of what might be approved as fair, reasonable, and adequate.

## II.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

### A.   Plaintiff and Plaintiff's Counsel Adequately Represented the Class

Plaintiff and Plaintiff's Counsel have adequately represented the Class as required by Rule 23(e)(2)(A) by diligently prosecuting this Action and engaging in pre-discovery investigations that allowed for an efficient settlement of this litigation.  These vigorous efforts on behalf of the Class unquestionably satisfy the requirements of Rule 23(e)(2)(A). *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *6 (N.D. Cal. Dec. 18, 2018) ("*Hefler*") (reiterating, in finding Rule 23(e)(2)(A) satisfied for purposes of

finally approving settlement, that Class Counsel had vigorously prosecuted action through dispositive motion practice and mediation); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *7 (N.D. Cal. July 22, 2019) ("*Extreme Networks*") (same).

Plaintiff's Counsel has litigated this case since its inception in the Middle District of Florida, filing the initiating complaint, and undertook significant pre-discovery investigation in order to supplement the factual allegations to overcome the heavy burden necessary for the motion to dismiss under the PSLRA. These efforts resulted in an excellent recovery for the Class in light of the expense and length of continued proceedings necessary to prosecute the Action against Taronis through trial and appeals as well as the potential inability to enforce any judgment against a company recently de-listed from the Nasdaq exchange.

### B.    The Proposal Was Negotiated At Arm's Length

Rule 23(e)(2)(B) asks whether a proposed settlement is procedurally adequate, *i.e.*, whether "the proposal was negotiated at arm's length." The use of an experienced mediator to reach the settlement is an "important factor" supporting a finding this requirement is satisfied. *See In re Banc of California Sec. Litig.*, 2019 WL 6605884, at *2 (C.D. Cal. Dec. 4, 2019) ("*Banc of California*"); *Extreme Networks*, 2019 WL 3290770, at *7 (settlement procedurally fair where it was the product of "mediation sessions and follow-up communications supervised by an experienced mediator").

Indeed, there is an initial presumption that a proposed settlement is procedurally adequate as well as fair and reasonable when it is the result of arm's‑length negotiations. *See Wilson v. Venture Financial Group, Inc.*, 09-CV-6768-BHS, 2011 WL 219692, at *2 (W.D. Wash. Jan. 24, 2011) (preliminarily approving settlement where it "was a product of arm's-length negotiations and does not appear to benefit those who participated in the negotiation at the expense of any other parties."); *see also Williams v. Vukovich*, 720 F.2d 909, 922‑23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *In re Excess Value Ins. Coverage Litig.*, No. M-21-84RMB, MDL-1339, 2004 WL 1724980, at *10

(S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness.'").

Here, the Proposed Settlement was reached only after meaningful arm's‑length negotiations, which were facilitated by a respected mediator, Ms. Yoshida. Moreover, counsel for both sides have extensive experience in securities class action litigation and are thoroughly familiar with the factual and legal issues involved. The opinion of experienced counsel, as here, supporting the Proposed Settlement is entitled to considerable weight. *See Gribble v. Cool Transports Inc.*, No. CV 06-04863 GAF (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (quoting *Nat'l Rural Telecomms.*, 221 F.R.D. at 528); *see also Gerardo v. Quong Hop & Co.*, No. C 08-3953 JF (PVT), 2009 WL 1974483, at *3 (N.D. Cal. Jul. 7, 2009) (fact that proponents of settlement are experienced in this type of litigation supports preliminarily approving a proposed class action settlement).

