Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101
dlaphx@us.dlapiper.com

*Attorney for Defendants*

Matthew M. Guiney (*pro hac vice*)
Malcolm T. Brown (*pro hac vice)*
Kevin G. Cooper (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel:  (212) 545-4600
Fax:  (212) 686-0114
guiney@whafh.com
brown@whafh.com
kcooper@whafh.com

*Lead Counsel for Lead Plaintiff Kui Zhu and the Proposed Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| KUI ZHU, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>TARONIS TECHNOLOGIES, INC., *et al.*,<br><br>              Defendants. | Case No.  CV-19-04529-PHX-GMS<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

///

///

///

///

///

///

This Stipulation and Agreement of Settlement, dated as of September 24, 2020 (the "Stipulation") is entered into between (a) Kui Zhu ("Lead Plaintiff"), on behalf of himself and the Class (defined below); and (b) defendants Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton (collectively, the "Defendants") (Lead Plaintiff and Defendants shall collectively be referred to as the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, waive, discharge, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) and all Released Defendants' Claims (also defined below), both of which include Unknown Claims.

WHEREAS:

A.      On April 15, 2019, Plaintiff Chad Hatten filed a putative class action complaint in the United States District Court for the Middle District of Florida, styled *Hatten v. Taronis Technologies, Inc., et al.*, Case No. 8:19-cv-00889, asserting federal securities claims against Taronis Technologies, Inc. ("Taronis") and Defendants.

B.      On June 21, 2019, the court entered an order transferring the Action to the District of Arizona (the "Court").

C.      On July 10, 2019, the Court appointed Kui Zhu as Lead Plaintiff for the Action and approved Lead Plaintiff's section of Matthew M. Guiney and Kevin G. Cooper of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel.

D.      On August 30, 2019, Lead Plaintiff filed and served the First Amended Class Action Complaint ("Amended Complaint") asserting claims against Taronis and Defendants, under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants under Section 20(a) of the Exchange Act. The Amended Complaint alleged that Taronis and Defendants made materially false and misleading statements about Taronis's contract with the City of San Diego. The Complaint further alleged that the price of Taronis's

2

common stock was artificially inflated as a result of the allegedly false and misleading statements and declined when the truth was revealed.

E.    On October 14, 2019, Taronis and Defendants filed and served a motion to dismiss the Amended Complaint.  On November 27, 2019, Plaintiffs served and filed their memorandum of law in opposition to the motion to dismiss and, on December 24, 2019, Taronis and Defendants served their reply papers.  The Court heard oral argument on the motion on February 21, 2020.  On April 8, 2020, the Court granted in part and denied in part the motion to dismiss the Amended Complaint.

F.    The Parties thereafter discussed the possibility of resolving the litigation through settlement and agreed to mediation before Michelle Yoshida, of Phillips ADR. On July 8, 2020 and July 22, 2020, the Parties exchanged detailed opening and reply mediation statements with numerous exhibits that were also submitted to Ms. Yoshida.  A full-day mediation session with Ms. Yoshida was held by video on August 5, 2020.  At the mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Ms. Yoshida and were able to reach an agreement on a mediator's proposal.

G.    On August 5, 2020, the Parties agreed to the terms of a settlement in principle to settle the Action in return for a cash payment by or on behalf of Defendants of $1,700,000 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

H.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

I.    Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of

this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

J.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants and Taronis denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or Taronis with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants or Taronis have, or could have, asserted.  Defendants and Taronis expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

4

(a)    "Authorized Claimant(s)" means a Class Member who or which submits to the Claims Administrator a Claim Form that is approved by the Court for payment from the Net Settlement Fund.

(b)    "Claim," "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A or in electronic format, that a Claimant must complete and submit to the Claims Administrator in order to be eligible to share in a distribution of the Net Settlement Fund.

(c)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the Net Settlement Fund.

