EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| KUI ZHU, *et al.*, | ) ) ) | No. CV-19-04529-PHX-GMS |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| TARONIS TECHNOLOGIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS
HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE
ACQUIRED TARONIS TECHNOLOGIES, INC. ("TARONIS") COMMON
STOCK DURING THE PERIOD FROM JANUARY 28, 2019 TO FEBRUARY 12,
2019, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND
DIRECTORS OF THE COMPANY AND THEIR FAMILIES AND AFFILIATES.**

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY
LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE
CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT
PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

1.    **CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of
the United States District Court, District of Arizona (the "Court") in the above-captioned action
(the "Action").  One of the purposes of this Notice is to inform you of the proposed Settlement[1]
of the Action for $1.7 million.  Lead Plaintiff estimates there were approximately 4 million[2]
allegedly damaged shares of Taronis common stock purchased or otherwise acquired during the
Class Period.  Pursuant to the Plan of Allocation, if all affected Taronis shares elect to participate
in the Settlement, the average recovery per share could be $.43 before deduction of any fees,
expenses, costs, and awards described herein.  The actual amount disbursed to members of the

---

[1]  All capitalized terms not defined herein shall have the same meaning ascribed to them in the
Stipulation and Agreement of Settlement dated September 24, 2020 (the "Stipulation").
[2]  Damaged shares were adjusted for the reverse stock splits.

Class who participate in the Settlement may be more or less than this figure.

2.    **POTENTIAL OUTCOME OF THE CASE:** Lead Plaintiff and Defendants disagree on both liability and damages and do not agree on the average amount of damages per share, if any, that would be recoverable if the Class prevailed on any claim alleged. Lead Plaintiff and Defendants disagree on, among other things, whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, whether Defendants have valid defenses to any such claims of liability, and the amount of damages per share, if any, Lead Plaintiff would be able to prove at trial, the methodology used to determine any such damages, and whether there were any mitigating circumstances which would reduce any or all of the damages alleged by Lead Plaintiff.

3.    **REASONS FOR SETTLEMENT:** Lead Plaintiff believes that the proposed Settlement is fair, reasonable, and adequate to, and in the best interests of, the Class. Lead Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Lead Plaintiff's claims against Defendants, including the Defendants' contentions that the Class's claims are without merit, the uncertainties of this complex litigation, and the concrete benefits provided by the Settlement to the members of the Class. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to agree to make the payment provided for by the Stipulation provided that all of the claims of the Class are settled and compromised, in order to eliminate the uncertainty, risks, costs, and burdens inherent in any litigation, especially in complex cases like this litigation.  Defendants have concluded that continuing to defend this Action would be expensive and protracted.  Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in this Action.  Defendants have denied and continue to deny all charges of wrongdoing and liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damages, or that Lead Plaintiff or the Class was harmed by the conduct alleged in this Action.

4.    **ATTORNEYS' FEES AND COSTS SOUGHT:** Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Lead Plaintiff and the members of the Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount, reimbursement of expenses not to exceed $40,000, and an award to Lead Plaintiff of up to $5,000. If the amount requested by Lead Counsel is approved by the Court, the average cost would be $.14 per share.

5.    **IDENTIFICATION OF CLASS COUNSEL:** For further information regarding this Settlement please contact Lead Counsel: Matthew M. Guiney, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, guiney@whafh.com.


I.    **THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT**

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

2

All persons and entities who purchased or otherwise acquired Taronis Technologies, Inc. common stock between January 28, 2019 and February 12, 2019, both dates inclusive, and were damaged thereby.

Excluded from the Class are Defendants, current and former officers and directors of Taronis, and their families and affiliates.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.    THE LITIGATION

### Summary of the Litigation

The Court handling this Action is the United States District Court for the District of Arizona, and the case is known as *Zhu v. Taronis Technologies, Inc., et al.,* No. CV-19-04529 (D. Ariz.). The Court appointed Lead Plaintiff to represent the putative Class. The Defendants in this Action are Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack and William W. Staunton.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

Taronis is a publicly traded corporation with its principal place of business located in Arizona.

