Exhibit B

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| KUI ZHU, *et al.*, | Case No.  CV-19-04529-PHX-GMS |
| Plaintiffs, | **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |
| v. | |
| TARONIS TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

///

///

///

///

///

///

///

///

///

///

///

///

///

WHEREAS, a class action is pending in this Court entitled *Zhu v. Taronis Technologies, Inc., et al.*, Case No. CV-19-0459-PHX-GMS (the "Action");

WHEREAS, (a) Lead Plaintiff Kui Zhu ("Lead Plaintiff"), on behalf of himself and the Class, and (b) defendants Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton (collectively, the "Defendants" and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated September 24, 2020 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2020 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and accurate under Rule 23(e)(2) and (ii) would likely be able to certify the Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2020 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written

2

comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Jurisdiction – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.    Incorporation of Settlement Documents – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on September 25, 2020; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2020.

3.    Class Certification for Settlement Purposes – The Court hereby certifies f or the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class consisting of all persons or entities who purchased or otherwise acquired Taronis Technologies, Inc. ("Taronis") common stock between January 28, 2019 and February 12, 2019, both dates inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Class by definition are: Defendants, current and former officers and directors of Taronis, members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. [Also excluded from the Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Class pursuant to request.]

4.    Adequacy of Representation – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff as class representative for the Class and appoints Lead Counsel as class counsel for the Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

3

5.    Notice – The Court finds that the dissemination of the Postcard Notice and the publication of the Notice and Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.    Final Settlement Approval and Dismissal of Claims – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class.  Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other.  The

4

Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.     Binding Effect – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.     Releases – The Releases set forth in paragraphs 4 through 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person(s) claiming on their behalf, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)    Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person(s) claiming on their behalf, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.    As of the Effective Date of the Settlement, each person who has given any release pursuant to the foregoing ¶ 9 shall: (i) be deemed to have agreed to a covenant not to sue corresponding to the release given by such person; and (ii) shall be permanently enjoined from prosecuting any claim that such person has released.

11.    The Court (and in particular the Honorable G. Murray Snow, if available, and otherwise any other duly assigned Judge presiding in the Court) shall retain full, complete, and exclusive authority to interpret and enforce the permanent injunction set forth in the foregoing paragraph, and Lead Plaintiff and all Class Members expressly waive all rights to seek any adjudication concerning the permanent injunction in any forum other than the Court.

12.    Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    Rule 11 Findings – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.    No Admissions – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

7

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.    Retention of Jurisdiction – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the class distribution order; and (f) the Class Members for all matters relating to the Action.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    Modification of the Agreement of Settlement – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     Termination of Settlement – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

19.     Entry of Final Judgment – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.