**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kui Zhu, et al., | No. CV-19-04529-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Taronis Technologies Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of a Class Action Settlement. (Doc. 67.) For the reasons set forth below, the Motion is approved.

## BACKGROUND

This matter concerns an alleged fraudulent scheme to artificially inflate the market price of Taronis common stock by deceiving the investing public about the existence of a material contract between Taronis and the City of San Diego. Taronis is an energy company that offers technology solutions to create, process, and produce hydrogen-based fuel.

On January 28, 2019 Taronis disclosed in an SEC filing and related press release ("Press Release") that the City of San Diego (the "City") elected to use Taronis's MagneGas2 as its fuel of choice. (Doc. 36 at 8.) Plaintiffs allege that the market price of Taronis common stock promptly increased over 25% after news of the San Diego contract was published.

1     However, the day after the Press Release was published, the City's Senior Public

2     Information Officer requested that the Press Release be immediately removed. The City

3     Officer explained, "while the product has been tested the City of San Diego does not have

4     any procurement contract or any agreement with [Taronis] to purchase any of its products."

5     (Doc. 36 at 15.) Plaintiffs also cite internal emails from the City stating that "[t]he [Taronis]

6     news release . . . is incorrect. The City of San Diego does NOT have a contract with this

7     company. . . . This is appalling that they'd get this so wrong." (Doc. 36 at 14.) Pursuant to

8     the City's request, the Press Release was later removed from Taronis's website, but no

9     corrective disclosure was filed with the SEC.

10    Plaintiffs allege that the Company's disclosure about the contract with the City of

11    San Diego was entirely false. (Doc. 36 at 2-3.) Plaintiffs claim that Defendants knew the

12    Press Release was false but released it to artificially inflate the common stock price.

13    Plaintiffs allege that Defendants waited until February 12, 2019 to clarify the Press Release

14    in an attempt to obtain compliance with NASDAQ's minimum $1.00 bid price for the

15    required ten consecutive business days.

16    Plaintiffs' federal securities action is brought on behalf of all persons or entities who

17    purchased or otherwise acquired Taronis common stock between January 28, 2019 and

18    February 12, 2019 ("Plaintiffs") when the stock prices were allegedly artificially inflated.

19    Plaintiff defines the proposed class members as:

20        all persons and entities who purchased or otherwise acquired Taronis
          Technologies, Inc. ("Taronis") common stock between January 28, 2019, and
21        February 12, 2019, both dates inclusive (the "Class Period"), and were
          damaged thereby. Excluded from the Class by definition are: Defendants,
22        current and former officers and directors of Taronis, members of their
          Immediate Families and their legal representatives, heirs, successors or
23        assigns, and any entity in which Defendants have or had a controlling
          interest. Also excluded from the Class are those Persons who are found by
24        the Court to have timely and validly requested exclusion from the Class.

25    (Doc. 67-1 at 5.) The parties have now reached an agreement and have moved for

26    preliminary approval of their proposed class action settlement.

27                                         **ANALYSIS**

28    Where "the parties reach a settlement agreement prior to class certification, courts

- 2 -

1     must peruse the proposed compromise to ratify both the propriety of the certification and

2     the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *see*

3     Manual for Complex Litigation (4th Ed. 2004) § 21.632.

### I. Preliminary Class Certification

5          A class may not be certified unless it meets each of the four requirements of Rule

6     23(a), typically referred to as numerosity, commonality, typicality, and adequacy of

7     representation. Fed. R. Civ. P. 23(a). The party seeking certification bears the burden of

8     demonstrating that it has met all of these requirements, and "the trial court must conduct a

9     'rigorous analysis' to determine whether" it has met that burden. *Zinser v. Accufix Research*

10     *Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (quoting *Valentino v. Carter-Wallace, Inc.*, 97

11     F.3d 1227, 1233 (9th Cir. 1996)). Additionally, a movant for class certification must

12     demonstrate at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23(b). Plaintiff

13     seeks certification pursuant to Rule 23(b)(3), which permits certification where "questions

14     of law or fact common to class members predominate over any questions affecting only

15     individual members" and "a class action is superior to other available methods for fairly

16     and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

17          When a court is evaluating the certification question in the context of a proposed

18     settlement class, questions regarding the manageability of the case for trial purposes are

19     not considered. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 620

20     (1997). However, the Ninth Circuit has long held courts must be particularly careful when

21     approving classes for settlement purposes. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019

22     (9th Cir. 1998) ("[W]e must pay 'undiluted, even heightened, attention' to class

23     certification requirements in a settlement context.").

