Matthew M. Guiney (admitted *pro hac vice*)
guiney@whafh.com
Malcolm T. Brown (admitted *pro hac vice*)
brown@whafh.com
Kevin G. Cooper (admitted *pro hac vice*)
kcooper@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

*Lead Counsel for Lead Plaintiff Kui Zhu*
*and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kui Zhu, on behalf himself and all others similarly situated, | No. CV-19-04529-PHX-GMS |
| Plaintiff, | **DECLARATION OF MATTHEW M. GUINEY IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTIONS FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) ATTORNEYS' FEES, EXPENSES, AND AWARD TO PLAINTIFF** |
| v. | |
| Taronis Technologies, Inc., et al., | |
| Defendants. | |

I, Matthew M. Guiney, declare under penalty of perjury as follows:

1.    I, Matthew M. Guiney, am a partner with the law firm Wolf Haldenstein Adler Freeman & Herz LLP, the Court appointed Lead Counsel in this Action. I have actively supervised and participated in the prosecution of this Action and this declaration is based upon my personal knowledge and/or the records of my law firm and I have personal knowledge of all material matters contained in this declaration. I submit this declaration in support of Plaintiff's motion for final approval of the proposed Settlement and approval of the Plan of Allocation, as well as Lead Counsel's motion for approval of attorneys' fees and reimbursement of Litigation Expenses. This declaration does not seek to detail each and every event that has occurred throughout this complex securities class action. Rather, it provides highlights of the litigation, the events leading to the Settlement, and the bases upon which Plaintiff and Plaintiff's Counsel recommend its approval.

2.    Plaintiff has obtained a recovery of $1.7 million. This level of recovery was possible only after considerable litigation and a mediation process and was obtained pursuant to a mediator's proposal.

3.    On April 15, 2019, this Litigation was filed as a class action on behalf of purchasers of Taronis securities in the United States District Court for the Middle District of Florida. The action was transferred to this District on June 21, 2019. By Order dated July 10, 2019, this Court appointed Wolf Haldenstein Adler Freeman & Herz LLP as Lead Plaintiff's Counsel ("Plaintiff's Counsel"). ECF No. 29.

4.    On August 30, 2019, Plaintiff filed an Amended Complaint (the "Complaint"), on behalf of purchasers of Taronis common stock between January 28, 2019 and February, 12, 2019, inclusive (the "Settlement Class Period") against Defendants. ECF No. 36.

5.    The Complaint seeks damages based on allegations that Defendants

violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that the Individual Defendants violated Section 20(a) of the Exchange Act. The Complaint alleges, *inter alia*, that Defendants knowingly and/or recklessly issued false and misleading statements in a company press release (the "Press Release") which misrepresented the existence of a contract with the City of San Diego, yet (i) Taronis did not have a contract with the City of San Diego; and (ii) the City of San Diego had not elected to use MagneGas as its primary metal cutting fuel of choice.

6.     On October 14, 2019, Defendants filed a motion to dismiss in which they argued that, *inter alia*, (i) Plaintiff failed to allege material false statements or particularized facts sufficient to give rise to a strong inference of Defendants' scienter; (ii) Taronis' follow-up investor communications concerning the contract were not admissions, but merely clarifications; and (iii) Plaintiff could not prove loss causation. ECF No. 45. On November 27, 2019, Plaintiff filed the opposition to the motion to dismiss. ECF No. 47. On December 24, 2019, Defendants filed their reply. ECF No. 51.

7.     On February 21, 2020, the parties appeared before the Court for a hearing on the motion to dismiss. On April 8, 2020, the Court issued an order denying the motion to dismiss.  ECF No. 54. The Court subsequently issued a Notice setting a scheduling conference and directed the Parties to confer in advance of the status conference concerning a proposed discovery plan. ECF Nos. 55 & 59.

8.     The Parties met and conferred and believed that before incurring the expense of discovery, mediation might be appropriate and beneficial to all parties. Accordingly, the parties engaged Michelle Yoshida, Esq. as a mediator.

9.     On August 5, 2020, in an all-day mediation, the Parties met with mediator Michelle Yoshida, Esq., virtually with parties spanning the United States.  In advance of the mediation, the Parties held separate conference calls with Ms. Yoshida and exchanged mediation briefs outlining the Parties' respective positions and expert

damages analysis.

10.     At the conclusion of the mediation, which included extensive negotiations by counsel, Ms. Yoshida made a mediator's proposal to settle the case for $1,700,000. Pursuant to the mediator's proposal, the Parties reached an agreement-in-principle to settle the case. Since that time, the Parties have negotiated and drafted the relevant settlement documentation.

