Matthew M. Guiney (admitted *pro hac vice*)
guiney@whafh.com
Malcolm T. Brown (admitted *pro hac vice*)
brown@whafh.com
Kevin G. Cooper (admitted *pro hac vice*)
kcooper@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

*Lead Counsel for Lead Plaintiff Kui Zhu*
*and the Proposed Class*


**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kui Zhu, on behalf himself and all others similarly situated,<br><br>                          Plaintiff,<br><br>   v.<br><br>Taronis Technologies, Inc., et al.,<br><br>                          Defendants. | No. CV-19-04529-PHX-GMS<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES, AND RELATED RELIEF** |

**<u>TABLE OF AUTHORITIES</u>**

**Cases**                                                       **Page(s)**

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................................. 2
*overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ......................................................................................... 3

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) ................................................................. 3

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ............................................................................. 3

*Natl. Rural Telecommunications Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................... 2

*In re Rambus Inc. Derivative Litig.*,
   No. C 06-3513 JF (HRL), 2009 WL 166689 (N.D. Cal. Jan. 20, 2009) ......................... 2

Lead Plaintiff Kui Zhu ("Plaintiff") hereby respectfully submits this reply memorandum of law in further support of Plaintiff's unopposed motions for: (1) Final Approval of the Settlement and Plan of Allocation and final certification of the Settlement Class; and (2) an award of attorneys' fees of 25% of the Settlement ($425,000), reimbursement of expenses ($30,303.42), and an award to Plaintiff ($2,600). [1]

As set forth below, after a robust notice campaign, there were no objections to any aspect of the Proposed Settlement whatsoever.  This universally positive reaction of the Class provides strong support for Plaintiff's motions for Final Approval and Attorneys' Fees.    Furthermore, based on the claims administrator's preliminary calculation of estimated Recognized Losses to date, valid claimants will be made whole and will receive a recovery in excess of their Recognized Loss.

I.     THE CLAIMS ADMINISTRATOR PROVIDED NOTICE OF THE SETTLEMENT TO THOUSANDS OF POTENTIAL SETTLEMENT CLASS MEMBERS

The Claims Administrator, Strategic Claims Services ("SCS"), mailed 9,799 Postcard Notices to potential Settlement Class Members. Supplemental Declaration of Sarah Evans Concerning: (A) Mailing and Emailing of Notice; (B) Requests for Exclusion Submitted and (C) Objections Received ("Supplemental Evans Decl.") ¶3.[2] One nominee also informed SCS that it had emailed 6,799 of their customers to notify them of the Settlement, including direct links to the Notice and Claim Form on the settlement website. *Id.* ¶4.

On December 22, 2020, SCS established a website dedicated to the Settlement which included the online claim filing link and important documents including the Long Notice, Claim Form, Preliminary Approval Order, and Stipulation. Evans Supplemental Decl. ¶7. The website has received 4,921 page views to date from 2,515 unique users. *Id.*

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement ("Settlement" or "Stipulation") (Dkt. No. 67-1).

[2] The Supplemental Evans Decl. is annexed hereto as Exhibit A.

SCS has also maintained a toll-free telephone number for potential Settlement Class Members. *Id*. ¶6.

The February 26, 2021 claims filing deadline ends on the date of this filing and the February 12, 2021 deadline for objections and exclusions has passed. To date, there have been ***no requests*** for exclusion from the Settlement and ***no objections*** to the Settlement. *Id*. ¶¶9-10. To date, SCS has received 290 claims. Based on the claims administrator's preliminary calculation of estimated Recognized Losses to date, valid claimants will be made whole and will receive a recovery ***in excess of*** their Recognized Loss. *Id.* ¶10.

## II.    THE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL

### A.    The Lack of Objections or Requests for Exclusion Support Final Approval of the Settlement

At Plaintiff's Counsel's direction, the Claims Administrator carried out a thorough notice program in accordance with the Court's Preliminary Approval Order, notifying thousands of potential Settlement Class Members of the pending Settlement. Not a single investor objected to the Settlement nor requested exclusion from it. Supplemental Evans Decl. at ¶9.

The absence of any objections to the Settlement or Plan of Allocation provides further support for the motion for Final Approval of the Proposed Settlement. *Nat'l Rural Telecomm'cns Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (finally approving settlement, finding "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement."); *In re Rambus Inc. Derivative Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) (finally approving settlement, awarding attorneys' fees, finding absence of objections "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). Likewise, the absence of any requests for exclusion from the Settlement further demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

1027 (9th Cir. 1998) (affirming final approval of settlement, noting "that the overwhelming majority of the class … stayed in the class presents at least some objective positive commentary as to its fairness."), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming district court's final approval of settlement, finding that there was only one opt-out supported the district court's approval of settlement).

### B. The Lack of Objections or Requests for Exclusion Support Awarding the Requested Attorneys' Fees and Expenses and Award to Plaintiff

Similarly, a lack of objections to fee and expense requests supports the appropriateness of the award. *See, e.g., In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Here, not a single Settlement Class Member has objected to Lead Counsel's requests for an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiff. Accordingly, the Settlement Class's reaction strongly supports the fairness and reasonableness of these requests.

### CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's opening memoranda, Plaintiff respectfully requests that the Court: (1) grant Final Approval of the Proposed Settlement, (2) certify the Settlement Class, (3) approve the Plan of Allocation, (4) approve the requested attorneys' fees and expenses, and (5) approve the Plaintiff award.[3]

---

[3] An Amended Proposed Final Order and Judgment is attached hereto as Exhibit B and has been electronically filed pursuant to the Court's rules. The attached Proposed Final Order is the same as the order previously file at ECF No. 67-7 in all respects, other than the addition of a provision for fees, expenses, and an award to the Plaintiff pursuant to the terms of the PSLRA and as requested in the Motion for Attorneys' Fees, Expenses and Award to Plaintiff (ECF No. 77).

3

Dated: February 26, 2021

/s/ Matthew M. Guiney
Matthew M. Guiney (admitted *pro hac vice*)
guiney@whafh.com
Malcolm T. Brown (admitted *pro hac vice*)
brown@whafh.com
Kevin G. Cooper (admitted *pro hac vice*)
kcooper@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114

*Lead Counsel for Lead Plaintiff Kui Zhu
and the Proposed Class*


JOHNSTON FISTEL LLP
Michael I. Fistel, Jr.
michaelf@johnsonfistel.com
40 Powder Springs Street
Marietta, GA 30064
Tel: (470) 632-6000
Fax: (770) 200-3101

*Additional Counsel for Lead Plaintiff Kui Zhu*

/810488

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

/s/ Matthew M. Guiney
Matthew M. Guiney