**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kui Zhu, et al., | No. CV-19-04529-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Taronis Technologies Incorporated, et al., | |
| Defendants. | |

Before the Court are Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement and Plan of Allocation (Doc. 76) and Plaintiffs' Unopposed Motion and Memorandum in Support of Attorney's Fees, Expenses and Award to Plaintiffs, (Doc. 77). For the reasons set forth below, the Motions are granted.

**BACKGROUND**

This matter concerns an alleged fraudulent scheme to artificially inflate the market price of Taronis common stock by deceiving the investing public about the existence of a material contract between Taronis and the City of San Diego. Taronis is an energy company that offers technology solutions to create, process, and produce hydrogen-based fuel. On January 28, 2019 Taronis disclosed in an SEC filing and related press release ("Press Release") that the City of San Diego (the "City") elected to use Taronis's MagneGas2 as its fuel of choice. (Doc. 36 at 8.) Plaintiffs allege that the market price of Taronis common stock promptly increased over 25% after news of the San Diego contract was published.

However, the day after the Press Release was published, the City's Senior Public Information Officer requested that the Press Release be immediately removed. The City Officer explained, "while the product has been tested the City of San Diego does not have any procurement contract or any agreement with [Taronis] to purchase any of its products." (Doc. 36 at 15.) Plaintiffs also cite internal emails from the City stating that "[t]he [Taronis] news release . . . is incorrect. The City of San Diego does NOT have a contract with this company. . . . This is appalling that they'd get this so wrong." (Doc. 36 at 14.) Pursuant to the City's request, the Press Release was later removed from Taronis's website, but no corrective disclosure was filed with the SEC.

Plaintiffs allege that the Company's disclosure about the contract with the City of San Diego was entirely false. (Doc. 36 at 2-3.) Plaintiffs claim that Defendants knew the Press Release was false but released it to artificially inflate the common stock price. Plaintiffs allege that Defendants waited until February 12, 2019 to clarify the Press Release in an attempt to obtain compliance with NASDAQ's minimum $1.00 bid price for the required ten consecutive business days.

Plaintiffs' federal securities action is brought on behalf of all persons or entities who purchased or otherwise acquired Taronis common stock between January 28, 2019 and February 12, 2019 ("Plaintiffs") when the stock prices were allegedly artificially inflated. (Doc. 67-1 at 5.) The parties have now reached an agreement. The Court granted preliminary approval of their agreement on November 23, 2020. Plaintiffs now move for final approval of the proposed class action settlement.

## DISCUSSION

### I.   Class Certification and Settlement Approval

Courts apply "a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement at an informal hearing; (2) dissemination of mailed and/or published notice of the settlement to all affected class members; and (3) a "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning

the fairness, adequacy, and reasonableness of the settlement may be presented." *See, e.g.*, *Harris v. U.S. Physical Therapy, Inc.*, No. 2:10-CV-01508-JCM, 2012 WL 6900931, at *4 (D. Nev. Dec. 26, 2012).

Where "the parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *see* Manual for Complex Litigation (4th Ed. 2004) § 21.632. A class may not be certified unless it meets each of the four requirements of Rule 23(a), typically referred to as numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). The Court analyzed these factors in its Preliminary Approval Order and finds no reason to disturb its earlier conclusions. The requirements of Rule 23(a) and Rule 23(b)(3) were satisfied then and they remain so now. (Doc. 74 at 3–7.) Thus, certification of the Settlement Class is appropriate.

Given the proposed settlement satisfies Rules 23(a) and (b), the Court must then evaluate the fairness, reasonableness, and adequacy of the proposed settlement. Fed. R. Civ. P. 23(e)(2). In preliminarily approving the Settlement, the Court analyzed the Rule 23(e)(2) factors and concluded that the Settlement was "fair, adequate, and reasonable." (Doc. 74 at 7–8.) Those conclusions weigh equally in favor of final approval now. Adequate notice was sent to the settlement class members as required in the Order granting preliminary approval and no members objected. (Doc. 78 at 4); (Doc. 79-1). The Court has reviewed the motion for final approval (Doc. 76) and supporting documents and has heard from the parties at the final approval hearing on March 5, 2021. The Court thus finds the settlement is fair, reasonable, adequate, and in the best interests of the settlement class.

**II.     Motion for Attorneys' Fees and Costs**

"[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The common fund doctrine permits the award of reasonable attorneys' fees to be based on a percentage of the funds

awarded to the class. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). The reasonableness of an award is a function of context. *Id.* "Ordinarily, however, such fee awards range from 20 percent to 30 percent of the fund created." *Id.* ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.").

Here, the Court finds that Class Counsel is entitled to an award of reasonable attorneys' fees and expenses in connection with the approved settlement. Plaintiffs' Counsel seeks attorneys' fees for 25% of the settlement ($425,000), reimbursement for expenses of $30,303.42, and an award to Lead Plaintiff Zhu of $2,600 to be paid from the settlement.

