Matthew M. Guiney (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel:  (212) 545-4600
Fax:  (212) 686-0114
guiney@whafh.com

*Lead Counsel for Lead Plaintiff Kui Zhu*
*and the Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

KUI ZHU, *et al.*,

           Plaintiffs,

     v.

TARONIS TECHNOLOGIES, INC.,
*et al.*,

        Defendants.

Case No.  CV-19-04529-PHX-GMS

**PLAINTIFF'S UNOPPOSED MOTION**
**AND MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF**
**DISTRIBUTION OF CLASS**
**SETTLEMENT FUND**

## I.    STATEMENT OF FACTS

This action has been settled pursuant to the terms of the Settlement Agreement and Release filed with the Court on September 25, 2020 (the "Stipulation").   Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation.

On November 23, 2020, the Court entered the Order Preliminarily Approving Proposed Settlement (the "Preliminary Approval Order").  On March 9, 2021, the Court entered the Final Order and Judgment Approving Class Action Settlement.

The court-appointed Claims Administrator, Strategic Claims Services ("SCS") advised Plaintiffs' Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible.  *See* Declaration of Sarah Evans Concerning the Results of the Claims Administration Process ("Evans Declaration") attached as Exhibit 1 hereto.  All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants.  Plaintiffs' Counsel therefore requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibit B to the Evans Declaration.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit Proofs of Claim and Release Forms ("Claim Forms") postmarked no later than February 26, 2021.  Preliminary Approval Order, ¶ 10.  As a result of an effective notice program, SCS has received 543 Claim Forms in total. SCS reviewed all Claim Forms it has received and has now finalized its determination of which claims are authorized and which are ineligible.  Evans Declaration at Exhibit A.

### A.    Valid and Properly Documented Claims

SCS analyzed the Claim Forms it received and determined that 157 valid and properly documented claims were received.  Evans Declaration, Exhibit A.   These valid claims represented Recognized Losses of $625,327.13.  Evans Declaration, ¶ 5(a).  Plaintiffs request that the Court accept all 157 valid claims that were submitted, representing both timely and untimely claims.  *Id*. Accordingly, Plaintiffs respectfully request that the Court approve the 157 properly documented claims as listed in Exhibit B to the Evans Declaration.

**B.    Deficient and Ineligible Claims**

**1.    Inadequately Documented Claims**

SCS initially identified 51 inadequately documented claims.  Evans Declaration, ¶ 5(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency.  *Id.; see also id.*, Exhibit C. Of the 51 claims initially identified as deficient, 15 have been successfully cured and are now considered valid, 11 deficient claimants remain inadequately documented from the *Springer* Action settlement, and the remaining 36 deficient claimants either did not respond to the deficiency notice or responded with insufficient documentation and were sent rejection notices setting forth the reasons for the rejection.  *Id.*, ¶ 5(b); *see also id.*, Exhibit D.  To date, none of the 36 rejected claimants have objected to or contested SCS's determination. *Id.*, ¶ 5(b).

**2.    Claims Rejected for Reasons Other Than Inadequate Documentation**

SCS has identified 350 claims that it recommends for complete rejection.  Evans Declaration, ¶ 5(c); *see also id.*, Exhibit E. The reasons for rejection included: (i) claims with no Recognized Losses; (ii) duplicate claims; (iii) claims with shares that were received or transferred into an account, but not purchased; and (iv) claims with shares sold short.  *Id.*, ¶ 5(c). To date, none of the ineligible claimants has contested or objected to their rejection. *Id.*, ¶ 5(c).

**III.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND**

Pursuant to paragraph 24 of the Stipulation, "The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Settlement Fund to Authorized Claimants."  Plaintiffs' Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 147 claims have been accepted as set forth in Exhibit B of the Evans Declaration, in proportion to their Recognized Losses as shown therein.

According to the Notice:

> If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any

- 2 -

amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Consumer Federation of America ("CFA"), a national non-profit consumer advocacy organization for investor protection.

Notice at p. 4.

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Unopposed Motion for Distribution of Class Settlement Fund submitted herewith. Attached hereto as Exhibit 2.

Dated: November 12, 2021

/s/ Matthew M. Guiney
Matthew M. Guiney (*pro hac vice*)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
guiney@whafh.com

*Lead Counsel for Lead Plaintiff Kui Zhu and the Class*

Michael I. Fistel, Jr.
JOHNSTON FISTEL LLP
40 Powder Springs Street
Marietta, GA 30064
Tel: (470) 632-6000
Fax: (770) 200-3101
michaelf@johnsonfistel.com

*Additional Counsel for Lead Plaintiff Kui Zhu*