Moreover, prior to reaching the Proposed Settlement, Plaintiff and Plaintiff's Counsel conducted a thorough investigation of the claims asserted in the Action. Plaintiff's Counsel has, among other things, conducted a review of Taronis' public filings with the SEC, press releases issued by the Company, media, analyst, and news reports about the Company, and other publicly available data, including trading data relating to the price and trading volume of Taronis' publicly traded securities.  In addition, Plaintiff's Counsel conducted confidential interviews of pertinent non-parties and retained damages consultants that provided advice and research on issues relevant to the litigation and settlement of the Action. Plaintiff's Counsel thus has carefully evaluated the merits of this case. Moreover, while Plaintiff and Plaintiff's Counsel fully believe in the merits of the Action, the very real risk remained that some or all of Plaintiff's claims might not survive Defendants' likely opposition to class certification, or summary judgment attacks regarding, *inter alia*, falsity, scienter, loss causation, or damages. Even

if the Complaint survived Defendants' opposition to class certification and eventual motion for summary judgment, continued prosecution of the action would be complex, expensive, and lengthy, with a more favorable outcome highly uncertain.  Moreover, the risk of collection of judgment significantly increased upon the Company's delisting of its shares from the Nasdaq stock exchange on April 30, 2020.

By contrast, entering into the Proposed Settlement now eliminates the very real risk that Plaintiff and the Settlement Class might receive a lesser (or zero) recovery. Thus, the Proposed Settlement represents an excellent resolution given the substantial risks of expense and delay of continued litigation and the maximum potential recovery the Settlement Class could have achieved had it ultimately prevailed, versus the certain and immediate recovery for the Settlement Class.

Defendants similarly entered into the Proposed Settlement only upon having aggressively litigated and meaningfully considered the risks of the claims against them. In sum, based on their familiarity with the factual and legal issues and their meaningful assessment of relative risks and costs of continued litigation, the Parties were able to negotiate the Proposed Settlement. To be sure, there was no collusion among the Parties.[4] *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The negotiations were at all times adversarial and at arm's-length, with the assistance of an experienced mediator, and produced a result that the Parties believe to be in their respective best interests.

### C. The Relief Provided For the Class Is Adequate

The $1,700,000 cash settlement is within the range of reasonableness under the circumstances so as to warrant preliminary approval of the Settlement and the issuance of

---

[4] Nor is there any preferential treatment of Plaintiff or any other Class Member. *See Louie v. Kaiser Found. Health Plan, Inc.*, No. 08cv0795 IEG RBB, 2008 WL 4473183, at *6-*7 (S.D. Cal. Oct. 6, 2008). *See* Sec. II.C.2, *supra*. The proposed Plan of Allocation provides formulas for calculating the recognized claim of each Settlement Class Member, based on each such person's purchases and sales of Taronis common stock on the open market during the Class Period.

notice to the Settlement Class. Here, Plaintiff estimates that the recovery represents approximately 17% of the total maximum damages potentially available in this Action under Plaintiff's damages model and more than 100% of the maximum damages under Defendants' damages model, assuming that liability was ultimately proven.  In light of these risks, this percentage recovery is an excellent result and exceeds the range of other securities class action settlements with similar total damage amounts. *See* Laarni T. Bulan & Laura E. Simmons, Securities Class Action Settlements – 2019 Review and Analysis at 6, Figure 5 (Cornerstone Research 2020) (median settlement as a percentage of estimated damages was 12.8% in 2019 for Rule 10b-5 cases involving under $25 million in damages); *Zynga*, 2015 WL 6471171, at *11 (14% recovery "exceeds the typical recovery" in securities fraud class action settlements); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *9 (C.D. Cal. Oct. 10, 2019) ("A 10% recovery of estimated damages is a favorable outcome in light of the challenging nature of securities class action cases.").

### 1.    The Costs, Risks, and Delay of Trial and Appeal

In evaluating the adequacy of the relief, Rule 23(e)(2)(C)(i) directs the Court to look at the costs, risks, and delay of trial and appeal in conjunction with the $1.7 million settlement which provides a significant and immediate benefit to the Class. *Hefler*, 2018 WL 6619983, at *3. "'[S]ecurities actions are highly complex and . . . securities class litigation is notably difficult and notoriously uncertain.'" *Id*. at *13; *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *6 (S.D. Cal. Dec. 6, 2018) ("NuVasive") (noting that "[s]ecurities class actions are complex actions to litigate" and involve "a complex and highly risky trial and likely post-trial appeals and motion practice").

While Plaintiff remains confident in the ability to ultimately prove the Class' claims at trial, Plaintiff would be required to prove all elements of his claims to prevail, while Defendants need only succeed on one defense to potentially defeat the entire action.