(d)    "Claims Administrator" means Strategic Claims Services, the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(e)    "Class" means all persons and entities who purchased or otherwise acquired Taronis Technologies, Inc. common stock between January 28, 2019, and February 12, 2019, both dates inclusive, and were damaged thereby. Excluded from the Class are Defendants, current and former officers and directors of Taronis, members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Class.

(f)    "Class Member(s)" means each person and entity who or which is a member of the Class.

(g)    "Class Period" means the period between January 28, 2019, and February 12, 2019, both dates inclusive.

(h)    "Defendants' Counsel" means the law firms of King & Spalding LLP and DLA Piper LLP.

(i)    "Defendants' Releasees" means Defendants and Taronis, together

5

with their past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant or Taronis has a controlling interest, and each of their past, present, or future officers, directors, agents, employees, general partners, limited partners, members, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), and Immediate Family members, and the legal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, predecessors, successors in interest, or assigns of any of the foregoing

(j)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred, or have been waived.

(k)    "Escrow Account" means an account maintained at Signature Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of the Escrow Agent.

(l)    "Escrow Agent" means Signature Bank, which has been selected by Lead Counsel to be responsible for overseeing, safeguarding, and distributing the Escrow Account.

(m)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(n)    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all

6

material respects and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or rehearing or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses or awards to Lead Plaintiff, Lead Counsel, or other class representatives, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(o) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(p) "Judgment" means the document, substantially in the form attached hereto as Exhibit B, entered by the Court approving the Settlement.

(q) "Lead Counsel" means the law firm Wolf Haldenstein Adler Freeman & Herz LLP.

(r) "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing, prosecuting and settling the Action (which may include the reasonable costs and expenses of Lead Plaintiff directly related to their representation of the Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(s) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; (v) any fees,

expenses, or costs awarded by the Court to Lead Plaintiff; and (vi) any other costs or fees approved by the Court.

(t)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be to be posted as set forth in the Preliminary Approval Order, as well as the "Postcard Notice," substantially in the form attached hereto as Exhibit 4 to Exhibit A which is to be mailed to potential Class Members.

(u)    "Notice and Administration Costs" means the costs, fees, and expenses that are reasonably and actually incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the reasonably and actually incurred costs, fees, and expenses incurred in connection with the Escrow Account.

(v)    "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Class.

(w)    "Plaintiffs' Counsel" means Lead Counsel, and Johnson Fistel LLP.

(x)    "Plaintiffs' Releasees" means (i) Lead Plaintiff, his attorneys, and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, predecessors, successors, and assigns of each of the persons or entities listed in (i) and (ii), in their capacities as such.

(y)    "Plan of Allocation" means Lead Plaintiff's proposed plan set forth in the Notice to be utilized for determining the allocation of the Net Settlement Fund, as submitted or subsequently modified.

(z)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(aa)  "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(bb)  "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. "Released Defendants' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Class that is accepted by the Court ("Excluded Defendants' Claims").

(cc)  "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether pleaded or unpleaded, whether

suspected or unsuspected, that Lead Plaintiff or any other Class Member (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in the Action and/or that relate to the purchase, acquisition, or ownership of shares of Taronis common stock during the Class Period. "Released Plaintiffs' Claims" does not include (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court ("Excluded Plaintiffs' Claims").

(dd)  "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(ee)  "Releases" means the releases set forth in ¶¶ 4-6 of this Stipulation.

(ff)  "Settlement" means the settlement on the terms and conditions set forth in this Stipulation.

(gg)  "Settlement Amount" means one million seven hundred thousand United States dollars (US $1,700,000.00) to be paid by check(s) or wire transfer(s) to the Escrow Agent pursuant to ¶ 8 of this Stipulation. Defendants' Releasees shall not have any obligation whatsoever to pay any amount over and above the Settlement Amount. Such amount is paid as consideration for full and complete settlement of all the Released Plaintiffs' Claims.