During the Class Period, Taronis common stock traded on the NASDAQ Stock Exchange under the ticker symbol "TRNX."

Lead Plaintiff alleges that, during the Class Period, Taronis's stock price was artificially inflated as a result of materially misleading statements made regarding Taronis's contract with the City of San Diego.

### Investigation and Research Conducted by Lead Counsel

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the amount of damages suffered by the Class; detailed reviews of Taronis's public filings, SEC filings, press releases, and other public statements; witness interviews; review of a document production from the City of San Diego; review of analyst reports, financial analysts, and industry analysts relating to Taronis; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

### Proposed Settlement

Lead Counsel and Defendants' respective counsel participated in protracted negotiations with the assistance of mediator Michelle Yoshida. During these negotiations, the Parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the Parties at trial, and other important factual and legal issues.

These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, *i.e.*, the Stipulation, entered into on September 24, 2020. Lead Counsel believes that

3

the claims asserted in the Action have merit and that the evidence developed to date in the Action supports the claims asserted therein. Lead Counsel asserts and believes the Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Lead Counsel, however, recognizes and acknowledges the expense and length of continued proceedings, trial, and appeals, and has taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted by Defendants.

In light of the foregoing, Lead Counsel believes that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Lead Counsel has determined that the Settlement is in the best interests of the Class.

**The Release**

In return for the payment of the Settlement Amount, Class Members who do not file for exclusion from the Class will release, discharge, and dismiss with prejudice all Released Plaintiffs' Claims as against each and all of the Defendants' Releasees, without costs to any Party except as provided herein, upon the Effective Date. Lead Plaintiff and all Class Members, whether or not any such person or entity submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, will be deemed by this Settlement on the Effective date to release and forever discharge the Defendants' Releasees from any and all of the Released Plaintiffs' Claims.

On the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## III.    PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in

4

the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-sectarian charitable organization(s) selected by Lead Counsel.

The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005).

### <u>THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS</u>:

(I)    **Recognized Loss for the Taronis common stock purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)    For shares purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share. Pricing per common share is adjusted for reverse stock splits.

(B)    For shares purchased or otherwise acquired during the Class Period <u>and sold during the period from February 13, 2019 through May 12, 2019</u>, inclusive,

the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table B below.  Pricing per common share is adjusted for reverse stock splits.

(C)     For shares purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on May 12, 2019</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $3.41[3] per share.

| **INFLATION TABLE A[4]** Taronis Common Stock Purchased During the Class Period | |
|---|---|
| **Period** | **Inflation** |
| January 28, 2019 to January 30,2019 , inclusive | $18.26 per share |
| January 31, 2019 | $13.88 per share |
| February 1, 2019 to February 6, 2019, inclusive | $7.42 per share |
| February 7, 2019 | $4.92 per share |
| February 8, 2019 to February 11, 2019, inclusive | $0.32 per share |
| February 12, 2019 and thereafter | $0.00 per share |

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $3.41 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on February 12, 2019 and ending on May 12, 2019. Common stock prices are adjusted for reverse stock splits.

[4] Inflation per share adjusted for reverse stick splits.