### a. Rule 23(a)

#### i. Numerosity

26          Under Rule 23(a)(1), a plaintiff must demonstrate that the proposed "class is so

27     numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, the

28     parties assert that the "members of the Settlement Class number in the thousands."

Although numerosity is not tied to a strict numeric threshold, "[a] proposed class generally satisfies the numerosity requirement if the class has 40 or more members." *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 365 (D. Ariz. 2009); *see Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)); William B. Rubenstein, Newberg on Class Actions § 3:12 (5th ed. 2014). The Court therefore finds that numerosity is satisfied because joinder of all class members would be impracticable.

### ii.  Commonality

To establish commonality, a plaintiff is required to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. Rule 23(a)(2). Commonality thus "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id.* at 350. Rather, the claim must be based on a common contention capable of classwide resolution. *Id.* Common questions must therefore be accompanied by common answers sufficient to drive the resolution of the litigation. *Id.*

Here, the class presents a common question: whether Defendant's statements to the public misrepresented material facts about the Company and ultimately led to a decline in the value of the Company's common stock. Therefore, there are questions of law or fact common to the class.

### iii.  Typicality

"Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotations omitted). "Typicality 'does

- 4 -

not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members.'" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (quoting Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 24.25 at 24–105 (3d ed.1992)).

Here, the alleged facts underlying Plaintiff's claims, and the legal theories supporting them, are typical of the putative class members' claims. Plaintiff purchased Taronis securities during the settlement class period, when Defendants' alleged misrepresentations had not been disclosed to the market. Plaintiff's claim, like the putative class members', asserts that the alleged misrepresentations inflated the price of Taronis' common stock and, that upon disclosure, the value of the purchased stock declined. The typicality requirement is therefore satisfied.

### iv.  Adequacy of Representation

The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Windsor*, 521 U.S. at 625. "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (internal quotations omitted).

The Court finds that Plaintiff's interest in this litigation is coextensive with that of the unnamed class members, and he is capable of vigorously prosecuting this action through their qualified counsel. *See Chesner v. Stewart Title Guar. Co.*, 2008 WL 553773, *10 (N.D. Ohio Jan. 23, 2008). Plaintiff has prosecuted the action and obtained a proposed class settlement; he is represented by counsel with experience in securities class action litigation. (Doc 15-4.) As a result, all four requirements of Rule 23(a) are satisfied.

### b.  Rule 23(b)

For a Rule 23(b)(3) class action to be certified, a court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Moreover, where a

class is to be certified for settlement purposes, the Court "need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem Prods.*, 521 U.S. at 620 (internal citations omitted).

### i.  Predomination

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623. Courts thus must ask "whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (internal quotations omitted). "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately." *Id.* (internal quotations omitted).

The common question which predominates in this matter is whether Defendants' statements to the public misrepresented material facts about the Company and ultimately led to a decline in the value of the Company's common stock. Each class member would have to prove the same essential facts about Defendants' representations and their affect on their stock's value. The common issues between the claims therefore justify class resolution.

### ii.  Superiority

Class resolution is superior to other methods of resolution if it "would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods.*, 521 U.S. at 615. Rule 23(b)(3) lists four nonexhaustive factors courts consider when addressing superiority:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the

claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Also relevant is the consideration that "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prods.*, 521 U.S. at 615 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (1997)).