11.     On September 25, 2020, Plaintiff filed an unopposed motion for entry of order preliminarily approving settlement and establishing notice procedures. ECF No. 67. On November 20, 2020, this Court held a hearing on the motion for preliminary approval.  On November 23, 2020, this Court entered an order granting preliminary approval of the settlement and setting a calendar for distribution of notice to the Class along with briefing of and a hearing for final approval of the Settlement. ECF No. 75.

12.     The parties have complied with the Court's preliminary approval order and its schedule for dissemination of the Notice, Summary Notice and Proof of Claim. The Court-approved Claims Administrator — Strategic Claims Services — mailed the Notice and Proof of Claim by first-class mail, postage prepaid.

13.     Plaintiffs' Counsel and the Claims Administrator caused the Summary Notice to be published electronically on *GlobeNewswire* and in print in the *Investor's Business Daily* by January 7, 2021.

14.     To date, **not a single class member** has objected to any aspect of the Settlement and not a single class member has requested to be excluded from the Settlement.

15.     The Settlement results from a realistic assessment by knowledgeable and experienced attorneys of the risks of further proceedings. These risks include the inherent risks of proving falsity, scienter, loss causation, and damages, and the risks that the Class will never collect on any judgment it obtains.  The risks of non-

collectability became particularly heightened after Taronis was delisted from the Nasdaq stock exchange on May 4, 2020.

16. The Settlement also confers an immediate and substantial benefit on the Settlement Class. Specifically, it provides a recovery of approximately 17% of the Class's estimated **maximum** damages amount. The Settlement also eliminates the risk, expense and uncertainty of continued litigation under circumstances where a more favorable outcome was at risk. By any measure, the Settlement is fair, reasonable, and adequate, and is an excellent result for the Class.

17. For class certification, Plaintiffs would have had to procure expert opinions on market efficiency (as would Defendants). Class certification would have involved continued discovery including expert depositions, briefing, and argument.

18. Following the close of merits discovery, Plaintiffs would have to procure expensive and complex expert testimony to prove loss causation and damages.

19. The Parties would engage in expert discovery on those issues. Defendants would present their own expert testimony to demonstrate that the alleged stock drop was not proximately caused by the revelation of the fraud, and/or attempt to demonstrate that at least a portion of the alleged stock drop was attributable to other things unrelated to the revelation of the fraud. The Parties would have expended significant resources as to whether Plaintiff's theory that the market gradually learned of the fraud was recoverable or whether Plaintiff's theory was restricted to the single-day revelation by the Company.

20. Plaintiff's Counsel engaged a consultant to assist in estimating potentially recoverable damages. Estimating damages can be challenging due to, among other things, assumptions that must be made regarding trading activity. The estimate of potential maximum recoverable damages, assuming that Plaintiff prevailed on *all* claims and overcame *all* defenses, was at most approximately $10.1 million.

21.    Here, the recovery provides an immediate and tangible benefit to the Settlement Class, and is well within a range of reasonableness in light of the best possible recovery and the substantial risks presented by the litigation. The 17% recovery as a percentage of maximum damages was above the median percentage in cases of comparable size. *See* Laarni T. Bulan & Laura E. Simmons, Securities Class Action Settlements – 2019 Review and Analysis at 6, Figure 5 (Cornerstone Research 2020) (median settlement as a percentage of estimated damages was 12.8% in 2019 for Rule 10b-5 cases involving under $25 million in damages), attached hereto as Exhibit D.

22.    Plaintiff had sufficient information to evaluate their case and to assess the propriety of a settlement. Here, by the time the Settlement was reached, Plaintiff and Plaintiff's Counsel had the benefit of: (a) an extensive investigation; (b) this Court's opinion on Defendants' motion to dismiss; (c) consultation with market efficiency and damages experts; and (d) adversarial mediation briefing, discussions at the mediation, and the mediator's evaluation of the merits.

23.    This case has been litigated by experienced and well-respected counsel on both sides. Indeed, Plaintiff's Counsel filed the initiating complaint against Taronis, obtained appointment under the Private Securities Litigation Reform Act, and has been litigating on behalf of Taronis investors since early 2019. Plaintiff's Counsel is intimately familiar with the strengths and weaknesses of the case and the core facts, and wholeheartedly recommends this Settlement as fair, reasonable, and adequate.

24.    Plaintiff's Counsel has many years of experience in litigating securities class actions throughout the country — including within this Circuit— and in assessing the respective merits of each side's case. *See* Exhibit A attached hereto.