The Court has reviewed the Motion, and the documents submitted in support thereof, including Class Counsel's itemized expenses and its affidavit regarding its fees and reimbursement. (Doc. 78.) The 25% allocation is within the range the Ninth Circuit has indicated is acceptable, *Paul, Johnson, Alston & Hunt*, 886 F.2d at 272, and the corresponding lodestar calculation also supports finding the figure reasonable. (Doc. 78 at 9) (explaining that Plaintiffs' Counsel worked a total of 619.3 hours at rates of $700, $615, $355, $475, and $335). Plaintiffs' Counsel's expense request is also reasonable in light of its itemized expenses and the fact that the figure is significantly below the $40,000 estimated in the class notice. *Id.* at 12.

Finally, Lead Plaintiff Zhu may properly receive $2,600 from the settlement. "Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). They "are discretionary and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Id.* (internal citation omitted). An award of $2,600 appropriately recognizes and compensates Plaintiff for time spent on the action without the risk of overcompensating. *See, e.g.*, *Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *6 (D. Ariz. July 25, 2019) (approving $6,000 and 2,000 awards); *Wolph v. Acer Am. Corp.*, No. C 09–01314 JSW, 2013 WL

5718440, at *6 (N.D. Cal. Oct. 21, 2013) (reducing the incentive award to $2,000 where the class representatives did not demonstrate great risk to finances or reputation in bringing the class action).

## CONCLUSION

**WHEREAS**, a class action is pending in this Court entitled *Zhu v. Taronis Technologies, Inc., et al.*, Case No. CV-19-0459-PHX-GMS (the "Action");

**WHEREAS**, (a) Lead Plaintiff Kui Zhu ("Lead Plaintiff"), on behalf of himself and the Class, and (b) defendants Robert L. Dingess, Scott Mahoney, Ermanno P. Santilli, Kevin Pollack, and William W. Staunton (collectively, the "Defendants" and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated September 24, 2020 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

**WHEREAS**, by Order dated November 23, 2020 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and accurate under Rule 23(e)(2) and (ii) would likely be able to certify the Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Class;

**WHEREAS**, the Court conducted a hearing on March 5, 2021 (the "Settlement Fairness Hearing") (Doc. 74) to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should

therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Jurisdiction – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. Incorporation of Settlement Documents – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on September 25, 2020; and (b) the Notice and the Summary Notice, both of which were filed with the Court on September 25, 2020.

3. Class Certification for Settlement Purposes – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class consisting of all persons or entities who purchased or otherwise acquired Taronis Technologies, Inc. ("Taronis") common stock between January 28, 2019 and February 12, 2019, both dates inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class by definition are: Defendants, current and former officers and directors of Taronis, members of their Immediate Families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

4. Adequacy of Representation – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff as class representative for the Class and appoints Lead Counsel as class counsel for the Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering

into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     Notice – The Court finds that the dissemination of the Postcard Notice and the publication of the Notice and Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.     Final Settlement Approval and Dismissal of Claims – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the

Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. Binding Effect – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. Releases – The Releases set forth in paragraphs 4 through 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

 a. Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person(s) claiming on their behalf, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

 b. Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and

their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person(s) claiming on their behalf, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

10. As of the Effective Date of the Settlement, each person who has given any release pursuant to the foregoing ¶ 9 shall: (i) be deemed to have agreed to a covenant not to sue corresponding to the release given by such person; and (ii) shall be permanently enjoined from prosecuting any claim that such person has released.

11. The Court (and in particular the Honorable G. Murray Snow, if available, and otherwise any other duly assigned Judge presiding in the Court) shall retain full, complete, and exclusive authority to interpret and enforce the permanent injunction set forth in the foregoing paragraph, and Lead Plaintiff and all Class Members expressly waive all rights to seek any adjudication concerning the permanent injunction in any forum other than the Court.

12. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. Rule 11 Findings – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. No Admissions – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection

with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    a.    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    b.    shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

    c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the

Settlement.

15. Retention of Jurisdiction – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Fund; and (c) the Class Members for all matters relating to the Action.

16. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Plaintiff's Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

17. Plaintiff's Counsel are hereby awarded $425,000, 25% of the Settlement Amount in fees, together with interest thereon, which the Court finds to be fair and reasonable, and $30,303.42 in reimbursement of out-of-pocket expenses. The Lead Plaintiff is hereby awarded $2,600, which the Court finds to be fair and reasonable. Defendants and the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, Lead Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

18. Modification of the Agreement of Settlement – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19. Termination of Settlement – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect,

except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

20. Entry of Final Judgment – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

Dated this 8th day of March, 2021.

_____
G. Murray Snow
Chief United States District Judge