Here, Defendants advanced several arguments disputing both liability and damages. For example, Defendants raised numerous challenges disputing the falsity of their alleged misstatements and vigorously disputed scienter. Defendants also challenged Plaintiff's theory of loss causation and damages, arguing that it does not match their liability allegations and so could not support a jury verdict in Plaintiff's favor. *See Zynga*, 2015 WL 6471171, at *9 ("[I]n 'any securities litigation case, it is difficult for plaintiff to prove loss causation and damages at trial.'"). Defendants intended to proffer expert testimony that no damages could be properly attributed to the alleged fraud, and that even if the jury found some liability and damages, the maximum provable damages were less than 10% of the damages Plaintiff claimed.  These arguments and the fact that Defendants engaged competing expert witnesses to testify in support of Defendants' major defenses were substantial obstacles to Plaintiff's success at trial. *See, e.g., Weeks v. Kellogg Co.*, 2013 WL 6531177, at *13 (C.D. Cal. Nov. 23, 2013) ("The fact that this issue, which is at the heart of plaintiffs' case, would have been the subject of competing expert testimony suggests that plaintiffs' ability to prove liability was somewhat unclear; this favors a finding that the settlement is fair.").

Barring settlement, this case would require the expenditure of substantial additional sums of money, with no guarantee that any additional benefit would be provided to the Class. Even if Plaintiff succeeded at trial, Defendants would almost certainly file an appeal – a process that could further extend the litigation for years and risk reversal of the verdict in favor of Defendants.

Such a process can be lengthy, complex, and extremely costly. Conversely, the settlement confers a substantial and immediate benefit on the Class, and avoids the risks associated with obtaining a wholly speculative, but potentially larger, judgment several years from now.  Moreover, should such a judgment eventually be obtained, it is unclear on the collectability of such judgment given Taronis' delisting from the Nasdaq stock exchange this year.

The Settlement balances the risks, costs and delay inherent in complex cases evenly with respect to all parties. Given the risks of continued litigation and the time and expense that would be incurred to prosecute the Litigation through trial, the $1.7 million Settlement is a meaningful recovery that is in the Class's best interests

### 2.    The Plan of Allocation is Fair and Reasonable

Similarly, Rule 23(e)(2)(c)(ii) directs the Court to look at the effectiveness of an proposed method of distribution to class members, which herein is referred to as the Plan of Allocation.  The Plan for Allocation for distributing the proceeds of the Net Settlement Fund (after the payment of attorneys' fees and expenses, award for Lead Plaintiff, costs of administration, taxes, any payment under 15 U.S.C. §78u‑4(a)(4), and any other court-approved payments) is described at length in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice"), attached to the Stipulation as Exhibit A-1.  It was devised with the assistance of an experienced damages consultant, taking into account the price movement in Taronis stock during and just after the Settlement Class Period. Whether a member of the Settlement Class has sustained a loss that will entitle the Settlement Class Member to recover from the Settlement Fund will depend on the calculation of a "recognized loss" for that member.  The calculation of the "recognized loss" will depend on several factors, including (a) when each Settlement Class Member purchased the shares of Taronis, and (b) whether the Settlement Class Member sold such shares during or after the Settlement Class Period and, if so, when.

The proposed Plan of Allocation is based on Plaintiff's theory of the case and reflects Plaintiff's contention that the price of Taronis common stock was artificially inflated by false and misleading statements and material omissions made by Defendants during the Settlement Class Period.  According to the Plan of Allocation, each class member will be treated equitably relative to each other and there is no reason to doubt the fairness of the proposed Plan of Allocation for purposes of preliminary approval. Even at the final approval stage, "[a]n allocation formula need only have a reasonable, rational

basis [to warrant approval], particularly if recommended by 'experienced and competent' class counsel." *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 429‑30 (S.D.N.Y. 2001).

In light of the above considerations, the Proposed Settlement as a whole falls within the range of possible final approval and is an excellent result for the Settlement Class. The Court should, therefore, grant preliminary approval of the Proposed Settlement and direct that notice of the Proposed Settlement be given to members of the Settlement Class.