(hh)  "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ii)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(jj)  "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially

10

in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(kk) "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) arising with respect to any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ll) "Tax Expenses" means the expenses and costs incurred by Lead Counsel or Escrow Agent in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns for the Settlement Fund).

(mm) "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims. This includes any such claims which, if known by such party, might have affected such party's settlement with and release of a released party, or might have affected such party's decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred by California Civil Code § 1542, as well as by any law of any state or territory of the United

11

States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which any Party  or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, compromise, settle, discharge, extinguish, and release, fully, finally, and forever, and each of the other Class Members shall be deemed to have, and by operation of the Judgment shall have, waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, whether known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.     Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of, *inter alia*, final approval of the Settlement and Lead Counsel's application for an award of reasonable attorneys' fees and reimbursement of Litigation Expenses. Lead Plaintiff's motion for preliminary approval shall be unopposed by Defendants, and the Settlement Fairness Hearing shall be scheduled for no earlier than 100 days following the execution of this Settlement. Concurrently with the motion for preliminary approval,

Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3. The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Class Member (collectively, the "Releasing Party Plaintiffs"), shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, remised, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees, in this Action or in any other proceeding, whether or not such Releasing Party Plaintiff executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. This Release shall not apply to any Excluded Plaintiffs' Claims.

5. Pursuant to the Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be

13

barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

6.    To the fullest extent permitted by law, and as to be provided in the proposed Judgment, all persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of actions for contribution, indemnity, or otherwise against the Defendants' Releasees seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement arising out of, relating to, or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity as claims, cross-claims, counterclaims, third-party claims or otherwise, in this Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum.

7.    Notwithstanding ¶¶ 4-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## **THE SETTLEMENT CONSIDERATION**

8.    In consideration of the full settlement of the claims asserted in the Action against Defendants and the Defendants' Releasees and the Releases specified in ¶¶ 4-6 above, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account by the later of: (i) thirty (30) days after the entry of the Preliminary Approval Order, substantially in the form annexed as Exhibit A; or (ii) thirty (30) days after receipt by Defendants of complete payment instructions, including a W-9 form.

9.    Defendants' Releasees' sole monetary obligation under the Settlement, including in connection with the provision and administration of notice and the

14

administration of the Settlement and any costs associated therewith (except for the provision of notice pursuant to CAFA as detailed in ¶ 39 hereof) and any attorneys' fees or costs awarded by the Court, is the Settlement Amount, and Defendants' Releasees shall not be liable for any other amount or amounts.

10.    Other than the obligation to pay or cause to be paid the Settlement Amount into the Escrow Account within the time period set forth in ¶ 8, the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

**USE OF SETTLEMENT FUND**

11.    The Settlement Fund shall be used to pay:  (a) any Taxes and Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; (e) any fees, expenses, or costs awarded to Lead Plaintiff by the Court; and (f) any other costs or fees approved by the Court. Under no circumstances will Defendants' Releasees be required to pay more than the Settlement Amount.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 20-29 below.

12.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and

15

shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed, or returned, pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. Provided the Escrow Agent invests the Settlement Fund as set forth herein, the Escrow Agent shall have no liability whatsoever with respect to any investment decision made in connection with Settlement Fund.

13. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Taxes or Tax Expenses owed with respect to the Settlement Fund shall be timely paid by the Escrow Agent out of the Settlement Fund. The Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary

16

or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

14.    All Taxes and Tax Expenses shall be paid out of the Settlement Fund, and in all events the Defendants' Releasees, Lead Plaintiff, and Lead Counsel shall have no liability or responsibility whatsoever for the payment of Taxes or Tax Expenses. Taxes and Tax Expenses shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 13 and 14 of this Stipulation.