**Table B**

| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|
| 2/13/2019 | $4.75 | $4.68 | | 3/28/2019 | $3.15 | $3.60 |
| 2/14/2019 | $4.60 | $4.65 | | 3/29/2019 | $3.20 | $3.59 |
| 2/15/2019 | $4.35 | $4.58 | | 4/1/2019 | $3.25 | $3.58 |
| 2/19/2019 | $4.25 | $4.51 | | 4/2/2019 | $3.15 | $3.57 |
| 2/20/2019 | $4.00 | $4.43 | | 4/3/2019 | $3.15 | $3.56 |
| 2/21/2019 | $3.65 | $4.31 | | 4/4/2019 | $3.40 | $3.55 |
| 2/22/2019 | $3.55 | $4.22 | | 4/5/2019 | $3.25 | $3.54 |
| 2/25/2019 | $3.75 | $4.17 | | 4/8/2019 | $3.15 | $3.53 |
| 2/26/2019 | $3.45 | $4.10 | | 4/9/2019 | $3.25 | $3.53 |
| 2/27/2019 | $3.15 | $4.01 | | 4/10/2019 | $3.40 | $3.52 |
| 2/28/2019 | $2.85 | $3.91 | | 4/11/2019 | $3.35 | $3.52 |
| 3/1/2019 | $3.10 | $3.85 | | 4/12/2019 | $4.95 | $3.55 |
| 3/4/2019 | $3.05 | $3.79 | | 4/15/2019 | $4.05 | $3.56 |
| 3/5/2019 | $3.35 | $3.76 | | 4/16/2019 | $3.55 | $3.56 |
| 3/6/2019 | $3.20 | $3.73 | | 4/17/2019 | $3.35 | $3.56 |
| 3/7/2019 | $3.20 | $3.70 | | 4/18/2019 | $3.25 | $3.55 |
| 3/8/2019 | $3.95 | $3.71 | | 4/22/2019 | $3.05 | $3.54 |
| 3/11/2019 | $3.65 | $3.71 | | 4/23/2019 | $2.95 | $3.53 |
| 3/12/2019 | $3.60 | $3.70 | | 4/24/2019 | $2.90 | $3.52 |
| 3/13/2019 | $3.60 | $3.70 | | 4/25/2019 | $3.00 | $3.51 |
| 3/14/2019 | $3.50 | $3.69 | | 4/26/2019 | $3.10 | $3.50 |
| 3/15/2019 | $3.50 | $3.68 | | 4/29/2019 | $3.10 | $3.49 |
| 3/18/2019 | $3.50 | $3.67 | | 4/30/2019 | $3.05 | $3.48 |
| 3/19/2019 | $3.50 | $3.67 | | 5/1/2019 | $2.85 | $3.47 |
| 3/20/2019 | $3.50 | $3.66 | | 5/2/2019 | $2.90 | $3.46 |
| 3/21/2019 | $3.45 | $3.65 | | 5/3/2019 | $2.80 | $3.45 |
| 3/22/2019 | $3.40 | $3.64 | | 5/6/2019 | $2.95 | $3.44 |
| 3/25/2019 | $3.45 | $3.64 | | 5/7/2019 | $2.95 | $3.43 |
| 3/26/2019 | $3.35 | $3.63 | | 5/8/2019 | $2.85 | $3.42 |
| 3/27/2019 | $3.30 | $3.62 | | 5/9/2019 | $2.95 | $3.42 |
| | | | | 5/10/19-5/12/19 | $2.85 | $3.41 |

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's shares during the Class Period, the value of the Recognized Loss will be zero, and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in the

Company's shares during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. The date of covering a "short sale" is deemed to be the date of purchase of Taronis common stock, and the date of a "short sale" is deemed to be the date of sale of Taronis common stock.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases and acquisitions of the Company shares during the time period January 28, 2019 through and including May 12, 2019.

There shall be no Recognized Loss attributed to any Taronis securities other than common stock.  Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds. Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.  No claim will be recognized for Taronis common stock purchased or otherwise acquired prior to January 28, 2019.  No claim will be recognized for Taronis common stock purchased or otherwise acquired on or after February 13, 2019.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim and Release Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## IV.   REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each Class Member shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **received no later than        , 2020,** addressed to the Claims Administrator at: Taronis Technologies, Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O Box 230, Media, PA 19063. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Zhu v. Taronis Technologies, Inc., et al.,* Case No. CV-19-04529-PHX-GMS (D. Ariz.)"; (iii) state the number of shares of Taronis common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on January 28, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email, or fax.**

**If a person or entity who is a Class Member duly requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Class Members who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Plaintiffs' Claims against the Defendants' Releasees.