Plaintiff proposes a class of thousands of members. Common to every claim is the question of whether Defendants' statements to the public misrepresented material facts about the Company and ultimately led to a decline in the value of the Company's common stock. Resolution of these claims in a single action is more efficient than individual actions and serves the interest of judicial economy. Moreover, as the recoveries in question are relatively small, approximately $0.43 per share, it is unlikely that many plaintiffs will pursue legal action independently. These facts thus demonstrate that class resolution is a superior method of litigation.

## II.    Proposed Settlement

When considering whether to grant preliminary approval of a settlement agreement, a court must evaluate the fairness, reasonableness, and adequacy of the proposed settlement. Fed. R. Civ. P. 23(e)(2); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). The Court should consider whether the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiency, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363 (D. Ariz. 2009); *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

The settlement appears to be product of serious, informed, non-collusive negotiations, with no obvious deficiency or preferential treatment. Both sides are represented by experienced counsel qualified to assess the strengths and weaknesses of

their clients' positions and negotiate accordingly. The parties have litigated this case since April 2019. Their briefing demonstrates that the parties have thoroughly considered the strengths and weaknesses of the asserted claims. They discuss, for example, that several elements of the claims are disputed, and that defendants had retained experts to support those arguments. (Doc. 67 at 16.) The parties have also attested that their negotiations were at arms-length and were facilitated by a mediator. *Id.* at 13. Therefore, the proposed settlement agreement appears to be the product of serious, informed, non-collusive negotiations.

Moreover, the Settlement Agreement contains no obvious deficiencies that would prevent preliminary approval. Under the proposed agreement, Defendant would pay a $1.7 million cash settlement. *Id.* at 14. The agreement specifies that the claims administrator will divide the settlement as specified by the Proposed Plan of Allocation, which lays out a recognized loss formula. The formula uses the lesser of the difference in inflation or value per share to calculate loss. (Doc. 67-3 at 4.) The parties estimate that the ultimate recovery per share of common stock will be approximately $0.43 per share, 17% of the settlement class' estimated maximum damages. (Doc. 67 at 9, 24.) This relief is adequate, especially in light of the significant uncertainties the parties would face if their case went to trial. *Id.* at 16.

**CONCLUSION**

For the reasons set forth above, preliminary approval of the proposed class settlement is granted.

**IT IS THEREFORE ORDERED** that the Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 67) is **GRANTED.**

**IT IS FURTHER ORDERED:**

**WHEREAS,** a class action is pending in this Court entitled *Zhu v. Taronis Technologies, Inc., et al.*, Case No. CV-19-0429-PHX-GMS (the "Action");

**WHEREAS,** (a) Lead Plaintiff Kui Zhu ("Lead Plaintiff"), on behalf of himself and the Class, and (b) defendants Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli,

Kevin Pollack, and William W. Staunton (collectively, the "Defendants" and, together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 24, 2020 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

**WHEREAS,** lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing Notice to Class Members as more fully described herein;

**WHEREAS,** the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send Notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

**WHEREAS,** unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

**IT IS HEREBY ORDERED:**

1. Proposed Class Certification for Settlement Purposes – The Parties have proposed the certification of the following Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons and entities who purchased or otherwise acquired Taronis Technologies, Inc. ("Taronis") common stock between January 28, 2019, and February 12, 2019, both dates inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class by definition are: Defendants, current and former officers and directors of Taronis, members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who are found by the Court to have timely and validly requested exclusion from the Class.

2. Class Findings – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal

Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiff as class representative for the Class and appoint Lead Counsel as class counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. Preliminary Approval of the Settlement – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

5. Settlement Fairness Hearing – The Court will hold a telephonic settlement hearing (the "Settlement Fairness Hearing") on **March 5th, 2021 at 10:30 a.m.**, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as class representative for the Class, and Lead Counsel should be appointed as class counsel for the Class; (c) to determine whether a Judgment

substantially in the form attached as Exhibit B to the Stipulation (Doc. 67-7) should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Class Members as set forth in paragraph 7 of this Order. **In preparation for the Telephonic Settlement Fairness Hearing, Defendants' counsel shall arrange a call-in number and disseminate the number to all parties, including the Court, no later than March 2, 2021.**