25.    Additionally, throughout the litigation and settlement negotiations, Defendants have been represented by very skilled and highly respected counsel at King

& Spalding, a top nationally and internationally regarded firm with solid experience in defending securities class actions. Defendants' counsel brought considerable experience and expertise to bear and vigorously defended this Action.

26.    Lead Plaintiff also supports the Settlement. This is additional evidence that the Settlement is fair, reasonable, and adequate.

27.    Further, the Settlement was brokered with the aid of a professional mediator, Michelle Yoshida, Esq. The parties engaged in hard-fought negotiations over the course of a full-day, with Co-Lead Counsel, defense counsel, and Defendants' representatives and insurance carriers. The negotiations were in good faith and at arms'-length. Though professional, the discussions were zealous and even heated; there was no collusion.

28.    As a result of these long and hard-fought negotiations, the mediator proposed and the parties agreed to the settle this Action for $1,700,000. Only after these protracted and good faith negotiations did the parties finally agree to all the terms of the settlement reflected in the Stipulation.

29.    Pursuant to the Court's Notice Order, over 15,936 notices were sent to Class Members to date and Summary Notice was published in *Investors' Business Daily* by January 7, 2021.  See Declaration of Sarah Evans attached hereto as Exhibit B.

30.    The deadline to exclude oneself from the settlement is February 12, 2021 and the deadline to object to the settlement is February 12, 2021.

31.    The reaction of the Class strongly supports the requested fee.

32.    Over 15,936 Class Members were contacted by SCS or their nominee. Evans Decl. at ¶7.  The Notice advised Class Members that Plaintiffs' Counsel intended to apply to the Court for an award of attorneys' fees representing up to 30% of the Settlement Fund and that Plaintiff would seek reimbursement of Plaintiff's Counsel's out-of-pocket expenses not to exceed $40,000 and an award to the Lead Plaintiff of up

to $5,000.  *See* Evans Decl., Exhibits A & C.

33.    To date, no request for exclusion and ***no objections*** have been received to the Settlement, Plan of Allocation, or any other aspect of the Settlement. See Evans Decl. at ¶¶ 12-13.

34.    Plaintiff's Counsel believe that an attorney-fee award of 25% properly reflects the many significant risks undertaken by Plaintiff's Counsel, as well as the excellent result achieved in a hard fought and difficult litigation. Plaintiff's Counsel and its professional support staff expended over 619 hours in the prosecution of this Action, with a resulting lodestar of $309,271.50, all of which has been contingent on a successful resolution of the Action.

35.    Plaintiff's Counsel continually monitored the work being done in this case to ensure that it was properly allocated to specific professionals who could do it best and most efficiently, and to avoid duplication of effort by more than one professional. We minimized extraneous tasks and unnecessary work. This is something we routinely do in contingent-fee litigation: Our firm has no interest in devoting professional time to unnecessary or duplicative tasks when we have no fore-knowledge of whether the firm will ever get compensated.

36.    The requested fee of 25% of the Settlement Fund results in a modest multiplier of only 1.37. A multiplier in this range is fair and reasonable considering the risks that Plaintiff's Counsel took in prosecuting this Action and under the applicable standards in the Ninth Circuit. Similarly, the expenses requested are reasonable in amount and were necessarily incurred for the successful prosecution of the Action.

37.    The Settlement Fund of $1,700,000 is an excellent result.  The 17% recovery as a percentage of maximum damages was above the median percentage in cases of comparable size. *See* Laarni T. Bulan & Laura E. Simmons, Securities Class Action Settlements – 2019 Review and Analysis at 6, Figure 5 (Cornerstone Research

2020) (median settlement as a percentage of estimated damages was 12.8% in 2019 for Rule 10b-5 cases involving under $25 million in damages), attached hereto as Exhibit D).

38.    Here, the $1,700,000 represents approximately 17% of the Defendants' total *maximum* estimated liability (which defendants estimated at well below that figure) and consequently is well above average for this type of case.

39.    The Settlement will be allocated pro rata among Class Members who file a claim.

40.    As previously noted, Plaintiff was opposed in this litigation by a nationally preeminent securities defense litigator.  And given the difficult and hotly contested issues of loss causation, scienter, and damages, only highly skilled counsel could have successfully represented the Class and obtained such a favorable recovery.

41.    In total, Plaintiff's Counsel spent over 619.3 hours in the prosecution of this Action on behalf of Lead Plaintiff and the Class, none of which have been compensated to date.