3.    The Notice Program Satisfies Rule 23, the PSLRA, and Due Process

The method and effectiveness of the proposed notice and claims administration process are effective.    Rule 23(e) governs notice requirements for settlements or compromises in class actions.    The Rule provides that a class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. Fed. R. Civ. P. 23(e). Here, the Parties propose to mail, by first class mail, the Postcard Notice, attached to the Stipulation as Exhibit A-4, and post on a website developed for the settlement the Notice the Proof of Claim and Release (the "Proof of Claim"), attached to the Stipulation as Exhibit A-1 and A-3, respectively, to all Settlement Class Members who can be identified with reasonable effort, as well as to brokerage firms and other nominees who regularly act as nominees for beneficial purchasers of stock. In addition, a summary notice (the "Summary Notice"), attached to the Stipulation as Exhibit A-2, will be published in print in *Investor's Business Daily*, a well-known, widely circulated business‑oriented publication, and on a different day, the Summary Notice will be published electronically on *GlobeNewswire*.

As required by Fed. R. Civ. P. 23(c)(2), the Notice will inform Settlement Class Members of the claims alleged in the Action, the terms of the Proposed Settlement, and their rights as Settlement Class Members to opt out or object to the Settlement, or otherwise object to the Plan of Allocation and/or the proposed attorneys' fees and

expenses. *See In re Portal Software*, 2007 WL 1991529, at *7 (mailed and published notices satisfy Rule 23(c)(3)); *Stratton v. Glacier Ins. Adm'rs, Inc.*, No. 1:02-CV-06213 OWW DLB, 2007 WL 274423, at *14 (E.D. Cal. Jan. 29, 2007) ("Notice is satisfactory in the context of settlement if it fairly apprises class members of the terms of the settlement in sufficient detail to afford them the opportunity to decide whether they should accept the benefits offered, opt out and pursue their own remedies, or object to the settlement."); *see Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.").

The Notice satisfies these requirements Rule 23 by setting forth in plain, easily understandable language:

- The nature of the action, *see* Notice p.3, "Summary of the Litigation";
- The Class definition, *see* Notice p. 1 and 2, "The Class Involved in the Proposed Settlement";
- A description of the claims at issue and the defenses to those claims, *see* Notice, p. 2, ("Potential Outcome of the Case" and "Reasons for Settlement");
- The Class Member's ability to be excluded and the process for exclusion from the Class, *see* Notice p. 5-7, "Requesting Exclusion from the Class" and "The Settlement Fairness Hearing"

The Notice also provides clear information about the time, date, and location of the Settlement Hearing and the process for submitting an objection to the Settlement and other relief to be requested by Plaintiff and Plaintiff's Counsel.

The Notice also meets the requirements of the PSLRA, 15 U.S.C. §78u‑4(a)(7). The Notice provides:

- A cover page summarizing the information contained in the Notice. 15 U.S.C. §78u‑4(a)(7); *see* Notice, p. 1-2;

- <u>A statement of plaintiff recovery, estimating a recovery of $0.43 per damaged share before deduction of Court approved fees and expenses and costs of notice and claims administration; the Notice further explains that under the Plan of Allocation, the actual amount recovered will vary greatly across the Class</u>, 15 U.S.C. §78u‑4(a)(7)(A); *see* Notice, p. 1, 4-5, "Proposed Plan of Allocation";

- <u>A statement of the potential outcome of the case including a statement concerning the issue or issues on which the Parties disagree</u>. 15 U.S.C. §78u‑4(a)(7)(B); *see* Notice p. 2, "Potential Outcome of the Case" and "Reasons for settlement";

- <u>A statement of attorneys' fees or costs sought, including a summary of this information on the cover page</u>. 15 U.S.C. §78u‑4(a)(7)(C); *see* Notice p. 2, "Attorneys' Fees and Costs Sought";

- <u>Information on how to contact the Claims Administrator and/or Class Counsel, including names, addresses, telephone numbers, and a website</u>. 15 U.S.C. §78u‑4(a)(7)(D); *see* Notice p.8-9, "Further Information";

- <u>A discussion of the reasons for Proposed Settlement, including the factors Plaintiff and Defendants considered in reaching the Proposed Settlement</u>. 15 U.S.C. §78u‑4(a)(7)(E); *see* Notice p.2, "Reasons For Settlement".