15.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, none of the Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16.    Lead Counsel may approve payment from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable; *provided, however*, that Lead Counsel may only approve up to $175,000 in Notice and Administration Costs prior to the Settlement Fairness Hearing without further Court approval. Such costs and expenses

17

shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants' Releasees or any other person or entity who or which paid any portion of the Settlement Amount.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

17.    Lead Counsel will apply to the Court for an award of reasonable attorneys' fees to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

18.    Lead Counsel will be entitled to payment of any and all attorneys' fees and Litigation Expenses that are awarded by the Court, including any interest thereon, immediately upon the award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel, including its partners, and such other counsel for Lead Plaintiff, including any law firms, partners, and/or shareholders who received any portion of fee and expense

award, shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  The procedure for, the allowance or disallowance of, and the amount of any attorneys' fees and/or Litigation Expenses are not necessary terms of this Stipulation, are not conditions of the Settlement embodied herein, and shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.  The approval of the Settlement, and its becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Counsel, nor any appeals from such awards.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Action set forth herein.

19.    Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund.  With the sole exception of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 8 above, the Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment (including taxes) of attorneys' fees and/or Litigation Expenses to Lead Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

20.    As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the

19

Settlement, including, but not limited to, the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Members or Lead Counsel, in connection with the foregoing or any other aspect of the administration, investment, or distribution of the Settlement, Settlement Amount and/or Settlement Fund. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, the Claims Administrator shall mail or email the Postcard Notice to those members of the Class as may be identified through reasonable effort. The Claims Administrator shall publish the Notice and Claim Form and Summary Notice in accordance with the terms of the Preliminary Approval Order to be entered by the Court. The Claims Administrator shall, among other duties and obligations, receive Proofs of Claim and determine whether they present valid claims in whole or part, work with Class Members as needed to help them supplement or clarify their Proofs of Claim, and determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation, or in such other plan of allocation as the Court approves)..

22. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or

20

any other plan of allocation approved in this Action.  Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.  Defendants' Releasees shall not object in any way to Lead Plaintiff's Plan of Allocation or any other plan of allocation in this Action.  None of the Defendants' Releasees shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.    Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.    The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Settlement Fund to Authorized Claimants.  None of the Defendants' Releasees shall have any responsibility for, interest in, or liability for any decision.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by

21

such documents as are designated therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or the Defendants' Releasees with respect to any Released Plaintiffs' Claim.  A Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right

22

to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.    No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, Lead Plaintiff's damages consultant/expert, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) of Tax Expenses owed by the Settlement Fund, or any losses incurred in connection therewith.

28.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Class Members, other Claimants, and the Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

29. It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim and Release, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Neither Defendants' Releasees nor Defendants' Counsel shall have any responsibility or liability whatsoever with respect to the Notice and Administration Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.

## TERMS OF THE JUDGMENT

30. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

31. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b) the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c) Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement;

(d) Plaintiff has not exercised its option to terminate the Settlement

24

pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

32.    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 8 of this Stipulation, then Lead Plaintiff in its sole discretion, and not Defendants, shall have the right to terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of Final Judgment. Notwithstanding the foregoing, Defendants shall have a period of ten (10) business days after Lead Plaintiff provides written notice of their intent to terminate the Settlement and Stipulation in which to cure the alleged non-compliance with ¶ 8 of this Stipulation.  If Defendants cure such alleged non-compliance within that ten (10) business day period, then Lead Plaintiff shall not have the right to terminate the Settlement and Stipulation.

33.    Simultaneously herewith, Lead Plaintiff and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at Defendants' sole discretion if Class Members who meet certain criteria exclude themselves from the Class.  The Supplemental Agreement shall not be filed with the Court, except that the Supplemental Agreement and/or its contents may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court.  The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose them.

34.    Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of any of the Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective.

35.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Lead Plaintiff exercises its right to

terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of the date immediately prior to the execution of this Stipulation;

(c)    the terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 16, 18, and 37, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc; and

(d)    Within thirty (30) days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes and Tax Expenses paid, due or owing shall be returned by the Escrow Agent to Defendants.  In the event that the funds received by Lead Counsel consistent with ¶ 18 above have not been refunded to the Settlement Fund within the thirty (30) days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants immediately upon their deposit into the Escrow Account consistent with ¶ 18 above.  In addition, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for the refund to the Defendants in the same manner as the Settlement Fund described in this Paragraph.  Such payments shall be pursuant to written instructions from Defendants' Counsel.