## V.        STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest. Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $40,000, plus interest, as well as an award to the Lead Plaintiff of up to $5,000. Lead Counsel believes its intended fee request to be fair and reasonable. Lead Counsel has litigated this case on a wholly contingent basis and has received no compensation during the period the case has been pending. Lead Counsel expended considerable time and expense during the Action. Had the case not been successful, Lead Counsel would have sustained a considerable financial loss.

## VI.        THE SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing shall be held before Honorable G. Murray Snow at _____ .m., in Courtroom 602 of the Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as class representative for the Class, and Lead Counsel should be appointed as class counsel for the Class; (c) to

9

determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

***The Settlement Fairness Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Fairness Hearing or at any adjournment or continuance thereof.***

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Judgment contemplated by the Stipulation, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Settlement Fairness Hearing, at their own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, no later than _____, 2020, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section V herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court at the address below, and, on or before such filing, shall be delivered by hand, overnight mail, or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| Clerk of the Court | Lead Counsel | Defendants' Counsel |
|---|---|---|
| 401 W. Washington Street<br>Suite 130, SPC 1<br>Phoenix, AZ  85003 | Wolf Haldenstein Adler<br>Freeman & Herz LLP<br>Attn:  Matthew M. Guiney<br>270 Madison Avenue<br>New York, New York 10016 | King & Spalding LLP<br>Attn: Lisa R. Bugni<br>101 Second Street, Suite 1000<br>San Francisco, CA 94105 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation or attorneys' fees and expenses, will not affect the finality of either the Settlement or the Judgment to be entered thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

10

## VII.    PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").* A Proof of Claim is annexed to this Notice, or available online at www.strategicclaims.net. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim**.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be submitted to the Claims Administrator **online at www.strategicclaims.net, or postmarked, if mailed on or before _____, 2020** at the following address:

Taronis Technologies, Inc. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid, or the date when filed online.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as defined in Section II above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a Class Member and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

## VIII.    SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions, and other nominees ("Nominees") that, during the Class Period, purchased, otherwise acquired, or sold Taronis common stock in the name of the Nominees on behalf of beneficial owners of such securities that may be Class Members, are requested to provide the Claims Administrator with the name, last known address, and email address (if available) of each such person or entity for whom the Nominee executed such transactions. The Claims Administrator will then email notice, where an email address is available, or, if no email address is available, cause the Postcard Notice to be mailed promptly to said beneficial owners. Alternatively, Nominees may elect to provide notice directly to their

11

beneficial holders by requesting either an electronic notice or additional copies of the Postcard Notice from the Claims Administrator, in which case the Nominees are required to, within ten (10) calendar days of receiving the electronic notice or the Postcard Notice, email the electronic notice or mail the Postcard Notice directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so. For either alternative, contact the Claims Administrator.

After receipt of a timely request for reimbursement and supporting documentation, the Claims Administrator will reimburse the Nominee for all reasonable costs incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Postcard Notice to beneficial owners, as the case may be. Nominees will be reimbursed for reasonable out-of-pocket costs incurred in providing notice to beneficial owners in an amount not to exceed $0.05, plus postage at the current pre-sort rate used by the Claims Administrator, for each Postcard Notice actually mailed by the Nominee; $0.05 per email notice sent by the Nominee; or $0.05 for each name, address, and email address provided to the Claims Administrator.

## IX.     FURTHER INFORMATION

This Notice merely provides a brief summary of the litigation and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the litigation, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. These papers may be inspected at the Office of the Clerk of the United States District Court for District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003. If you have any questions regarding the information contained in this Notice, you may contact Lead Counsel in writing at the addresses specified in Section VI, above.

You may also visit the Claims Administrator's website at www.strategicclaims.net to find the Stipulation and/or download copies of the Notice and Proof of Claim. In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at:

Taronis Technologies, Inc. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated: _____, 2020                                                  By Order of the Court
                                                                          United States District Court
                                                                          District of Arizona

12