6. The Court may adjourn the Settlement Fairness Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7. Retention of Claims Administrator and Manner of Giving Notice – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and email addresses) of the holders or purchasers of Taronis common stock during the Class Period to the extent reasonably available to Taronis;

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause copies of the Postcard Notice, substantially in the form of Doc. 67-6, to be mailed by first-class

mail or emailed to potential Class Members at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notices (Doc. 67-3; 67-6) and Summary Notice (Doc. 67-5) to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form of Doc. 67-5, to be published once in Investor's Business Daily and to be transmitted once over the Globe Newswire; and

(e) not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. Approval of Form and Content of Notice – The Court (a) approves, as to form and content, the Notices, the Claim Form, and the Summary Notice, Docs. 67-3; 67-6; 67-4; and 67-5 respectively, and (b) finds that the mailing of the Postcard Notice and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. Nominee Procedures – Brokers and other nominees who purchased or otherwise acquired Taronis common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners by and within seven (7) calendar days of receipt of the Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing Postcard Notice to beneficial owners, which expenses would not have been incurred except for the providing names, addresses, and email addresses up to $0.05 per name, address, and email addresses; mailing of Postcard Notice up to $0.05 per mailing, plus postage at the rate used by the Claims Administrator; or emailing of notice up to $0.05 per email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. Participation in the Settlement – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than seven (7) calendar days prior to the Settlement Fairness Hearing. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing

late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. Exclusion From the Class – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, to: Strategic Claims Services, 225 State Road, Media, PA 19063 , and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Zhu v. Taronis Technologies, Inc., et al.*, Case No. CV-19-04529-PHX-GMS (D. Ariz.)"; (iii) state the number of shares of Taronis common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on January 28, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred

1  from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims

2  against any of the Defendants' Releasees, as more fully described in the Stipulation and

3  Notice.

4       16. Appearance and Objections at Settlement Fairness Hearing – Any Class Member

5  who or which does not request exclusion from the Class may enter an appearance in the

6  Action, at his, her, or its own expense, individually or through counsel of his, her, or its

7  own choice, by filing with the Clerk of Court and delivering a notice of appearance to both

8  Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below,

9  such that it is received no later than twenty-one (21) calendar days prior to the Settlement

10  Fairness Hearing, or as the Court may otherwise direct. Any Class Member who does not

11  enter an appearance will be represented by Lead Counsel.

12       17. Any Class Member who or which does not request exclusion from the Class may

13  file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or

14  Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation

15  Expenses and appear and show cause, if he, she, or it has any cause, why the proposed

16  Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys'

17  fees and reimbursement of Litigation Expenses should not be approved; provided,

18  however, that no Class Member shall be heard or entitled to contest the approval of the

19  terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or

20  the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person

21  or entity has filed a written objection with the Court and served copies of such objection

22  on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they

23  are received no later than twenty-one (21) calendar days prior to the Settlement Fairness

24  Hearing.

25       Lead Counsel:          Wolf Haldenstein Adler Freeman & Herz LLP

26                             Attn: Matthew M. Guiney

27                             270 Madison Avenue

                           New York, New York 10016

28                             Telephone: (212) 545-4600

                           Email: guiney@whafh.com

Defendants' Counsel:      King & Spalding LLP Attn: Lisa R. Bugni
                          101 Second Street, Suite 1000
                          San Francisco, CA 94105
                          Telephone: (415) 318-1234
                          Email: lbugni@KSLAW.com

18. Any objections, filings, and other submissions by the Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Taronis common stock that the objecting Class Member (A) owned as of the opening of trading on January 28, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Class Member who or which does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness,

reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. Stay and Temporary Injunction – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21. Settlement Administration Fees and Expenses – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. Settlement Fund – The contents of the Settlement Fund held by Signature Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. Taxes – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. Termination of Settlement – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order

shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

25. Use of this Order – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to

be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. Supporting Papers – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

27. Jurisdiction – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated this 23rd day of November, 2020.

G. Murray Snow
Chief United States District Judge