42.    These hours break down as follows:

| Professional | Status | Current Hourly Rate | Current Total Hours | Lodestar |
|---|---|---|---|---|
| | | | | |
| Firm Name: | Wolf Haldenstein Adler Freeman & Herz LLP | | | |
| Time Period: | Inception through January 27, 2021 | | | |
| | | | | |
| Matthew M. Guiney | (P) | $700.00 | 178 | $109,434.50 |
| Malcolm T. Brown | (P) | $615.00 | 164.40 | $96,260.00 |
| Kevin G. Cooper | (A) | $355.00 | 181.20 | $63,007.50 |
| Gregory L. Stone | (O) | $475.00 | 67.00 | $31,187.50 |
| James A Cirigliano | (PL) | $335.00 | 28.70 | $9,382.00 |
| **TOTAL (WHAFH)** | | | **619.3** | **$309,271.50** |

In this chart, the "Status" abbreviations are as follows:

(P)     Partner

(A)     Associate

(PL)   Paralegal

(O)     Other (financial analyst)

43.    The number of hours expended by Plaintiff's Counsel is reasonable in light of the hard-fought nature of the litigation and the complexity of the issues involved.

44.    In addition, Plaintiff's Counsel anticipates that it will spend substantial additional time in connection with the administration of the Settlement.

45.    Here, the total lodestar of Plaintiffs' Counsel, derived by multiplying the reasonable hours worked by the current market hourly rate for each attorney and support staff, equals $309,271.50.

46.     To date, the Settlement Notice has been sent to over 15,936 potential Class members and the Publication Notice was published in *Investor's Business Daily* and transmitted on *GlobeNewswire*. Class members were informed in the Settlement Notice that Plaintiffs' Counsel were moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund. Class members were also advised of their right to object to the fee and expense request, and that any such objections were required to be filed with the Court and served on counsel no later than February 12, 2021.

47.     As of the date of this motion, Plaintiffs' Counsel have received ***no objections*** to their fee and expense request. The absence of objections from Class members heavily supports Plaintiff's Counsel's fee and expense request.

48.     Plaintiff's Counsel seeks reimbursement for its actual, reasonable out-of-pocket expenses of $30,303.42 that it necessarily incurred in prosecuting this case since inception and achieving an excellent result for the Class. The Notice informed Class Members that Plaintiffs' Counsel would seek reimbursement of litigation expenses of no more than $40,000.

49.     The expenses break down as follows:

| Taronis Securities Litigation Expense Report | |
|---|---|
| FIRM NAME | Wolf Haldenstein Adler Freeman & Herz LLP |
| TIME PERIOD | Inception through January 27, 2021 |

| DESCRIPTION | TOTAL EXPENSES |
|---|---|
| Travel/Meals | $ 1,412.24 |
| Reproduction/Copies | $ 234.50 |

| Mediation | $ | 3,750.00 |
|---|---|---|
| Financial Expert | $ | 16,266.25 |
| Investigator | $ | 2,000.00 |
| Legal Research | $ | 5,100.81 |
| PSLRA Press Release | $ | 165.00 |
| Federal Express/UPS | $ | 134.33 |
| Telephone/Fax | $ | 1.69 |
| Filing Fees | $ | 1,238.00 |
| **TOTAL LITIGATION EXPENSES** | $ | 30,303.42 |

50.     The categories of expenses for which counsel seek reimbursement are the type of expenses routinely charged to paying clients and should be reimbursed from the common fund.

51.     The largest expenses are mediation fees and expert fees.  The mediation and mediator were critical components in reaching the Settlement, and Plaintiff's Counsel deemed a financial expert necessary to establish the damages model for the Class Period that reflected Plaintiff's leakage theory of information entering the market.

52.     To date, no objections to the expense request have been received, and the amount requested is well below the $40,000 disclosed in the Notice.

53.     To date, not a single objection has been received to Plaintiff's request for an award to Lead Plaintiff.

54.     Plaintiff was actively involved in every step of the litigation, from moving for appointment as Lead Plaintiff, to reviewing the Complaint, to collecting documents in response to Defendants' motions to dismiss and keeping apprised of both the litigation and Taronis news. Plaintiff also oversaw settlement discussions,

- 11 -

personally approving the Settlement before its consummation.

55.    Attached hereto as Exhibit C is Plaintiff's individual certification.

I declare, under penalty of perjury under the laws of the United States, that the foregoing facts are true and correct.  Executed this 29 day of January, 2021, in New York, New York.

*s/ Matthew M. Guiney*
Matthew M. Guiney

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

/s/ Matthew M. Guiney
Matthew M. Guiney