Thus, the Parties have carefully drafted the notice provisions of the Proposed Settlement to provide the best notice practicable to the Settlement Class and respectfully submit that the Notice, the Summary Notice, and the Postcard Notice, which are annexed as Exhibits A-1, A-2, and A-4 to the Stipulation, are adequate.

Moreover, the proposed notice procedure takes into account the identity and location of the Settlement Class Members and specifies the most practicable method of providing notice to them. The traditional methods of providing notice proposed in this case are precisely those recognized as reasonably calculated to notify class members of a proposed settlement. *See* MCL §21.312, at 294. Indeed, courts have found that notice substantially equivalent to that provided for in this Proposed Settlement constituted the "best notice practicable under the circumstances," satisfying the requirements of Fed. R.

Civ. P. 23(c)(2)(B). *In re Am. Honda Motor Co., Oil Filter Prods. Liab. Litig.*, MDL No. 06-1737-CAS-PLAx, 2009 WL 1204495, at *4 (C.D. Cal. Apr. 17, 2009); *Diamond Chem. Co. v. Akzo Nobel Chems. B.V.*, 205 F.R.D. 33, 34 (D.D.C. 2001); *see generally* MCL §21.633, at 321‑22. The generally accepted method to provide notice to class members is by direct mail and publication in newspapers. *Am. Honda*, 2009 WL 1204495, at *4 (approving of such notice plan); *see also Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 367 (D. Ariz. 2009) (approving notice program where notice was mailed to class members identified from database records, summary notice was published, and settlement website was maintained for further information); *Jaffe v. Morgan Stanley & Co.*, No. C 06-3903 TEH, 2008 WL 346417, at *12 (N.D. Cal. Feb. 7, 2008) (direct mailing sufficient). In sum, in addition to adequate content, the manner of providing notice is fair and adequate.

Finally, Plaintiff respectfully requests the appointment of Strategic Claims Services, an experienced and diligent administrator, as Claims Administrator. As Claims Administrator, Strategic Claims Services will be responsible for, among other things, mailing the notices to the Settlement Class, reviewing claims from Settlement Class Members, claims administration, and compiling a distribution schedule to Settlement Class Members.

**III.    CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE**

At the hearing on final approval of the Settlement, the Court will be asked to grant final approval to the Settlement on behalf of the Settlement Class. For that reason, it is appropriate for the Court to consider, at the preliminary approval stage, whether the certification of the Settlement Class appears to be appropriate. *Hanlon*, 150 F.3d at 1019; *Jaffe*, 2008 WL 346417, at *2.

This Litigation satisfies all the factors for certification of a class and, if the action were proceeding toward trial, class certification would be appropriate. Certainly, in the context of the Proposed Settlement, the preliminary certification of a Settlement Class is

warranted.[5]  The Ninth Circuit and numerous courts within the Ninth Circuit have held that class actions are generally favored in securities fraud actions. *Blackie v. Barrack*, 524 F.2d 891, 902-03 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). "[T]he law in the Ninth Circuit is very well established that the requirements of Rule 23 should be liberally construed in favor of class action cases brought under the federal securities laws." *In re THQ, Inc., Sec. Litig.*, No. CV‑00-1783AHM(EX), 2002 WL 1832145, at *2 (C.D. Cal. Mar. 22, 2002); *Schneider v. Traweek*, No. CV 88‑0905 RG (KX), 1990 WL 132716, at *6 (C.D. Cal. July 31, 1990)); *see also Yamner v. Boich*, No. C-92‑20597 RPA,1994 WL 514035, at *2 (N.D. Cal. Sept. 15, 1994) (finding that the "Ninth Circuit favors a liberal use of class actions to enforce federal securities laws").