36.    It is further stipulated and agreed that Lead Plaintiff, on the one hand, and Defendants, on the other hand, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination

Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; and in the event of any such termination the provisions of ¶ 35 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

## NO ADMISSION OF WRONGDOING

37. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be

27

necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants' Releasees;

(c)    shall be offered against Lead Plaintiff or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Lead Plaintiff or any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiff or any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### **MISCELLANEOUS PROVISIONS**

38.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants, at their own cost,

shall serve proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

40.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Lead Plaintiff and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or of 28 U.S.C. Section 1927, or otherwise make any accusation of wrongful or actionable conduct by any other Party, relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.    In all events, Lead Plaintiff and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

42.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

43.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.    Pending approval of the Court of this Stipulation and its exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the

29

Defendants' Releasees.

45.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

46.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.    All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

48.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.    All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, limited liability company, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

50.    The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it shall be governed by the internal, substantive laws of the State of Arizona without regard to its choice-of-laws principles, except to the extent that federal law requires that federal law govern.

51.    Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

52.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.    If any Party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel: | Wolf Haldenstein Adler Freeman & Herz LLP<br>Attn:  Matthew M. Guiney<br>270 Madison Avenue<br>New York, New York 10016<br>Telephone:  (212) 545-4600<br>Email: guiney@whafh.com |
| If to Defendants or Defendants' Counsel: | King & Spalding LLP<br>Attn: Lisa R. Bugni<br>101 Second Street, Suite 1000<br>San Francisco, CA 94105 |

31

Telephone: (415) 318-1234
Email: lbugni@KSLAW.com

56.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

57.     Any disputes relating to the finalization of the Settlement documentation or the Settlement itself will be resolved first by Michelle Yoshida by way of telephonic mediation and, if unsuccessful, then by way of final, binding, non-appealable arbitration under a procedure determined by Michelle Yoshida. If for any reason Michelle Yoshida is unavailable or has a conflict, the parties agree to seek expedited resolution of any such issue before Judge G. Murray Snow, or such other judge as has been assigned to this Action by the Court.

58.     Except as otherwise provided herein, each Party shall bear its own fees and costs.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

61.     Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

32

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duty authorized attorneys, as of September 24, 2020.


*/s/ Matthew M. Guiney*
Matthew M. Guiney (*pro hac vice*)
Malcolm T. Brown (*pro hac vice)*
Kevin G. Cooper (*pro hac vice*)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel:  (212) 545-4600
Fax:  (212) 686-0114
guiney@whafh.com
brown@whafh.com
kcooper@whafh.com

*Lead Counsel for Lead Plaintiff Kui Zhu and the Proposed Class*

Michael I. Fistel, Jr.
JOHNSTON FISTEL LLP
40 Powder Springs Street
Marietta, GA 30064
Tel: (470) 632-6000
Fax: (770) 200-3101
michaelf@johnsonfistel.com

*Additional Counsel for Lead Plaintiff Kui Zhu*

*/s/ Lisa Bugni*
Lisa Bugni (*pro hac vice*)
lbugni@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 1000
San Francisco, California 94105
Telephone:  (415) 318-1200
Facsimile:  (415) 318-1300

B. Warren Pope (*pro hac vice*)
Brian Barnes (*pro hac vice*)
wpope@kslaw.com
bbarnes@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Laura Sixkiller (State Bar No. 022014)
laura.sixkiller@us.dlapiper.com
DLA PIPER LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, Arizona 85016
Telephone:  (480) 606-5100
Facsimile:   (480) 606-5101

*Attorneys for Defendants*

33