Under Fed. R. Civ. P. 23(a), a class may be certified if it is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010). In addition, the court must find that at least one of the three conditions of Fed. R. Civ. P. 23(b) is satisfied. *Id.*  Under subsection (b)(3), the court must find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Id.*; *Jaffe*, 2008 WL 346417, at *7.[6]

This Action clearly satisfies each of the requirements for the certification of a

---

[5]  Indeed, "[w]hether trial would present intractable management problems, *see* Rule 23(b)(3)(D), is not a consideration when settlement‑only certification is requested, for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 593 (1997).

[6]  "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019; *accord Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003).

settlement class.

### A.    The Settlement Class is Sufficiently Numerous to Warrant Certification

Rule 23(a)(1) requires the class to be so large that joinder of all members is impracticable. The number of purchasers of Taronis' common stock during the Settlement Class Period, and hence the number of members of the Settlement Class, number in the thousands. As of April 8, 2019 Taronis had over 24.2 million shares of common stock outstanding. ¶107. Additionally, the Settlement Class Members are located in numerous jurisdictions throughout the United States. Thus, a group this large and geographically diverse is too large and unwieldy to join in a single action.

### B.    There are Substantial Common Questions of Law and Fact

A proposed settlement class has sufficient commonality to justify certification where there are substantial questions of law and fact common to the class. *See Wolin,* 617 F.3d at 1172. Here, there are numerous questions of law and fact common to the Settlement Class. If the Action were to proceed, such common questions would include whether the provisions of the Exchange Act were violated by Defendants' acts as alleged in the Complaint; whether the statements issued by Defendants to the investing public misrepresented material facts about the Company and its business relationship with the City of San Diego; and whether the gradual revelation of the truth about Defendants' alleged misrepresentations to the investing public resulted in a decline in the price of Taronis common stock. In the context of the Settlement Class, additional common questions include whether the Proposed Settlement is fair, reasonable, and adequate; and whether the Proposed Settlement should be approved. Thus, the Settlement Class should be preliminarily approved.

### C.    Plaintiff's Claims Are Typical of Other Settlement Class Members

The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class. Like the other Settlement Class Members, Plaintiff purchased Taronis securities during the Settlement Class Period, at a time when Defendants' alleged

- 18 -

misrepresentations had not been fully disclosed to the market. Plaintiff alleges that Defendants' undisclosed misrepresentations resulted in artificial inflation of the price of the Taronis' common stock that Plaintiff purchased and that, upon disclosure of the alleged misrepresentations, the value of the common stock purchased by Plaintiff declined. The other members of the Settlement Class were affected in the same ways. Similarly, the interest of Plaintiff in obtaining a fair, reasonable, and adequate settlement of the claims asserted is identical to the interests of the remaining Settlement Class Members. Under the proposed Plan of Allocation, Lead Plaintiff will receive the same pro rata share of the Settlement Fund as the rest of the Settlement Class. Accordingly, the typicality requirement is met.

### D.    Plaintiff and Plaintiff's' Counsel Have Adequately Represented the Settlement Class

Plaintiff has prosecuted the Action, negotiated with Defendants, and obtained a Proposed Settlement representing a significant percentage of the losses allegedly suffered by members of the Settlement Class. Pursuant to the proposed Plan of Allocation, the estimated average recovery per share of common stock will be approximately $0.43 per share before the deduction of Court-approved fees and expenses and costs of notice and claims administration. Moreover, Lead Plaintiff has retained, and is represented by, highly qualified counsel with extensive experience in the prosecution of securities class actions. *See* Dkt. No. 15 at Ex. 4; (Plaintiff's Counsel's firm resume). Thus, Plaintiff has fairly and adequately protected and advanced the interests of the Settlement Class, and the requirements of Rule 23(a)(4) are met.

### E.    The Predominance and Superiority Requirement Are Satisfied

Under Rule 23(b)(3), a class may be certified if a court finds that common questions of law or fact predominate over individual questions, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Here, the proposed Settlement Class satisfies the requirements of Rule 23(b) in that, as described above, the questions of law or fact common to the members of the

- 19 -

Settlement Class clearly predominate over any questions affecting individual members. Moreover, damages suffered by members of the Settlement Class are not sufficient to make it economical to prosecute separate actions in order to recover individual losses sustained as a result of Defendants' alleged violations of the securities laws. *Amchem Prods.*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action…A class action solves this problem…"). Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

As demonstrated by the foregoing, the proposed Settlement Class satisfies each of the requirements for the certification of a class pursuant to Fed. R. Civ. P. 23(a) and at least one of the factors enumerated in Rule 23(b). The certification of the Settlement Class is, therefore, warranted.

## IV.    PROPOSED SETTLEMENT SCHEDULE

The Court's entry of the proposed Preliminary Approval Order would, among other things, (i) provisionally certify, for settlement purposes, this Action as a class action; (ii) direct notice of the Proposed Settlement to all members of the Settlement Class; and (iii) schedule the Settlement Hearing to consider whether the Proposed Settlement should be approved as being fair, reasonable, and adequate. As such, the Preliminary Approval Order sets a proposed schedule for mailing and publication of the Notice and Summary Notice, and deadlines for submitting claims and/or objecting to the Proposed Settlement or opting out of the Settlement Class.

Plaintiff recommends the schedule set forth below. Defendants agree to the proposed schedule setting the Settlement Hearing a minimum of 100 days after the granting of the Preliminary Approval Order. The Parties also agree to the schedule for the other dates, as provided for in the proposed Preliminary Approval Order (Exhibit A to the Stipulation):

| | |
|---|---|
| Postcard Notice Mailed to Class Members (Preliminary Approval Order, ¶7) | 20 calendar days after entry of the Preliminary Approval Order |
| Notice published (Preliminary Approval Order, ¶15) | 20 calendar days after entry of the Preliminary Approval Order |
| Settlement Hearing (Preliminary Approval Order, ¶19) | To be determined by the court, Lead Plaintiff propose the hearing be set a minimum of 100 days after the entry of a Preliminary Approval Order |
| Deadline for Plaintiff to file papers in support of final approval and application for fees and expenses (Preliminary Approval Order, ¶26) | 35 calendar days prior to the Settlement Hearing |
| Deadline for Objections to the Settlement, the proposed Plan of Allocation, and the request for attorneys' fees and expenses (Preliminary Approval Order, ¶16) | 21 calendar days prior to the Settlement Hearing |
| Deadline to request exclusion from the Settlement (Preliminary Approval Order, ¶13) | 21 calendar days prior to the Settlement Hearing |
| Deadline to file papers in further support of final approval and application for fees and expenses (Preliminary Approval Order, ¶26) | 7 calendar days prior to the Settlement Hearing |
| Deadline for submitting Proof of Claim forms (Preliminary Approval Order, ¶10 | 7 days prior to the Settlement Hearing |

## CONCLUSION

Plaintiff respectfully requests that the Court enter the Preliminary Approval Order: (1) granting preliminary approval of the Settlement; (2) preliminarily certifying the Settlement Class; (3) directing dissemination of the Postcard Notice; (4) setting a deadline to submit objections to the Settlement, Plan of Allocation, Plaintiff's Counsel's fee and expense award, or the Plaintiff's cost and expense award; (5) setting a deadline by which Settlement Class Members may request exclusion from the Settlement Class; (6) setting a deadline for Settlement Class Members to submit completed Proof of Claim and Release forms; and (7) scheduling a date and time for the Settlement Hearing.

Dated: September 25, 2020

/s/ Matthew M. Guiney
Matthew M. Guiney (admitted *pro hac vice*)
guiney@whafh.com
Malcolm T. Brown (admitted *pro hac vice*)
brown@whafh.com
Kevin G. Cooper (admitted *pro hac vice*)
kcooper@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114

*Lead Counsel for Lead Plaintiff Kui Zhu
and the Proposed Class*


JOHNSTON FISTEL LLP
Michael I. Fistel, Jr.
michaelf@johnsonfistel.com
40 Powder Springs Street
Marietta, GA 30064
Tel: (470) 632-6000
Fax: (770) 200-3101

*Additional Counsel for Lead Plaintiff Kui Zhu*

/807149

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

/s/ Matthew M. Guiney

Matthew M. Guiney
